Michael W.L. McCrory
Principal Assistant City Attorney
Michelle Saavedra
Senior Assistant City Attorney for
MICHAEL G. RANKIN
City Attorney
P.O. Box 27210
Tucson, AZ 85726-7210
michael.mccrory@tucsonaz.gov
Pima County Bar Computer No. 37268
State Bar Computer No. 3899
Michelle.Saavedra@tucsonaz.gov
Pima County Bar Computer No. 66163
State Bar Computer No. 25728
Telephone: (520) 791-4221
Fax: (520) 791-4188
Attorneys for: Defendant City of Tucson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK, | 4:14-CV-02543-TUC-CKJ |
| Plaintiff, | |
| vs. | **ANSWER** |
| CITY OF TUCSON, | |
| Defendant. | (Hon. Judge Jorgenson) |

DEFENDANT City of Tucson answers as follows (each numbered answer corresponds with Plaintiff's paragraphs):

**PARTIES, JURISDICTION AND VENUE**

1. Upon information and belief, admits Plaintiff is a resident of Pima County, Arizona.

2. Admits that the City of Tucson is an incorporated municipality situated in Pima County.

{A0072743.DOC/}

3. Admits and alleges Defendant City of Tucson complied with the provisions set forth in the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e *et seq.* (Title VII), and the Arizona Civil Rights Act (ACRA), A.R.S. § 41-1461(6)(a).

4. Admits.

5. Admits and alleges this court has original jurisdiction over Plaintiff's federal claims, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367.

6. Admits and alleges the United States District Court, District of Arizona, in Tucson, AZ is the proper venue.

7. Denies and alleges Defendant is not liable to Plaintiff for any cause of action alleged in her Complaint and Defendant did not cause Plaintiff to suffer any injuries or damages.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Admits that on or about July 31, 2013, Plaintiff filed a written charge of sex discrimination with the Arizona Attorney General's Office, Civil Rights Division, pursuant to the Arizona Civil Rights Act, § 41-1481(A).  Defendant also alleges that on or about April 21, 2014, based upon its investigation, the Office of the Attorney General, Civil Rights Division dismissed Plaintiff's case concluding the evidence obtained did not establish any violation of statute(s) on the part of the City of Tucson.  A Notice of Right to Sue letter was issued to Plaintiff on April 24, 2014.

9. Admits.

**GENERAL ALLEGATIONS**

10. Admits.

11.     Admits at the time Plaintiff filed her Complaint she was a Paramedic with the Tucson Fire Department ("TFD") and alleges Plaintiff applied for and was selected for the position of Fire Prevention Inspector for TFD effective August 10, 2014.

12.     Upon information and belief, admits Plaintiff gave birth to her son on July 19, 2012, and she returned to work on October 27, 2012.

13.     Admits when Plaintiff returned to work she returned to her assignment as a Swing Paramedic on "C" Shift, which means she continued to be assigned to work at different stations depending on TFD's needs.  Defendant also alleges that Plaintiff provided TFD with a list of requested stations to be assigned and TFD worked off of that list when scheduling Plaintiff.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of some of the material allegations contained in paragraph 14 of Plaintiff's Complaint and, therefore, denies the same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 24 of Plaintiff's Complaint and, therefore, denies the same.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 25 of Plaintiff's Complaint and, therefore, denies the same.

26. Admits that on or about November 9, 2012, Plaintiff submitted a request to be temporarily assigned to TFD Station 12. Defendant also alleges that one of the reasons for Plaintiff's request was that Station 12 was closer to her mother, which made it easier for her mother to pick up expressed milk to feed her son during her work shifts. Defendant is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in paragraph 26 of Plaintiff's Complaint and, therefore, denies the same.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 27 of Plaintiff's Complaint and, therefore, denies the same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 28 of Plaintiff's Complaint and, therefore, denies the same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 29 of Plaintiff's Complaint and, therefore, denies the same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 30 of Plaintiff's Complaint and, therefore, denies the same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 31 of Plaintiff's Complaint and, therefore, denies the same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 32 of Plaintiff's Complaint and, therefore, denies the same.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 33 of Plaintiff's Complaint and, therefore, denies the same.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 34 of Plaintiff's Complaint and, therefore, denies the same.

35. Admits on January 7, 2013, Martina Macias, Senior Equal Opportunity Specialist at the City of Tucson's Office of Equal Opportunity Programs ("OEOP") conducted an intake interview of Plaintiff. Defendant alleges that at that time, Plaintiff described her version of what occurred with her request to be assigned to Station 12. Defendant also alleges Plaintiff was not subjected to any discrimination.

36. Defendant denies that Ms. Macias told Plaintiff she had a valid claim. Defendant alleges Ms. Macias told Plaintiff she could file a complaint with OEOP and also told her she could fax the complaint in if she was unable to drop it off at their office. Plaintiff chose not to file a complaint with OEOP.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 37 of Plaintiff's Complaint and, therefore, denies the same.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 38 of Plaintiff's Complaint and, therefore, denies the same.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 39 of Plaintiff's Complaint and, therefore, denies the same.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 40 of Plaintiff's Complaint and, therefore, denies the same.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 41 of Plaintiff's Complaint and, therefore, denies the same.

1  42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 42 of Plaintiff's Complaint and, therefore, denies the same.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 43 of Plaintiff's Complaint and, therefore, denies the same.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 44 of Plaintiff's Complaint and, therefore, denies the same.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 45 of Plaintiff's Complaint and, therefore, denies the same.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 46 of Plaintiff's Complaint and, therefore, denies the same.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 47 of Plaintiff's Complaint and, therefore, denies the same.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 48 of Plaintiff's Complaint and, therefore, denies the same.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 49 of Plaintiff's Complaint and, therefore, denies the same.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 50 of Plaintiff's Complaint and, therefore, denies the same.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 51 of Plaintiff's Complaint and, therefore, denies the same.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 52 of Plaintiff's Complaint and, therefore, denies the same.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 53 of Plaintiff's Complaint and, therefore, denies the same.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 54 of Plaintiff's Complaint and, therefore, denies the same.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 55 of Plaintiff's Complaint and, therefore, denies the same.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 56 of Plaintiff's Complaint and, therefore, denies the same.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 57 of Plaintiff's Complaint and, therefore, denies the same.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 58 of Plaintiff's Complaint and, therefore, denies the same.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 59 of Plaintiff's Complaint and, therefore, denies the same.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 60 of Plaintiff's Complaint and, therefore, denies the same.

61. Admits on or about July 19, 2013, TFD issued a new nursing room policy. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraph 61 of Plaintiff's Complaint and, therefore, denies the same.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 62 of Plaintiff's Complaint and, therefore, denies the same.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 63 of Plaintiff's Complaint and, therefore, denies the same.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 64 of Plaintiff's Complaint and, therefore, denies the same.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 65 of Plaintiff's Complaint and, therefore, denies the same.

66. Upon information and belief, admits that on July 31, 2013, Plaintiff filed a written charge of discrimination with the Arizona Attorney General's Office, Civil Rights Division pursuant to the Arizona Civil Rights Act, § 41-1481(A).

67. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 67 of Plaintiff's Complaint and, therefore, denies the same.

68. Admits.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 69 of Plaintiff's Complaint and, therefore, denies the same.

70. Admits that on or about May 22, 2014, Plaintiff filed a notice of claim alleging she had experienced sex discrimination and retaliation since returning to work in late October 2012.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 71 of Plaintiff's Complaint and, therefore, denies the same.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 72 of Plaintiff's Complaint and, therefore, denies the same.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 73 of Plaintiff's Complaint and, therefore, denies the same.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 74 of Plaintiff's Complaint and, therefore, denies the same.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 75 of Plaintiff's Complaint and, therefore, denies the same.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 76 of Plaintiff's Complaint and, therefore, denies the same.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 77 of Plaintiff's Complaint and, therefore, denies the same.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 78 of Plaintiff's Complaint and, therefore, denies the same.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 79 of Plaintiff's Complaint and, therefore, denies the same.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 80 of Plaintiff's Complaint and, therefore, denies the same.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 81 of Plaintiff's Complaint and, therefore, denies the same.

82. Denies.

83. Denies.

///

///

///

## COUNT ONE

### (Sex Discrimination/Retaliation in Violation of the Fair Labor Standards Act, U.S.C. § 207(r) and § 215)

84. Defendant hereby incorporates by reference the assertions and allegations contained in paragraphs 1-83 above as though fully set forth herein.

85. Paragraph 85 is a legal conclusion and no response is necessary from Defendant.

86. Denies.

87. Denies.

88. Denies.

89. Denies.

90. Denies.

91. Denies that Defendant violated any constitutional, statutory, common law, or other right of the Plaintiff and, therefore, denies that Plaintiff was damaged in any way by Defendant.

## COUNT TWO

### (Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as Amended)

92. Defendant hereby incorporates by reference the assertions and allegations contained in paragraphs 1-91 above as though fully set forth herein.

93. Admits that the City of Tucson is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e *et seq.* (Title VII).

94. Denies.

95. Denies.

96. Denies that Defendant violated any constitutional, statutory, common law, or other right of the Plaintiff and, therefore, denies that Plaintiff was damaged in any way by Defendant.

## COUNT THREE

### (Sex Discrimination/Hostile Work Environment in Violation of the Arizona Civil Rights Act, § 41-1463(B)(1))

97. Defendant hereby incorporates by reference the assertions and allegations contained in paragraphs 1-96 above as though fully set forth herein.

98. Denies.

99. Paragraph 99 is a legal conclusion and no response is necessary from Defendant.

100. Denies.

101. Denies that Defendant violated any constitutional, statutory, common law, or other right of the Plaintiff and, therefore, denies that Plaintiff was damaged in any way by Defendant.

## COUNT FOUR

### (Retaliation in Violation of the Arizona Civil Rights Act, A.R.S. § 41-1464(A))

102. Defendant hereby incorporates by reference the assertions and allegations contained in paragraphs 1-101 above as though fully set forth herein.

103. Paragraph 103 is a legal conclusion and no response is necessary from Defendant.

104. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 104 of Plaintiff's Complaint and, therefore, denies the same.

105. Denies.

106. Denies that Defendant violated any constitutional, statutory, common law, or other right of the Plaintiff and, therefore, denies that Plaintiff was damaged in any way by Defendant.

107. Defendant denies any allegation not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

Defendant affirmatively alleges that:

108. Alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

109. Alleges Plaintiff was not subjected to any adverse employment action.

110. Alleges Defendant exercises reasonable care in preventing and/or correcting any alleged sex discrimination, and Plaintiff failed to take advantage of the corrective or preventative opportunities provided to her as a City employee. Thus, Defendant is protected under the *Ellerth-Faragher* defense for Plaintiff's state and federal claims. *Burlington Industries v. Ellerth,* 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

111. Alleges Plaintiff Carrie Clark did not mitigate or may not have mitigated her damages which may have been incurred as she alleges in her Complaint.

112. Alleges that Defendant is without knowledge or information sufficient to form a belief as to all the affirmative defenses that may become available as discovery progresses. Therefore, Defendant asserts all the affirmative defenses available pursuant to Federal Rules of Civil Procedure, Rules 8 and 12, A.R.S. § 12-820, *et seq.*, A.R.S. § 12-821, *et seq.*, A.R.S. § 41-1463, *et seq.*and any other defenses raised by discovery, as if such defenses were set forth specifically herein.

///

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests that the Court:

A. Dismiss Plaintiff's Complaint for failure to state a claim for which relief may be granted;

B. Determine that Plaintiff take nothing by same;

C. Award Defendant its costs of litigation, including a reasonable attorney's fee;

D. Grant such other and further relief as the Court deems just and proper.

DATED December 9, 2014

    MICHAEL G. RANKIN
    City Attorney

    By    s/Michelle Saavedra
        Michelle Saavedra
        Michael W.L. McCrory
        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on <u>December 9, 2014</u>, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jeffrey H. Jacobson
JACOBSON LAW FIRM
2730 East Broadway Blvd., Suite 160
Tucson, AZ 85716
    *Attorney for Plaintiff*

By B. Munguia

{A0072743.DOC/}/Office of the City Attorney
P.O. Box 27210
Tucson, AZ 85726
(520) 791-4221      -15-