# Exhibit 1

Michelle Saavedra, SBN 25728
Michael W.L. McCrory, SBN 3899
Principal Assistant City Attorneys for
Michael G. Rankin
CITY ATTORNEY

P.O. Box 27210
Tucson, AZ  85726-7210
Michelle.Saavedra@tucsonaz.gov
Michael.McCrory@tucsonaz.gov
Telephone:  (520) 791-4221
Fax:  (520) 791-4188
*Attorneys for Defendant City of Tucson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>Defendant. | 4:14-CV-02543-TUC-CKJ<br><br>**Affidavit of<br>Matthew Larsen**<br><br>(Hon. Cindy Jorgenson) |

**AFFIDAVIT OF MATTHEW LARSEN**

STATE OF ARIZONA    )
                    )  ss:
County of Pima      )

1. I am currently employed in the Equal Opportunities Program Division ("EOPD") of the Human Resources Department of the City of Tucson. That office implements and enforces equity policies for the City of Tucson,

{A0091003.DOC/}1

including providing internal investigation of employee complaints regarding wrongful conduct, discrimination or harassment.

2. As part of my duties for the Human Resources Department, in 2015, I conducted a wrongful conduct investigation on behalf of the City's Equal Opportunities Program Division (EOPD) of a complaint filed by Carrie Clark, a fire inspector with the Tucson Fire Department's (TFD) Fire Prevention Division concerning her allegations against Jeff Langejans and allegations of hostile work environment within the Fire Prevention Division of TFD.

3. The interviews for the investigation have been completed but the report and recommendations have not yet been finalized.

4. The EOPD investigation includes a list of 33 employees of the TFD who were interviewed in the course of the investigation. I have been provided the Plaintiff's Initial Disclosure Statement Pursuant to Discovery Protocols for Certain Employment Cases in the above captioned case which lists 21 individuals who may have knowledge of the facts in the above captioned case. That list is attached as Exhibit A. I have compared the two lists. Both lists include Gordon and Carrie Clark. There is only one other name on both lists, Ken Brouillette who is the Fire Code Administrator. All other names appear only on one list or the other.

*Matthew R. Larsen* (signature)
Matthew Larsen

THE FOREGOING was subscribed and sworn before me on the 13 day of July, 2015 by Matthew Larsen

*Echo Ramirez* (signature)
NOTARY PUBLIC

ECHO RAMIREZ
Notary Public - Arizona
Pima County
Expires 11/30/2018

{A0091003.DOC/}2

# Exhibit A

**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, PCC #65402; SB#019502
Attorney for Plaintiff

RECEIVED
OFFICE OF CITY ATTORNEY

MAY 27 2015

CIVIL DIV.
TUCSON, ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>Defendant. | No. CV-14-02543-TUC-CKJ<br><br>**PLAINTIFF'S INITIAL DISCLOSURE STATEMENT PURSUANT TO DISCOVERY PROTOCOLS FOR CERTAIN EMPLOYMENT CASES** |

Pursuant to the Court's May 11, 2015, Order adopting the Initial Employment Case Discovery Protocols for Employment Cases Alleging Adverse Action in this case, Plaintiff, through undersigned counsel, makes her initial disclosure as follows:

**A.     Documents that Plaintiff must produce to Defendant:**

1)     Emails produced in response to Plaintiff's public records request to City of Tucson;

2)     CD containing the following:

- City of Tucson Administrative Directives;

- Tucson Fire Fighters Association (TFFA) and City of Tucson Labor Agreement effective July 1, 2010;

- Materials relating to filing a complaint pursuant to City of Tucson Code, Chapter 17;

- City of Tucson Civil Service Commission Rules and Regulations;

1

- Excerpts of the Tucson City Charter Chapter XXII and Tucson City Code Chapter 10 Pertinent to Civil Service;
- City of Tucson Code of Ethics and Rules of Conduct;
- Agreement between City of Tucson and International Association of Firefighters, Local 479 effective July 1, 2009 through June 30, 2012;
- Agreement between City of Tucson and International Association of Firefighters, Local 479 effective July 1, 2006 through June 30, 2009;
- Excerpts from Tucson Fire Department Manual of Operations;

3)   News articles and blog posts regarding Plaintiff's lawsuit.

**B.   Identify persons the Plaintiff believes to have knowledge of the facts concerning the claims at issue in this lawsuit, and a brief description of that knowledge:**

For all of the following disclosures pursuant to Section B, Plaintiff reserves the right to supplement these disclosures as discovery is ongoing.

1)   Plaintiff Carrie Clark. Plaintiff has knowledge of TFD's discrimination against her by its failure and refusal to provide her with a suitable private lactation room, the hostile work environment created, and the retaliation taken against her.

2)   Gordon Clark, Plaintiff's husband and a Fire Caption with TFD. Clark is aware of TFD's refusal and failure to provide Plaintiff with a suitable lactation room, the hostile work environment to which Plaintiff was subjected, and the subsequent retaliation against Plaintiff.

3)   Marty Macias, an investigator in the City's Office of Equal Opportunity Programs (OEOP). Ms. Macias met with Plaintiff in January 2013 to discuss the discrimination to which Plaintiff was being subjected.

4)   Sloan Tamietti, Union representative. On March 26, 2012, Tamietti accompanied Plaintiff to a meeting with Deputy Chief Rodriguez, Assistant Chief Fischback and Deputy Chief Nied at which she was given a letter of reprimand for a comment she had made when she was assigned to a station that did not have a suitable lactation room.

5)   Paul McDonough. Battalion Chief (BC) Paul McDonough was aware of Plaintiff's need for a private lactation room while on duty, and discussed with Plaintiff having her work from Station 20 so as not to displace other employees and to bring as little attention to her situation as possible. BC McDonough was aware that Plaintiff would be filling a temporary position at Station 20.

2

6) Jeff Todd, a paramedic who was assigned to Station 12. Todd requested a permanent transfer to Station 20 in part to assist Plaintiff in her request to transfer to Station 12, which had a private lactation room. Todd's transfer to Station 20 was denied, although he was allowed to transfer to a swing shift position. His position at Station 12 was then put out for bid rather than being given to Plaintiff.

7) Arianne Phaneuf. Firefighter Phaneuf was also a nursing mother who was assigned to Station 12 because it had an appropriate lactation room at the same time that Plaintiff requested assignment to Station 12.

8) Tim Nofs. BC Nofs was aware of the retaliation directed against Plaintiff when Capt. Ted McDonough singled Plaintiff out and instructed her to perform firefighting drills that none of the other members of her crew were required to perform while Plaintiff was on light duty.

9) Veronica Munoz. Ms. Munoz is an HR assistant and witnessed the disparate treatment that Plaintiff was subjected to while assigned to light duty, including docking hours from Plaintiff's vacation time for exercising, requiring Plaintiff to produce a doctor's permission to exercise, and disallowing flex time.

10) Brian Stevens. BC Brian Stevens received an email from Paramedic Todd formally requesting a transfer from Station 12 to fill the vacancy at Station 20. BC Stevens and Deputy Chief (DC) Ed Nied met with TFD's Human Resources Manager Joann Acedo regarding Todd's transfer request to Station 20, which request was denied.

11) Ed Nied. DC Nied met with Plaintiff, BC McDonough and DC Rodriguez regarding Plaintiff's request to remain at Station 12. Plaintiff attempted to explain her situation but was met with insensitive and inappropriate questions from DCs Nied and Rodriguez. Following the meeting, Plaintiff was advised that she would remain at Station 12 for only five additional days.

12) Joann Acedo. Ms. Acedo is the HR Manager and has knowledge of the policies and procedures as they relate to employees of the Tucson Fire Department and the City of Tucson.

On March 20, 2013, HR Manager Acedo met with Plaintiff, DC Rodriguez and AC Fischback to discuss Plaintiff's assignment to Station 9 which did not have an appropriate lactation room. Both DC Rodriguez and AC Fischback agreed that Station 9 was not an acceptable location for pumping breast milk.

After Plaintiff went on light duty status prior to the birth of her second child, Acedo advised Plaintiff that she was not allowed to exercise without a doctor's note and that she

3

was not allowed to begin work before 7:00 a.m. Acedo directed that Plaintiff be docked several hours for vacation time without Plaintiff's knowledge or consent. At a meeting between Ken Brouillette, AC Gulotta and HR Manager Acedo, it was decided that Plaintiff would be allowed to exercise, but only at Station 1. They also decided that Plaintiff would not be allowed to flex her time and that her schedule would be 7:00 a.m. to 5:30 p.m. every day.

13) Rob Rodriguez. DC Rob Rodriguez met with Plaintiff, HR Manager Acedo and Assistant Chief (AC) Fischback on March 20, 2013, to discuss Plaintiff's assignment to Station 9, which did not have an appropriate lactation room.

14) Rick L'Heureaux. Fire Capt. L'Heureaux was TFD's scheduler. When approached by Capt. Gordon Clark about assigning Plaintiff to Station 12, he responded, "I don't think she deserves any special accommodations."

15) Mike Fischback. AC Fischback met with Plaintiff, HR Manager Acedo and DC Rodriguez on March 20, 2013, to discuss Plaintiff's assignment to Station 9, which did not have an appropriate lactation room. AC Fischback then advised Plaintiff that until August 2013, when her son would turn one year old, she would be assigned to work exclusively at Station 6 because the other TFD stations did not have conforming lactation rooms

16) James Sieminski. Capt. Sieminski made inappropriate and disparaging comments to Plaintiff about her use of a room as a "nursing room."

17) Nate Webber. Capt. Webber overheard Capt. Sieminski make inappropriate and disparaging comments in front of Plaintiff regarding her use of a room as a "nursing room."

18) Brad Olson. In August 2013, during her first shift at Station 6 after her son's first birthday, Plaintiff received a call from HR Manager Acedo, advising Plaintiff that her time at Station 6 was up and that if she wanted more time she needed to formally request it through a memorandum. In a subsequent meeting with Plaintiff, AC Brad Olson permanently assigned Plaintiff to Station 6.

19) Ted McDonough. Capt. McDonough has knowledge of a May 22, 2014, incident in which he singled Plaintiff out and instructed her to perform firefighting drills, while Plaintiff was on light duty, that none of the other present firefighters were required to perform.

20) Ken Brouillette. Plaintiff's supervisor when Plaintiff was assigned to light duty in the Fire Prevention Division. Brouillette was aware of Plaintiff's 10-hour shift beginning at 6:00 a.m. Brouillette was present at a meeting on June 19, 2014, at which it was decided that Plaintiff would be allowed to exercise, but only at Station 1, that she

would not be allowed to flex her time and that her schedule would be 7:00 a.m. to 5:30 p.m. every day.

    21) Joe Gulotta. AC Gulotta was present at a meeting with Brouillette and HR Manager Acedo, amongst others, at which it decided that Plaintiff would be allowed to exercise, but only at Station 1, that she would not be allowed to flex her time and that her schedule would be 7:00 a.m. to 5:30 p.m. every day.

**C.**    **Describe the categories of damages the Plaintiff claims:**

    1)    Compensatory damages;

    2)    Punitive damages; and

    3)    Attorney's fees and costs.

**D.**    **State whether Plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action, whether any application has been granted, and the nature of the award, if any:**

No.

DATED this 26th day of May, 2015.

**JACOBSON LAW FIRM**

*/s/ Jeffrey H. Jacobson*
Jeffrey H. Jacobson
Attorney for Plaintiff

Original emailed/mailed this 26th day of May, 2015, to:

Michelle Saavedra
Principal Assistant City Attorney
Office of the City Attorney, Civil Division
255 W. Alameda, 7th Floor
Tucson, Arizona 85701

*Kate Manns*
Kate Manns

5