IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Ferrara Clark,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>City of Tucson,<br><br>　　　　　　Defendant. | No. CV-14-02543-TUC-CKJ<br><br>**ORDER** |

　　　　Plaintiff seeks to file an amended complaint, and Defendant opposes the motion. (Docs. 13, 15.)

　　　　The Court will grant the motion and direct Plaintiff to file the First Amended Complaint within 5 days of the Order.

**I.　　Background**

　　　　Plaintiff's Complaint alleges violations of federal and state employment protections by Defendant City of Tucson (City) and the Tucson Fire Department (TFD). On December 8, 2014, Defendant removed Plaintiff's case, which had been filed in the Pima County Superior Court. (Doc 1.) Defendant filed an answer on December 9, 2014 (Doc. 3.) Pursuant to the Court's scheduling Order of May 22, 2015, the parties were granted until June 26, 2015, to move to join additional parties or to amend their pleadings. (Doc. 8.)

　　　　The Complaint alleges violations of federal and state employment protections in 2012 at a time when Plaintiff was a paramedic with TFD. Plaintiff was promoted to the

position of Fire Inspector with the TFD. Her proposed amended complaint alleges new claims of retaliation under the Arizona Civil Rights Act, Ariz. Rev. Stat. § 41-14649A, beginning in July 2014 after Plaintiff was promoted. Plaintiff also requests, for the first time, a jury trial.

Defendant opposes the Motion to Amend on the ground that there is no relation between the new allegations and those in the proposed amended complaint. Defendant further argues that although Plaintiff also seeks a jury trial in the proposed amended complaint, she waived her right to a jury trial for those factual allegations in the original complaint. Defendant concludes that a jury would only hear the new factual allegations in the amended complaint, which would result in conducting two separate trials within one case if leave is granted.

**II.   Legal Standard**

Rule 15 of the Federal Rules of Civil Procedure addresses amended and supplemental pleadings as follows:

> (a) Amendments Before Trial.
>     (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>         (A) 21 days after serving it, or
>         (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>     (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> . . .
>
> (d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

The Rule allows an amended pleading to allege relevant facts occurring after the filing of the original pleading. Fed.R.Civ.P. 15(d); *Keith v. Volpe*, 858 F.2d 467, 468 (9th Cir.1988).

A supplemental pleading is for the purpose of "judicial economy and convenience," and such supplemental pleadings are favored. *Keith*, 858 F.2d at 473. "[T]he fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches." *Id.* at 474. The purpose of a supplemental complaint is to "promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc*., 668 F.2d 1014, 1057 (9th Cir. 1981).

Moreover, Rule 15(d) does not contain a "transactional" test; that is, the new allegations need not "arise out of the same transaction or occurrence" nor involve "common questions of law or fact." *Keith*, 858 F.2d at 474. "While some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Id.* In addition to satisfying the minimal requirement of "some relationship," a supplemental pleading will not be allowed if doing so would be unjust to defendants. In this regard, the standard is the same as the one under Rule 15(a). *See Glatt v. Chicago Park Dist*., 87 F.3d 190, 194 (7th Cir. 1996). In *Glatt*, the court declined to permit amendment where the amendment was 16 months after the complaint and 12 months after the plaintiff knew of the relevant facts.

In determining whether an amended pleading should be permitted, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether Plaintiff had previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The party opposing amendment bears the burden of showing that these factors are present. *DCD Programs, Ltd. v. Leighton*, 833

F.2d 183, 187 (9th Cir. 1987). Prejudice to the opposing party is the most important of these factors. *See Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (*per curiam*).

### III.   Analysis

Defendant argues that although leave to file supplemental complaints that are related to the original complaint are favored, *Keith*, 858 F.2d 467, a supplemental complaint may not be used to introduce a separate, distinct and new cause of action. (Doc. 15 at 4, citing *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).) Defendant contends that if the motion is granted, the case will be substantially broadened to include essentially two cases, which will not promote judicial economy; instead, it will "increase the complexity and confusion of issues without any reduction in witnesses, discovery or trial." (Doc. 15 at 4.) Defendant asserts that Plaintiff has listed 21 TFD employees as potential witnesses for the complaint, and the proposed amended complaint would add an additional 33 witnesses on the new factual allegations. Other than Plaintiff and her husband, only one independent witness is listed in both cases. (*Id.*, Ex. 1.) Essentially, none of the witnesses to events in the original complaint can testify regarding allegations in the proposed amended complaint and vice versa.

Defendant also argues that although the proposed amended complaint alleges that proposed new Defendant Capt. Langejans became aware of Plaintiff's prior discrimination complaint and "enjoyed reading negative comments posted about Plaintiff" (PAC ¶93-95), there is no allegation that Langejans was in any way involved in those prior events and that the crux of the new claim is that Langejans believed that Plaintiff's husband provided her with answers to the promotional test thereby allowing her to rank first on the test. (Doc. 15 at 4, PAC ¶88-89.) Defendant claims the new facts are unrelated to Plaintiff's gender or her prior complaints and the proposed amended complaint provides no factual basis for the allegations that Langejans was motivated by her gender or the prior complaint.

1    Defendant further contends that the proposed amended complaint seeks to add a
2 demand for a jury trial. (Doc. 15 at 5.)  Federal Rule of Civil Procedure 38 requires that a
3 party file a demand for a jury trial within 14 days after service of the "last pleading
4 directed to such issue" and that failure to do so is a waiver of that party's right to a jury
5 trial. *See* Fed.R.Civ.P. 38(b), (d). The complaint did not demand a jury, and there was no
6 separate demand for a jury trial following the Defendant's answer. Defendant argues that
7 Plaintiff thus waived her right to a jury trial on the allegations in the complaint.

8    Plaintiff replies that the facts in the proposed amended complaint show that in or
9 around June or July 2014, Plaintiff competed for a position in the Fire Prevention
10 Division and was promoted to the position of Fire Inspector. Within a month, Capt. Jeff
11 Langejans, a Captain in the Fire Prevention Division, became aware of Plaintiff's
12 discrimination complaint against TFD. Langejans told one of Plaintiff's co-workers to
13 look up articles about the lawsuit and read the comments. Plaintiff alleges that Langejans'
14 hostility towards Plaintiff included spreading rumors that Plaintiff and her husband were
15 having marital problems, stating that TFD should have anticipated a complaint such as
16 Plaintiff filed "the day they started hiring females, " and stating, regarding Plaintiff and
17 her husband, that "it would be very easy to kill his enemies and get away with it."  After
18 Plaintiff returned to work in November 2014 following the birth of her second child,
19 Plaintiff's co-workers advised her of the derogatory and discriminatory comments
20 Langejans had made about her in her absence and that he continued to make.  This
21 created an intimidating and hostile work environment continuing to this day.  Plaintiff
22 alleges that TFD has failed or refused to address her complaints, although Plaintiff and
23 others in the Fire Protection Division complained to TFD management all the way up to
24 the Fire Chief.  Further, TFD's failure to act upon Plaintiff's complaints against
25 Langejans was in retaliation for Plaintiff's lawsuit against TFD for violating federal law.

26    Plaintiff argues that the original dispute has not been resolved and is, in fact,
27 ongoing. The parties are the same and all of the involved employees, are employed by
28 Defendant.  Defendant is legally responsible for the acts and/or omissions giving rise to

all of the causes of action in this case. She asserts there is a clear factual relationship between the claims in her Complaint and her proposed Amended Complaint.

The Court agrees with Plaintiff. The Court finds a sufficient factual relationship between the claims for discrimination raised in the Complaint and the alleged retaliation asserted in the proposed Amended Complaint.  Plaintiff brought her Motion within the time period set at the Rule 16 Scheduling conference, and it is her first motion to amend. The new facts allege, inter alia, retaliation for filing the initial agency complaint and this lawsuit. There is no evidence of bad faith or undue delay. Nor does any asserted prejudice to Defendant outweigh the need to promote the "complete adjudication of the dispute between the parties." *See William Inglis & Sons Baking Co.*, 668 F.2d 1057.

As for Defendant's argument regarding the jury demand, the Court declines to transform Plaintiff's Motion to Amend the Complaint into Defendant's Motion to Strike the request for a jury.  Moreover, Federal Rule of Civil Procedure 38(c) contemplates the notion that some issues may be tried by a jury and others tried by the court.  This is without prejudice to Defendant filing a proper motion.

**IT IS ORDERED**:

(1) Plaintiff's Motion to Amend Complaint (Doc. 13) is **granted**.

(2) Within 5 days of the date of this Order, Plaintiff must file her Amended Complaint.

Dated this 10th day of August, 2015.

_____
Cindy K. Jorgenson
United States District Judge