Michelle Saavedra, SBN 25728
Michael W.L. McCrory, SBN 3899
Principal Assistant City Attorneys for
Michael G. Rankin
CITY ATTORNEY
P.O. Box 27210
Tucson, AZ  85726-7210
Michelle.Saavedra@tucsonaz.gov
Michael.McCrory@tucsonaz.gov
Telephone:  (520) 791-4221
Fax:  (520) 623-9803
*Attorneys for Defendant City of Tucson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>        Defendant. | 4:14-CV-02543-TUC-CKJ<br><br>**ANSWER TO AMENDED COMPLAINT**<br><br>(Hon. Cindy Jorgenson) |

Defendant City of Tucson answers Plaintiff's Amended Complaint as follows (each numbered answer corresponds with Plaintiff's paragraphs):

**PARTIES, JURISDICTION AND VENUE**

1.      Upon information and belief, admits Plaintiff is a resident of Pima County, Arizona.

2.      Admits that the City of Tucson is an incorporated municipality situated in Pima County.

3.      Admits and alleges Defendant City of Tucson complied with the provisions set forth in the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e *et seq.* (Title VII), and the Arizona Civil Rights Act (ACRA), A.R.S. § 41-1461(6)(a).

4.      Admits.

5.      Admits.

6.      Admits.

7.      Denies and alleges Defendant is not liable to Plaintiff for any cause of action alleged in her Amended Complaint and Defendant did not cause Plaintiff to suffer any injuries or damages.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8.      Admits that on or about July 31, 2013, Plaintiff filed a written charge of sex discrimination with the Arizona Attorney General's Office, Civil Rights Division, "ACRD," pursuant to the Arizona Civil Rights Act, § 41-1481(A).  Defendant also alleges that on or about April 21, 2014, based upon its investigation, the Office of the Attorney General, Civil Rights Division dismissed Plaintiff's case concluding the evidence obtained did not establish any violation of statute(s) on the part of the City of Tucson.  A Notice of Right to Sue letter was issued to Plaintiff on April 24, 2014.  Defendant affirmatively alleges that Plaintiff's right to sue is limited to the allegations in the ACRD complaint and applicable statutes of limitations.

9.      Defendant admits that a formal complaint was filed with the City's Equal Opportunity Programs Division (EOPD)on or about March 27, 2015, alleging wrongful conduct by Capt. Langejans.  Defendant affirmatively alleges that EOPD had not completed the processing of that complaint at the time the Amended Complaint was submitted to the Court and Plaintiff therefore failed to exhaust her City remedies prior to pursuing legal action.

10.     Admits.

**GENERAL ALLEGATIONS**

11.     Admits.

12. Admits at the time Plaintiff filed her original Complaint she was a Paramedic with the Tucson Fire Department ("TFD") and alleges Plaintiff applied for and was selected for the position of Fire Prevention Inspector for TFD effective August 10, 2014.

13. Upon information and belief, admits Plaintiff gave birth to her son on July 19, 2012, and she returned to work on October 27, 2012.

14. Admits when Plaintiff returned to work she returned to her assignment as a Swing Paramedic on "C" Shift, which means she continued to be assigned to work at different stations depending on TFD's needs.  Defendant also alleges that Plaintiff requested that she be assigned to stations on the eastside of town, preferably Station 12, and TFD assigned her to the requested stations whenever possible.

15. Admits that Plaintiff informed BC McDonough that she preferred to be assigned to stations with private rooms and those on the east side.

16. Deny.

17. Admits there were discussions about temporarily assigning Plaintiff to Station 20, Defendant denies the remaining material allegations contained in paragraph 17.

18. Admits.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 19 of Plaintiff's Amended Complaint and, therefore, denies the same.

20. Admits Paramedic Todd sent an email to BC Stevens asking for a transfer to Station 20, but Defendant denies the remaining material allegations contained in paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 21 of Plaintiff's Amended Complaint and, therefore, denies the same.

22. Admits Station 12 and many other stations had a private room suitable for expressing milk. Defendant is without knowledge or information sufficient to form a belief

as to the truth of the remaining material allegations contained in paragraph 22 of Plaintiff's Amended Complaint and, therefore, denies the same.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 23 of Plaintiff's Amended Complaint and, therefore, denies the same.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 24 of Plaintiff's Amended Complaint and, therefore, denies the same.

25.     Admits Paramedic Todd did not get transferred to Station 20 for legitimate business reasons and denies that there were any similarly situated employees who were previously granted similar transfers.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 26 of Plaintiff's Amended Complaint and, therefore, denies the same.

27.     Admits that on or about November 9, 2012, Plaintiff submitted a request to be temporarily assigned to TFD Station 12.  Defendant also alleges that the reason for Plaintiff's request was that Station 12 was closer to her mother, which made it easier for her mother to pick up expressed milk to feed her son during her work shifts.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of Plaintiff's Amended Complaint and, therefore, denies the same

28.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 28 of Plaintiff's Amended Complaint and, therefore, denies the same.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 29 of Plaintiff's Amended Complaint and, therefore, denies the same.

4

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 30 of Plaintiff's Amended Complaint and, therefore, denies the same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 31 of Plaintiff's Amended Complaint and, therefore, denies the same.

32. Admits Plaintiff remained assigned to Station 12 through January 1, 2013, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraph 32 of Plaintiff's Amended Complaint and, therefore, denies the same.

33. Denies.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 34 of Plaintiff's Amended Complaint and, therefore, denies the same.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 35 of Plaintiff's Amended Complaint and, therefore, denies the same.

36. Admits on January 7, 2013, Martina Macias, Senior Equal Opportunity Specialist at the City of Tucson's Office of Equal Opportunity Programs ("OEOP") conducted an intake interview of Plaintiff. Defendant alleges that at that time, Plaintiff described her version of what occurred with her request to be assigned to Station 12. Defendant also alleges Plaintiff was not subjected to any discrimination.

37. Defendant denies that Ms. Macias told Plaintiff she had a valid claim. Defendant alleges Ms. Macias told Plaintiff she could file a complaint with OEOP and also told her she could fax the complaint in if she was unable to drop it off at their office. Plaintiff chose not to file a complaint with OEOP.

38. Denies.

5

39. Admits on March 20, 3013, Plaintiff made repeated telephone calls to DC Rodriguez and AC Fischback. Defendant denies the remaining material allegations contained in paragraph 39.

40. Admits AC Fischback received a call from Plaintiff sometime in the early evening of March 20, 2013, placed Plaintiff on hold and returned with DC Rodriguez and HR Manager Acedo. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraph 40 of Plaintiff's Amended Complaint and, therefore, denies the same.

41. Admits Plaintiff was scheduled to work at Station 9 and that DC Rodriguez told Plaintiff something to the effect that it was the only assignment open. Defendant denies the remaining material allegations contained in paragraph 41 of Plaintiff's Amended Complaint.

42. Admits Plaintiff and HR Manager Acedo discussed the availability of private rooms for Plaintiff to express milk at Station 9. Defendant denies the remaining material allegations contained in paragraph 42 of Plaintiff's Amended Complaint.

43. Admits Plaintiff explained that she pumped every 2-3 hours, including throughout the night, and that she felt awakening her supervisors to leave their rooms was unreasonable, that HR Manager Acedo was concerned about the extent to which she was expressing milk and that Acedo was concerned about the impact on her work performance. Defendant denies the remaining material allegations contained in paragraph 43 of Plaintiff's Amended Complaint.

44. Admits Plaintiff made the statement "you are out of your friggin' mind" on two separate telephone calls and admits DC Rodriguez and AC Fischback agreed that waking up her superiors to express milk was not ideal. Defendant denies the remaining material allegations contained in paragraph 44 of Plaintiff's Amended Complaint.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 45 of Plaintiff's Amended Complaint and, therefore, denies the same.

46. Admits.

47. Denies.

48. Upon information and belief, admits Plaintiff contacted C Shift Union Griever Sloan Tamietti to accompany her to the meeting. Defendant alleges that under City of Tucson Administrative Directives and the International Association of Fire Fighters Local 479 and City of Tucson Labor Agreement there was no requirement for Sloan Tamietti to be present for the meeting.

49. Admits DC Rodriguez told Union Griever Tamietti that he did not need to be present for the meeting. Defendant alleges Union Griever Tamietti was allowed to be present even though this was not a requirement due to the level of discipline being contemplated.

50. Admits Union Griever Tamietti was allowed to be present for the meeting with Plaintiff.

51. Admits Plaintiff was provided documentation of verbal counseling for using the words "you're out of your friggin' mind" two times and hanging up on her superiors two times during the March 20, 2013, phone calls.

52. Denies.

53. Admits.

54. Denies.

55. Denies.

56. Denies.

57. Defendant alleges AC Fischback responded that Station 12 was not on the list provided by the City of Tucson's OEOP department as a station with a locked door on the private room.

1  58.   Denies.

2  59.   Denies.

3  60.   Denies and alleges Plaintiff was not reassigned to a firefighter position and TFD does not provide individual employees with "formal notice" of reassignments. Defendant further alleges that nothing in Plaintiff's assignment violated TFD's Manual of Operations and/or applicable department policies and procedures.

61.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 61 of Plaintiff's Amended Complaint and, therefore, denies the same.

62.   Admits on or about July 19, 2013, TFD issued a new nursing room policy. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraph 62 of Plaintiff's Amended Complaint and, therefore, denies the same.

63.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 63 of Plaintiff's Amended Complaint and, therefore, denies the same.

64.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 64 of Plaintiff's Amended Complaint and, therefore, denies the same.

65.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 65 of Plaintiff's Amended Complaint and, therefore, denies the same.

66.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 66 of Plaintiff's Amended Complaint and, therefore, denies the same.

67.    Upon information and belief, admits that on July 31, 2013, Plaintiff filed a written charge of discrimination with the Arizona Attorney General's Office, Civil Rights Division pursuant to the Arizona Civil Rights Act, § 41-1481(A).

68.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 68 of Plaintiff's Amended Complaint and, therefore, denies the same.

69.    Admits.

70.    Denies.

71.    Admits that on or about May 22, 2014, Plaintiff filed a notice of claim alleging she had experienced sex discrimination and retaliation since returning to work in late October 2012.

72.    Upon information and belief, admits Plaintiff was assigned to light duty on June 16, 2014, per her request.

73.    Admit HR Manager Acedo was checking in with Plaintiff periodically to see if she still had the need to express milk while at work.

74.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 74 of Plaintiff's Amended Complaint and, therefore, denies the same.

75.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 75 of Plaintiff's Amended Complaint and, therefore, denies the same.

76.    Admits that firefighters on light duty were required to provide a doctor's note regarding their ability to engage in exercise and firefighters were expected to exercise where they were assigned.

77.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 77 of Plaintiff's Amended Complaint and, therefore, denies the same.

78. Denies and alleges it is standard policy that anyone assigned to light duty is required to provide a doctor's note indicating the extent to which exercise is medically appropriate.

79. Admits that TPD's telestaff records show that the change was made by payroll, which would have been done based on information about Plaintiff's time at work. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining material allegations contained in paragraph 79 of Plaintiff's Amended Complaint and, therefore, denies the same.

80. Denies.

81. Denies.

82. Denies.

83. Denies.

84. Denies

85. Admits.

86. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 86 of Plaintiff's Amended Complaint and, therefore, denies the same.

87. Admits Plaintiff was promoted to the position of Fire Inspector.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 88 of Plaintiff's Amended Complaint and, therefore, denies the same.

89. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 89 of Plaintiff's Amended Complaint and, therefore, denies the same.

90. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 90 of Plaintiff's Amended Complaint and, therefore, denies the same.

91. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 91 of Plaintiff's Amended Complaint and, therefore, denies the same.

92. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 92 of Plaintiff's Amended Complaint and, therefore, denies the same.

93. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 93 of Plaintiff's Amended Complaint and, therefore, denies the same.

94. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 94 of Plaintiff's Amended Complaint and, therefore, denies the same.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 95 of Plaintiff's Amended Complaint and, therefore, denies the same.

96. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 96 of Plaintiff's Amended Complaint and, therefore, denies the same.

97. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 97 of Plaintiff's Amended Complaint and, therefore, denies the same.

98. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 98 of Plaintiff's Amended Complaint and, therefore, denies the same.

99. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 99 of Plaintiff's Amended Complaint and, therefore, denies the same.

1 100. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 100 of Plaintiff's Amended Complaint and, therefore, denies the same.

101. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 101 of Plaintiff's Amended Complaint and, therefore, denies the same.

102. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 102 of Plaintiff's Amended Complaint and, therefore, denies the same.

103. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 103 of Plaintiff's Amended Complaint and, therefore, denies the same.

104. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 104 of Plaintiff's Amended Complaint and, therefore, denies the same.

105. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 105 of Plaintiff's Amended Complaint and, therefore, denies the same.

106. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 106 of Plaintiff's Amended Complaint and, therefore, denies the same.

107. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 107 of Plaintiff's Amended Complaint and, therefore, denies the same.

108. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 108 of Plaintiff's Amended Complaint and, therefore, denies the same.

1   109.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 109 of Plaintiff's Amended Complaint and, therefore, denies the same.

4   110.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 110 of Plaintiff's Amended Complaint and, therefore, denies the same.

7   111.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 111 of Plaintiff's Amended Complaint and, therefore, denies the same.

10  112.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 112 of Plaintiff's Amended Complaint and, therefore, denies the same.

13  113.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 113 of Plaintiff's Amended Complaint and, therefore, denies the same.

16  114.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 114 of Plaintiff's Amended Complaint and, therefore, denies the same.

19  115.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 115 of Plaintiff's Amended Complaint and, therefore, denies the same.

22  116.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 116 of Plaintiff's Amended Complaint and, therefore, denies the same.

25  117.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 117 of Plaintiff's Amended Complaint and, therefore, denies the same.

118. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 118 of Plaintiff's Amended Complaint and, therefore, denies the same.

119. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 119 of Plaintiff's Amended Complaint and, therefore, denies the same.

120. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 120 of Plaintiff's Amended Complaint and, therefore, denies the same.

121. Denies and alleges TFD did not retaliate against Plaintiff.

122. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 112 of Plaintiff's Amended Complaint and, therefore, denies the same.

## COUNT ONE

### (Sex Discrimination/Retaliation in Violation of the Fair Labor Standards Act, U.S.C. § 207(r) and § 215)

123. Defendant hereby incorporates by reference the assertions and allegations contained in paragraphs 1-122 above as though fully set forth herein.

124. Paragraph 124 is a legal conclusion and no response is necessary from Defendant.

125. Denies.

126. Denies.

127. Denies.

128. Denies.

129. Denies.

130. Denies that Defendant violated any constitutional, statutory, common law, or other right of the Plaintiff and, therefore, denies that Plaintiff was damaged in any way by Defendant.

## COUNT TWO

### (Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as Amended)

131. Defendant hereby incorporates by reference the assertions and allegations contained in paragraphs 1-130 above as though fully set forth herein.

132. Admits that the City of Tucson is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e *et seq*. (Title VII).

133. Denies.

134. Denies.

135. Denies that Defendant violated any constitutional, statutory, common law, or other right of the Plaintiff and, therefore, denies that Plaintiff was damaged in any way by Defendant.

## COUNT THREE

### (Sex Discrimination/Hostile Work Environment in Violation of the Arizona Civil Rights Act, § 41-1463(B)(1))

136. Defendant hereby incorporates by reference the assertions and allegations contained in paragraphs 1-135 above as though fully set forth herein.

137. Denies.

138. Paragraph 138 is a legal conclusion and no response is necessary from Defendant.

139. Denies.

140. Denies that Defendant violated any constitutional, statutory, common law, or other right of the Plaintiff and, therefore, denies that Plaintiff was damaged in any way by Defendant.

## COUNT FOUR

### (Retaliation in Violation of the Arizona

**Civil Rights Act, A.R.S. § 41-1464(A))**

141. Defendant hereby incorporates by reference the assertions and allegations contained in paragraphs 1-140 above as though fully set forth herein.

142. Paragraph 142 is a legal conclusion and no response is necessary from Defendant.

143. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 143 of Plaintiff's Complaint and, therefore, denies the same.

144. Denies.

145. Denies that Defendant violated any constitutional, statutory, common law, or other right of the Plaintiff and, therefore, denies that Plaintiff was damaged in any way by Defendant.

## COUNT FIVE

**(Retaliation in Violation of the Arizona**

**Civil Rights Act, A.R.S. § 41-1464(A))**

146. Defendant hereby incorporates by reference the assertions and allegations contained in paragraphs 1-145 above as though fully set forth herein.

147. Paragraph 147 is a legal conclusion and no response is necessary from Defendant.

148. Defendant is without knowledge or information sufficient to form a belief as to the truth of the material allegations contained in paragraph 104 of Plaintiff's Complaint and, therefore, denies the same.

149. Denies.

150. Denies.

151. Denies that Defendant violated any constitutional, statutory, common law, or other right of the Plaintiff and, therefore, denies that Plaintiff was damaged in any way by Defendant.

152. Defendant denies any allegation not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

Defendant affirmatively alleges that:

153. Alleges that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

154. Alleges Plaintiff was not subjected to any adverse employment action.

155. Alleges that all employment actions taken with regard to Plaintiff were because of legitimate business reasons.

155. Alleges Defendant exercises reasonable care in preventing and/or correcting any alleged sex discrimination, and Plaintiff failed to take advantage of the corrective or preventative opportunities provided to her as a City employee. Thus, Defendant is protected under the *Ellerth-Faragher* defense for Plaintiff's state and federal claims. *Burlington Industries v. Ellerth,* 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

156. Alleges Plaintiff Carrie Clark did not mitigate or may not have mitigated her damages which may have been incurred as she alleges in her Amended Complaint.

157. Alleges that Defendant is without knowledge or information sufficient to form a belief as to all the affirmative defenses that may become available as discovery progresses. Therefore, Defendant asserts all the affirmative defenses available pursuant to Federal Rules of Civil Procedure, Rules 8 and 12, A.R.S. § 12-820, *et seq.*, A.R.S. § 12-821, *et seq.*, A.R.S. § 41-1463, *et seq.* and any other defenses raised by discovery, as if such defenses were set forth specifically herein.

158. Plaintiff has failed to comply with A.R.S. §12-821.01.

159. Plaintiff failed to exhaust administrative remedies through either the EEOC or ACRD.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, Defendant requests that the Court:

A. Dismiss Plaintiff's Amended Complaint for failure to state a claim for which relief may be granted;

B. Determine that Plaintiff take nothing by same;

C. Award Defendant its costs of litigation, including a reasonable attorney's fee;

D. Grant such other and further relief as the Court deems just and proper.

DATED August 28, 2015.

                              MICHAEL G. RANKIN
                              City Attorney

                       By:    <u>s/Michelle Saavedra</u>
                              Michelle Saavedra
                              Michael W. L. McCrory
                              Principal Assistant City Attorneys

I hereby certify that on August 28, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jeffrey H. Jacobson
JACOBSON LAW FIRM
2730 East Broadway Blvd., Suite 160
Tucson, AZ 85716
    *Attorney for Plaintiff*


By E. Ramirez/cl

18