1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| CARRIE FERRARA CLARK, | No.  4:14-CV-02543-TUC-CKJ |
|---|---|
| Plaintiff, | **AMENDED ORDER** |
| vs. | |
| CITY OF TUCSON, | |
| Defendant. | |

Pursuant to the parties' Joint Motion and Stipulation for Protective Order, and there appearing good cause therefore,

**IT IS HEREBY ORDERED** pursuant to Fed. R. Civ. P. 26(c) that the following procedures shall apply to confidential documents and information produced or disclosed by the parties and their witnesses in this case:

1.      The parties expect this action will involve the prospective revelation of confidential, proprietary, private, and/or otherwise sensitive information contained in documents, tangible materials, testimony, written discovery responses, and other information disclosed, produced, or filed, whether voluntarily or through discovery or other proceedings.  This Protective Order is necessary to protect such information.

1

2.      Any party to this action may designate as Confidential any documents (and copies thereof) or other information within the party's control that the party believes contain confidential, proprietary, private, and/or otherwise sensitive information that it is obligated to maintain in confidence.  Such Confidential documents or information shall be deemed confidential and shall be delivered or given only to counsel for the other parties hereto. Said counsel shall keep such documents and information confidential to themselves and shall not further disseminate or disclose any such confidential documents or information, except as hereinafter provided.

3.      The provisions of this Protective Order shall control the disclosure, dissemination, and use of "Confidential Information" (defined below) during the litigation of the above-captioned civil action (the "Civil Action") by the Parties, as well as all such other persons or entities who agree to be bound by the provisions of this Protective Order. The Parties and all other persons or entities who agree to be bound by the provisions of this Protective Order shall hereinafter be referred to as "Covered Parties."

4.      Scope.  This Protective Order shall apply to all documents, materials and/or information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, and deposition testimony, which shall be known as the "Confidential Information."  "Confidential Information" shall include, but not be limited to, any information, documents, or other data, whether tangible or in electronic and/or digital form, that is produced to or exchanged between the Parties, and which has been designated as "Confidential Information," pursuant to this Protective Order.   The provisions of this Protective order shall be applicable to any abstracts, summaries, or similar materials prepared from, or based upon, such confidential information or documents.

5.      Marking Confidential Information.  All Confidential Information shall be designated as such by affixing a stamp or label (electronic or otherwise) indicating its status as "CONFIDENTIAL."  In the event that documents are produced electronically, they can be designated either by imprinting the appropriate notice or by any Party producing a log indicating what information, data or documents are to be treated with the

2

appropriate designation.   All information conveyed or discussed in testimony at a deposition or a court proceeding for which Confidential Information status is claimed shall be so designated, orally on the record whenever possible, at the time the testimony is given or hearing is conducted.

6.      Nothing contained herein shall preclude any party to this action from utilizing Confidential Information or documents in taking depositions in or at the trial of this case, but the transcripts of any depositions which include any confidential documents or materials as part of the exhibits to said deposition, and any corresponding videotape, shall be prepared with a designation, on the first page of the transcript and on a sealed envelope containing that transcript and/or videotape, that the deposition contains confidential materials, and all copies of such confidential materials shall be kept and disseminated by any party to this action only in accordance with the terms of this Order.

7.      If during the course of any deposition in this matter, counsel for any party asserts that a question propounded to the deponent is based upon or derived from confidential documents or information, or that the deponent's answer to a question should be treated as confidential, the transcript containing said inquiry and the answer, and any corresponding videotape, shall be sealed and subject to disclosure only under the terms and provisions of this Protective Order.

8.      No person shall attend those portions of any deposition at which confidential documents are utilized as exhibits, or the examination is based upon confidential documents or information unless such person has been authorized to receive disclosure of confidential documents or information pursuant to this Protective Order.

9.      Any witness at any such deposition shall be required to sign the acknowledgment and agreement attached hereto as Attachment A, and shall not be allowed to remove from the place of deposition, hearing or trial copies of any confidential documents. In the event any witness refuses to execute the acknowledgment and agreement, the examination may nevertheless continue, and confidential documents or information may be employed in connection therewith, but the witness shall be provided

with a copy of this Order and shall be advised that he or she is subject to sanctions to be imposed by this Court for his or her refusal.

10.     Later Designations of Confidential Information.  The disclosure, exchange, or production of Confidential Information that inadvertently was not designated as such shall not constitute a waiver of the protections afforded to such document or information. Any information or documents not initially designated with the Confidential Information status may be so designated at a later time, in writing to the Parties.

11.     Restrictions on Disclosure of Confidential Information.  All Confidential Information, and any notes, work papers, summaries, or other documents prepared from such Confidential Information, shall be used by the receiving party solely in connection with the Civil Action and shall not be disclosed by the receiving party other than as follows:

a. All persons, besides counsel for the parties, to whom confidential documents or information are given, shown, made available, or communicated shall execute an agreement, in the form attached hereto as Exhibit 1, not to disclose or use the information except in accordance with the terms of this Order. It shall be the responsibility of counsel making such disclosure of confidential documents or information to secure, before making such disclosure, such an executed agreement from the person to whom disclosure is to be made, and to retain the original of such executed agreement pending further Order of this Court or final disposition of this action.

b. To any person or entity who authored, received, or is mentioned in the Confidential Information;

c. The Court and its employees ("Court Personnel"); except that Paragraph 13 hereof shall govern all submissions of Confidential Information to the Court.

d. Trial Counsel for the Parties, including persons actively involved in the preparation for trial, trial or settlement of this case;

4

1

2

3

  e. Court reporters, videographers, interpreters, and such other qualified persons otherwise unconnected to any party but who are involved in taking testimony, copying documents, and the like.

4

5

6

7

8

9

10

  12. <u>Procedure for Challenging Designations</u>. In the event that any party to this action believes that materials or information designated as confidential by the party producing or furnishing it should not be treated as confidential or otherwise subject to the terms of this Protective Order, counsel shall so notify counsel for the party who made that designation of the objection in writing. If, within ten (10) days after receipt of such notice, the party who designated the materials or information as confidential has not withdrawn that designation, or the issue has not been otherwise resolved by mutual agreement, the party objecting to the designation may apply to the Court for relief.

11

12

13

14

  13. <u>Designation of Documents "Under Seal."</u> Any information or documents designated as "Confidential Information," if filed with the Court, shall be filed under seal and requested to be kept by the Court under seal pursuant to Local Rules of Civil Procedure (LRCiv) United States District Court, District of Arizona, LRCiv 5.6 and 5.7.

15

16

17

18

19

20

  14. <u>Use of Confidential Information at Trial</u>. Except as otherwise provided herein, this Protective Order shall not affect or govern the use or admissibility of Confidential Information at trial. Each party hereto shall be responsible for requesting appropriate relief from the Court regarding trial testimony and exhibits, including but not limited to further protective orders, trial management order provisions, motions *in limine,* and/or objections.

21

22

23

24

  15. <u>Modification</u>. Any Covered Person may apply for modification of this Protective Order, including relief from the terms of this Protective Order, modification its terms, or the imposition of additional protections, upon reasonable notice to the Parties and after the Covered Party who seeks modification shall have contacted counsel for the Parties to attempt to resolve the issues that are the subject of the modification.

25

26

27

28

  16. <u>Conclusion of the Civil Action</u>. Upon final determination of this entire action, whether by judgment, settlement or otherwise, and including any appeal from a final judgment, any Confidential Information or documents, or copies thereof, and any

summaries or extracts thereof, and copies of the agreements (Exhibit 1) executed by any persons to whom disclosure of confidential documents or information has been made, shall be returned or forwarded to the party producing such Confidential Information or documents. If counsel for any party contends that summaries or extracts of confidential documents or information constitute, contain, or are contained in, materials which are the work product of counsel, such materials need not be returned, but counsel shall file with the Court a certification that all such materials, and any copies thereof, have been destroyed.

17.    Public Records Status.  The Court determines that Confidential Information provided to the City of Tucson shall not be subject to further disclosure pursuant to A.R.S. §39-121 et. seq. or any other law without prior approval of this Court.

18.    Continuing Jurisdiction.  The Court shall retain jurisdiction over the Covered Parties for the purpose of ensuring compliance with this Protective Order and granting such amendments, modifications, and additions to this Protective Order, and such other and further relief as may be necessary.

19.    Survival.  This Protective Order shall survive the final disposition of this action, by judgment, dismissal, settlement, appeal, or otherwise.

Dated this 11th day of January, 2017.

Honorable Cindy K. Jorgenson
United States District Judge

6

1

2

3

4

**ATTACHMENT A**

**ACKNOWLEDGMENT OF PROTECTIVE ORDER & WRITTEN ASSURANCE**

**RE: Clark v. City of Tucson, 4:14-CV-02543-TUC-CKJ**

5

6

7

8

9

10

11

12

  I, _____, declare under penalty of perjury that I have read and understand the terms of the Protective Order (Order) issued by the United States District Court for the District of Arizona in the above-captioned matter on _____, 2017.   I shall not divulge any documents, or copies of documents, designated as "Confidential" obtained pursuant to this Order, or the contents of such documents, to any person other than those specifically authorized by this Order.  I shall not copy or use such documents except for purposes of this action and pursuant to the terms of this Order.

13

14

15

16

  As soon as practical, but no later than 30 days after the final termination of this action, I shall return to the attorney from whom I received them, any documents in my possession designated as "Confidential," and all copies, excerpts, summaries, notes, abstracts, etc., relating to such documents.

17

18

19

20

  I understand that this Order remains in effect during and after the conclusion of this litigation, and I agree to be bound by it.  I submit myself to the jurisdiction of the United States District Court for the District of Arizona for the purpose of enforcing this Order and I understand that I may be subject to penalties for contempt of court if I violate this Order.

21

22

23

  By: _____  Dated: _____, 2017

24

25

26

27

28

1