AWERKAMP & BONILLA, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Don Awerkamp (SBN 007572)
da@abdilaw.com
Ivelisse Bonilla, SBn 023594
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>Defendant. | No. CV-14-02543-TUC-CKJ<br><br>**GORDON CLARK'S BRIEF ON MARITAL PRIVILEGE** |

This is a special appearance by Gordon Clark, by and through undersigned counsel, pursuant to this Court's Order dated February 7, 2017.  Mr. Clark is the spouse of Carrie Clark and not a party to this lawsuit.  Mr. Clark appears solely for submitting this brief on the scope of the spousal privilege.  Thank you for the opportunity of submitting this brief to discuss this paramount privilege.

We hereby request that the spousal privilege be protected by this Court and that Mr. Clark be protected from being compelled to testify about his marital communications

1
2
3

with Mrs. Clark.  The information being sought by the City of Tucson from Mr. Clark can be obtained by other means and the preservation of the marital privilege surmounts any potential unfairness to the City of Tucson.

4
5
6

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Background**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Carrie Ferrara Clark, a Tucson Fire Department ("TFD") employee, is suing her employer, Defendant City of Tucson, for gender discrimination and retaliation stemming from Ms. Clark's request for a place to express breast milk, and the City's refusal to follow the law and provide a place shielded from view and intrusion from the public and co-workers for Ms. Clark to express breast milk.  The City of Tucson noticed the deposition of Ms. Clark's husband, Gordon Clark, for January 10, 2017.  Mr. Clark requested that I represent him in the deposition and I accepted.  At the beginning of the deposition the undersigned clarified that based on the marital communication privilege, I would be objecting to any question that would ask my client Mr. Clark to disclose what his wife may have told him.  During the deposition, the City of Tucson consistently asked Mr. Clark what his wife told him.  The information the City is seeking from Mr. Clark is information the City of Tucson can obtain from the Plaintiff and other employees from TFD.  Thus, the balance between potential unfairness to the City and preservation of the marital privilege is easily struck in favor of the privilege to be upheld.

24
25
26

## II.    <u>Legal Argument</u>

A.R.S. section 12-2232 provides, "A husband or wife shall not, during the marriage or afterward, without the consent of the other, be examined as to any communications made by one to the other during the marriage..."  The marital communications privilege "seeks to throw a veil of secrecy" over marital communications of any sort.  The marital privilege protects any confidential communications made by one spouse to another in reliance on the marital relationship.  *Ulibarri v. Superior Court in and for County of Coconino*, 909 P.2d 449, 184 Ariz. 382 (Ariz. App. Div. 1, 1995)

The policy behind the marital communications privilege is to promote family harmony and to encourage spouses "to share their most closely guarded secrets and thoughts, thus adding an additional measure of intimacy and mutual support to the marriage." *Id*.  Because there is no set of ethical and disciplinary rules for the marital relationship, judicial enforcement of the marital communications privilege is all that protects a spouse from being compelled to testify about marital communications.  See Wright & Graham, supra, § 5572, at 537; *In re Grand Jury Investigation*, 603 F.2d 786, 789 (9th Cir.1979) (witness "should not be compelled to choose among perjury, contempt, or disloyalty to a spouse.").

The City of Tucson is asking this Court to order Gordon Clark to answer questions pertaining to communications he and Carrie may have had relating to Plaintiff's allegation in her complaint.  This request is in contravention of the marital communications privilege.  The City is basing this request in presumptions.  In its brief the City alleged "it

is reasonable to presume" Mr. Clark may have shared things his wife told him with TFD

employees.  The City added that it "should be allowed to ask Mr. Clark questions to

discover what other conversations he and Carrie had that relate to the allegations

contained in her SAC."  Basically, the City of Tucson is admitting that it wants to go into

a fishing expedition of the conversations Mr. and Mrs. Clark had regarding Mrs. Clark's

allegations.  This tactic is exactly what the marital communication privilege prohibits.

A.R.S. section 12-2232 provides that a "husband or wife shall not, during the

marriage or afterward, without the consent of the other, be examined as to any

communications made by one to the other during the marriage..."  The marital

communications privilege "seeks to throw a veil of secrecy" over marital communications

of any sort.  The marital privilege protects any confidential communications made by one

spouse to another in reliance on the marital relationship.  *Ulibarri v. Superior Court in

and for County of Coconino*, 909 P.2d 449, 184 Ariz. 382 (Ariz. App. Div. 1, 1995)

The City of Tucson's counsel can interview any and all employees Mr. Clark may

have had a conversation with and ask them about what Mr. Clark told them.  Mr. Clark

has not waived his marital communications privilege.  Mrs. Clark's claims are based on

the City of Tucson's failure to provide an appropriate place to express her breast milk and

the retaliation she was subjected to after she exercised her right to request so.  The City of

Tucson does not need testimony from Mr. Clark to defend Mrs. Clark's claims.

The cases cited by the City of Tucson dealing with the application and waiver of

the marital communications privilege are clearly distinguishable from this above

captioned case.  In *State v. Summerlin*, 138 Ariz. 426, 434, 675 P.2d 686, 694 (1983) the spousal communication privilege was waived because the defendant spoke to his wife knowing that police officers could hear him and were listening to him.  In this case, the communications being sought by the City of Tucson were communications between Mrs. Clark and Mr. Clark while they were alone in their home. All other cases cited by the City of Tucson involved communications made in the presence of third persons. In addition, even when the communications are made in the presence of third persons, the communication would not be privileged but the husband and wife would be incompetent witnesses to provide the testimony disclosed.  "The law seals their lips." *State v. Narten*, 99 Ariz. 116, 124 (1965).

Ultimately, it is a policy decision whether to find a privilege and whether to uphold it.  Professor Wigmore stated that the following four conditions must be met before a privilege can be legally recognized:  (1) the communications must originate in a confidence that they will not be disclosed;  (2) this element of confidentiality must be essential to the full and satisfactory maintenance of the relationship;  (3) the relationship must be one which, in the opinion of the community, ought to be sedulously fostered;  and (4) the injury that disclosure would inure to the relationship is greater than the benefit thereby gained for the correct disposal of litigation.  8 John H. Wigmore, Evidence § 2285, at 527 (John T. McNaughton rev. 1961).

In this case, all conditions are met.  (a) The communications between Mr. and Mrs. Clark originated in confidence that they will not be disclosed; (b) the element of

confidentiality is essential to the full and satisfactory maintenance of the relationship; (c)

our community and our Legislature clearly believe in sedulously fostering the marital

relationship; and (4) the injury that disclosure would inure to the marital relationship is

greater than the benefit thereby gained for the correct disposal of litigation.

The City of Tucson is simply trying to discover some impeaching marital

communications.  This is what the Arizona courts frown upon.  In *Ubarri*, the Arizona

Court of Appeals cautioned against it holding the following:

> What strife and stress would be added to litigation if attorneys had an
> incentive to pursue opposing parties' spouses or ex-spouses in the hopes of
> discovering some impeaching marital communications.  We remove that
> incentive by holding that it takes more than disclosure of "relevant
> impeachment" by a spouse or ex-spouse to override the marital
> communications privilege held by the other party to that marriage.

*Ulibarri v. Superior Court in and for County of Coconino*, 909 P.2d 449, 184 Ariz. 382
(Ariz. App. Div. 1, 1995).

Thus, in this case the balance between potential unfairness to the City of Tucson and

preservation of the marital privilege leans in favor of the marital privilege.  Judicial

enforcement of the marital communications privilege is all that protects a spouse from

being compelled to testify about marital communications.  See Wright & Graham, supra, §

5572, at 537; *In re Grand Jury Investigation*, 603 F.2d 786, 789 (9th Cir.1979) (witness

"should not be compelled to choose among perjury, contempt, or disloyalty to a spouse").

Thus, we respectfully request that Mr. Clark be shielded from being compelled to testify

regarding his confidential marital communications.

As to the City of Tucson's argument that the undersigned has no standing to object to deposition questions based on grounds other than marital privilege, we disagree. The City of Tucson has not provided any cases supporting this argument. The objections of foundation and form are based on whether the question was compounded or whether the question is assuming a fact that is not on the record. Those objections are basically to facilitate the clarity of the record. The undersigned sees no reason why she cannot object as to form or foundation if this Court allows the deposition to continue.

RESPECTFULLY SUBMITTED this 28th day of February, 2017.

AWERKAMP & BONILLA, PLC

By /s/ Ivelisse Bonilla
Don Awerkamp
Ivelisse Bonilla
Shannon Giles
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECR System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECR registrants:

Michelle R. Saavedra
Michelle.Saaverdra@tucsonaz.gov

Michael W.L. McCrory
Michael.McCrory@tucsonaz.gov

Jeffrey H. Jacobson
Jeff@jacobsonlawfirm.net