1

**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, PCC #65402; SB#019502
Attorney for Plaintiff

2

3

4

5

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

7

8

| CARRIE FERRARA CLARK, | Case No.  4:14-CV-02543-TUC-CKJ |
| Plaintiff, | |
| vs. | **REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| CITY OF TUCSON, | |
| Defendant. | |

9

10

11

12

13

14

Plaintiff Carrie Clark, through counsel, files her Reply to Defendant's Opposition to her Motion for Leave to File a Third Amended Complaint.

15

### I.      Legal Standard

16

Because Federal Rules of Civil Procedure, Rule 15(a), favors a liberal policy of granting leave to amend pleadings, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). Of the five well-established factors that guide the analysis, Defendant's Opposition focuses on only two: 1) bad faith; and 2) undue prejudice. As Defendant bears the "heavy burden" in this case, its failure to argue the remaining factors (undue delay, futility of amendment, and Plaintiff's previous amendments) indicates that these are not viable reasons to deny Plaintiff's Motion for Leave to Amend. *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). As discussed below, however, Defendant has failed to make any showing – let alone a "strong showing" of bad faith to carry its burden. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

17

18

19

20

21

22

23

24

25

26

## II.       Defendant Has Not Articulated any Bad Faith

In Opposition to the Third Amended Complaint, Defendant argues that Plaintiff's new allegations are raised in bad faith. The Opposition spends a significant amount of time defending the actions of Captain Langejans and its handling of the issues in Fire Prevention. *Defendant's Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint*, pages 6-10. Many of the allegations Defendant complains about, however, are already part of this litigation. *Plaintiff's Second Amended Complaint*, paragraphs 87-123. The new allegations raised in the proposed Third Amended Complaint are comprised of transactions, occurrences, and events that happened *after* Plaintiff's Second Amended Complaint was filed in this case – a fact Defendant conveniently ignores.

Plaintiff followed her employer's internal, administrative procedures to bring her employment issues and claims of reprisal for her protected activity to their attention for review and corrective action.[1] Plaintiff alleges that the Defendant's response to her complaints were the product of retaliation. Defendant disagrees. To that end, Defendant's responsive pleading reads more like a Motion to Dismiss or Motion for Summary Judgment than an Opposition. The fact that Defendant believes it handled Plaintiff's complaints appropriately, however, does not preclude Plaintiff from litigating those allegations in this matter. More importantly, Defendant's Opposition does *not* meet the test for "bad faith." The legal standard for "bad faith," which Defendant ignores, is whether the *supplemental pleading* is in bad faith; not whether the Defendant believes there are defects with Plaintiff's allegations. *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013). Defendant has not provided any evidence to demonstrate Plaintiff's bad faith in this proceeding. Critically, despite devoting most of its opposition to its bad faith argument, prejudice – not bad faith - is the "touchstone" of the Rule 15(a) inquiry. *Eminence Capital, supra*, 316 F.3d at 1052.

//

//

---

[1] Had Plaintiff ignored the EOPD process, of course, Defendant would be arguing that she failed to exhaust her administrative remedies before bringing the matter to the Court.

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.     The Third Amended Complaint Would Not Prejudice Defendants

"Since leave to amend or supplement a complaint is liberally granted, the finding of undue prejudice must be obvious prejudice to the opposing party. *E.g. Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1978) (finding district court did not abuse its discretion in denying leave to supplement a complaint where the moving party sought to litigate an issue that was previously conceded). There is no undue prejudice found if an added claim would require little additional discovery, because most of the information would be available in the opposing party's own files. *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986)." *Eagle View Techs., Inc. v. Xactware Sols., Inc*, No. C12-1913-RSM, 2013 U.S. Dist. LEXIS 164667, at *8 (W.D. Wash. Nov. 18, 2013)

There can be no doubt that Defendant was aware that these issues were likely to be litigated. According to Defendant's Opposition, "As expected, the March 9, 2016, EOPD complaint is one of the new allegations in the TAC 142-3." *Defendant's Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint*, page 8, lines 15-16. At the same time Defendant complains of having to potentially engage in further discovery, Defendant actually expands the record by introducing new evidence not previously disclosed. *Defendant's Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint*, Exhibits 3, 7-9.

Although the current discovery deadline in this matter is April 3, 2017, no trial date has been set. No dispositive motions are pending before this Court, and none have been filed or decided.[2] This case has not been referred for a settlement conference. In *Cont'l Cars, Inc. v. Mazda Motor of Am., Inc.*, No. C11-5266 BHS, 2012 U.S. Dist. LEXIS 102875, at *6 (W.D. Wash. July 24, 2012), the court found there was no prejudice and allowed Plaintiff to amend its complaint even where extensive motions practice had been conducted including a motion to remand back to state court, a motion for preliminary injunction, a motion to dismiss, and a reconsideration of the motion to dismiss.

---

[2] Defendant argues that its intention to file one at some point in the future should preclude the filing of the Third Amended Complaint. Defendant offers no legal authority on point for this premise, and none exists.

While true that the discovery deadline may need to be pushed back, the scope of discovery needed on the new allegations is quite limited. Any delay would be minimal because the new allegations relate to information that is within Defendant's control. For example, its own department, EOPD, conducted the investigation into Plaintiff's complaints; in fact, Defendant attached a substantial number of documents related to the new allegations in its Opposition to Plaintiff's Third Amended Complaint. *Defendant's Opposition to Plaintiff's Motion for Leave to File Third Amended Complaint*, Exhibits 1, 2, 4-6, 9. Defendant was also able to quickly obtain Declarations from three of its senior employees to refute the allegations in specific detail.  *Id.,* Exhibits 3, 7-8. Moreover, Plaintiff's Third Amended Complaint would not nullify any of the discovery the parties have engaged in to date.

The Third Amended Complaint also does not alter the nature of the lawsuit or its raison d'être. Both the original Complaint and the Third Amended Complaint are for damages based on FLSA and Title VII violations, and for reprisal arising out of the same. Plaintiff's Third Amended Complaint actually decreases the number of causes of action that Defendant must respond to and streamlines the litigation by excluding causes of action based on state law. Given the complicated facts of this case and the volume of discovery which has been exchanged, the tempo of the litigation has been robust. Defendant recently raised a discovery dispute which is pending with this Court, and the parties did not exchange confidential information until a Protective Order was entered in January 2017. Here, additional discovery in this case would not unduly prejudice Defendant and need not lead to substantial delay.

Importantly, when deciding whether to allow a supplemental pleadings, "a court's focus is on judicial efficiency. Leave to supplement pleadings "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)."  *Jeff Tracy v. Scottsdale Ins. Co.*, No. SACV 14-1532-DOC (ANx), 2015 U.S. Dist. LEXIS 186830, at *4 (C.D. Cal. Aug. 28, 2015) (internal

4

citations omitted.) Here, judicial economy demands that Plaintiff's be allowed to vindicate her meritorious claims of reprisal in the pending litigation.

Finally, Defendant argues, almost in passing, that there is undue delay in this case because it has been pending for two and a half years. Leave to amend pleadings, however, "should be granted -- regardless of the length of time of delay by the moving party -- absent a showing of bad faith by the moving party or prejudice to the opposing party." *Roberts v. Arizona Board of Regents*, 661 F.2d 796, 798 (9th Cir.1981).

**IV.    Conclusion**

Defendants have failed to meet their heavy burden of showing bad faith or prejudice in order to overcome the liberal policy of granting motions to amend. For the reasons discussed above, Plaintiff should be given leave to file her Third Amended Complaint.

DATED this 8th day of March, 2017.

**JACOBSON LAW FIRM**


     *s/Jeffrey H. Jacobson*
Jeffrey H. Jacobson
Attorney for Plaintiff


Filed via the CM/ECF system and copy electronically provided this 8th day of March, 2017, to:

Michelle Saavedra
Principal Assistant City Attorney
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, AZ 85701

Michael W.L. McCrory
Principal Assistant City Attorney
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, AZ 85701