WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Ferrara Clark, | No. CV-14-02543-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tucson, | |
| Defendant. | |

Pending before the Court is Plaintiff Carrie Clark's Motion for Leave to File Third Amended Complaint (Doc. 65) and Motion for Extension of Time to File Dispositive Motions (Doc. 76). Defendant filed an opposition to both motions. (Docs. 71, 77.) While the motion to file an amended complaint was pending, Defendant filed a Motion for Summary Judgment (Doc. 82) and Plaintiff filed a Cross Motion for Summary Judgment (Doc. 84). The Court will grant the motion to file the amended complaint and deny both summary judgment motions without prejudice. The Court will also grant Plaintiff's Motion for Extension of Time to File Dispositive Motions.

*Background*

Plaintiff's claim arises from incidents which occurred during her employment with the Tucson Fire Department ("TFD"). In the Court's original Scheduling Order, the parties were given until June 26, 2015 to move to amend their pleadings. (Doc. 8.) Plaintiff previously filed two amended complaints, the first on August 11, 2015 ("FAC"), and the second on May 5, 2016 ("SAC"). (Docs. 24, 42.) The FAC alleged violations of

federal and state employment protections against sex discrimination in 2012 and 2014. The SAC alleges new claims of retaliation under state law and Title VII of the 1964 Civil Rights Act.

- ***Third Amended Complaint***

On February 10, 2017, Plaintiff filed a Motion for Leave to File Third Amended Complaint ("TAC"). (Doc. 65.)

The TAC withdraws several claims and modifies others. The TAC withdraws Count Three, Sex Discrimination/Hostile Work Environment in Violation of the Arizona Civil Rights Act, A.R.S. § 41-1463(B)(1). (*Id.* at 30.) It also withdraws three state retaliation claims under the Arizona Civil Rights Act § 41-1464: Count Four, Five, and Six. (*Id.* at 31-33.) Finally, the TAC withdraws Count Seven, Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended. (*Id.* at 33.)

The TAC streamlines the remaining counts. What results is: one count of sex discrimination and one count of retaliation under the Fair Labor Standards Act, two counts of Title VII retaliation claims, and a final count of sex discrimination under Title VII. The TAC reduces the number of counts against the Defendant from eight to five. (*Id.* at 28-35.)

The amendments Plaintiff proposes for the TAC occurred—in part—after the filing of the SAC. Subsequent to the SAC, Plaintiff alleges that TFD instituted a new policy which had an adverse impact on her employment. (*Id.* at 25.) Plaintiff was transferred from an 8-hour position to a Swing Shift Paramedic position near this time. (*Id.* at 25.) The timing of the transfer and the retroactive application of the policy "took away two years of seniority which Plaintiff had earned, constituting an adverse employment action." (*Id.* at 26.)  To supplement the subsequent incidents, the TAC also includes information about the circumstances surrounding Plaintiff's hernia. (*Id.*) This information provides context to the subsequent events. The TAC also includes information about later position changes, reassignments, selected supervisors, and demotions. (*Id.* at 26-28.)

In addition, facts are added about Plaintiff's husband, Gordon Clark, who traded shifts with the Plaintiff. (*Id.* at 19.) This exchange occurred in May of 2014, before Plaintiff filed her SAC. (*Id.*) Plaintiff asserts that addition of the trade incident is acceptable because during the deposition of Gordon Clark Defendant raised the issue, therefore opening the door to its inclusion in the TAC. (*Id.* at 6.)

- *Subsequent filings*

Defendant filed an objection to the TAC on March 6, 2017. (Doc. 71.) Defendant argues that the TAC is made in bad faith to "shield against any accountability to her employer for her own work conduct." (*Id.* at 4.) Defendant states that the new claims are not related to the original complaint. (*Id.* at 4.) Defendant further attests that it would suffer prejudice because the litigation has been pending for two-and-a-half years, pretrial litigation is nearly complete, and the discovery and dispositive deadlines were near.[1] (*Id.* at 10.) Defendant also argues that granting leave to amend before deciding Defendant's summary judgment motion would affect the Court's analysis of prejudice. (*Id.*)

Plaintiff filed a reply to Defendant's objection on March 8, 2017. (Doc. 72.) In it, Plaintiff argues that the Court should liberally allow amendment, and that Defendant's arguments against amendment based on bad faith and undue prejudice were insufficient. Specifically, Plaintiff states that Defendant has not provided any evidence that Plaintiff's Motion is filed in bad faith. (*Id.* at 1-2.) Plaintiff states that Defendant's opposition addresses alleged defects with the pleading, not bad faith on the part of Plaintiff. (*Id.* at 2.) Futhermore, Plaintiff states the amended complaint would not prejudice the Defendant because it was aware of the issues that are raised in the TAC, and the additional discovery needed is minimal. (*Id.* at 3.)

The deadline to complete discovery passed on April 3, 2017. (Doc. 63.)

On May 3, 2017, Plaintiff filed a motion requesting an extension of the dispositive deadline due to the pending motion to amend. (Doc. 76.) Plaintiff asks to move the

---

[1] Since the filing of the motion to amend, the discovery and dispositive motions deadlines have passed.

- 3 -

deadline from May 11, 2017 to July 9, 2017 to serve the interests of judicial economy. (*Id.* at 2.) Plaintiff claims that if a dispositive motion were considered prior to the judgment on the motion to amend, Plaintiff would be prejudiced. (*Id.*)

Defendant filed an Opposition to Plaintiff's Motion to Extend Dispositive Deadline. (Doc. 77.) Defendant suggested that the Court may address the summary judgment motion it intended to file. (*Id.* at 1.) This summary judgment motion would be directed at the facts alleged in the SAC, and any supplemental facts from the TAC could be addressed separately. (*Id.*) Defendant argued that handling the motions in this manner promotes judicial economy by possibly eliminating claims and narrowing issues. (*Id*. at 2.)

On the day of the dispositive motion deadline, Defendant filed a Motion for Summary Judgment (Doc. 82) and Plaintiff filed a Cross Motion for Summary Judgment (Doc. 84).

***Standard of Review***

A "party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).  In determining whether an amended pleading should be permitted, "[f]ive factors are frequently used to assess the propriety of a motion for leave to amend:  (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether [plaintiff] has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The Rule allows an amended pleading to allege relevant facts occurring after the filing of the original pleading. Fed.R.Civ.P. 15(d); *Keith v. Volpe,* 858  F.2d 467, 468 (9th Cir. 1988).

- ***Bad Faith***

The Court does not find that Plaintiff has acted in bad faith. The facts added to the TAC serve to provide an additional factual basis for the hostile work environment and retaliation claims and articulate continued adverse actions suffered by the Plaintiff. Many of these incidents occurred subsequent to the filing of the SAC. Those that did not occur

1 before the SAC provide context for the subsequent events.

2 Further, the additional facts are related to the facts alleged in the original
3 complaint: they are subsequent events that are plausibly in retaliation of Plaintiff's initial
4 allegations of sex discrimination in the workplace.

5 Additionally, the alleged adverse employment actions were unknown to the
6 Plaintiff at the time of the SAC and therefore do not appear to be made in bad faith. Late
7 amendments to "assert new theories are not reviewed favorably when the facts and the
8 theory have been known to the party seeking the amendment since the inception of the
9 cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393,
10 1398 (9th Cir. 1986). Here, even those incidents known to the Plaintiff prior to the SAC
11 are being included based on the subsequent events and allegations of Defendant.
12 Therefore, the Court finds that the TAC supplements the theory of retaliation, and this
13 information was not available to the Plaintiff at the time of the filing of the SAC.

14 Finally, Defendant argues that Plaintiff displays bad faith because the TAC was
15 filed to hide accountability for her own work conduct. However, Plaintiff has alleged
16 facts in the TAC which suggest a connection between her various complaints and adverse
17 and retaliatory employment action. Defendant does not allege that the additional facts are
18 false, only that the connection to her original complaint is tenuous. This, however, does
19 not reflect bad faith.

20 - *Undue Delay*

21 The Court further finds that allowing the TAC would not cause undue delay. At
22 the time the TAC was filed, neither the discovery nor the dispositive deadlines had
23 passed. The issues raised in the TAC are limited and extending discovery would not be a
24 substantial burden. Discovery could be narrowed to include only the events surrounding
25 Plaintiff's hernia, husband Gordon Clark's coverage, and the initiation of the seniority
26 guidelines affecting Plaintiff's placement within TFD. In addition, it appears that there
27 has already been significant information exchanged between the parties pertaining to
28 these issues.

Further, granting an extension of the dispositive motions deadline will not cause undue delay. The parties have just recently filed cross motions for summary judgment. The issues these motions address can be streamlined by the TAC. Both parties will be permitted to refile dispositive motions based on the facts and claims as alleged in the TAC.

Finally, there are no pending trial dates and therefore an amended complaint will not delay trial preparation. In addition, the Court finds that the narrowed number of counts will focus litigation and promote judicial efficiency.

- ***Prejudice to Opposing Party***

The Court considers that "generally a party will not be deemed prejudiced by an amended pleading if the amendment relates to the same conduct, transaction, or occurrence alleged in the original pleading, or if the opposing party is otherwise aware of the facts contained in the amended pleading." 61A Am. Jur. 2d Pleading § 724 (2017) (citations omitted).

The added facts relate to the same original conduct of the Defendant and Defendant was fully aware of the facts alleged in the TAC: the shift trades, the EEOC claims, as well as the changes in employment status and payment to the Plaintiff. Therefore, the Court does not find the Defendant is prejudiced by the TAC. Alternately, preventing amendment of the complaint may cause prejudice to the Plaintiff because resolution of this case may prevent Plaintiff from raising a retaliation claim in future litigation. On balance, the Court finds the facts weigh in favor of amendment.

- ***Futility***

Parties may not amend their pleadings when amendment would be futile or "where the amended complaint would be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

Defendant argues that amendment would be futile because there is no connection between the subsequent events and the original complaint pertaining to the availability of lactation facilities. The Court disagrees. Plaintiff's TAC adds facts relating to the claims

- 6 -

already before the Court, and Plaintiff's filing provides additional support for the streamlined counts amended in the TAC. The continued adverse actions—specifically demotion and elimination of her seniority status—could plausibly be in retaliation for her continued litigation based on her original complaint of sex discrimination. The TAC adds a further factual basis for Plaintiff's claims of retaliation and hostile work environment.

- *Previously Amended Complaint*

As noted previously, Plaintiff has already amended her complaint twice. However, the TAC changes could not have been integrated into an earlier complaint. Therefore, the Court does not find the prior filings a limiting factor in Plaintiff's filing of the TAC.

The Court cautions, however, that additional requests for amendment will in all likelihood hinder the progression of the case. The original deadline has long passed. No future requests to amend will be permitted absent extraordinary circumstances.

Accordingly, **IT IS ORDERED**:

1. The **Motion to for Leave to File a Third Amended Complaint** (Doc. 65) is **granted**.
2. Plaintiff is directed to file her Third Amended Complaint within fourteen (14) days of this Order. *See* ECF Policies and Procedures Manual §II.H ("If the motion to amend is granted, the party seeking the amendment must file the amended pleading with the court and serve it on the other parties. It will not automatically be filed by the Clerk's Office.").
3. Defendant's **Motion for Summary Judgment** (Doc. 82) is **denied** without prejudice.
4. Plaintiff's **Cross Motion for Summary Judgm**ent (Doc. 84) is **denied** without prejudice.
5. Plaintiff's **Motion for Extension of Time to File Dispositive Motions** (Doc. 76) is **granted**. Given the timing of this Order and the passing of the dispositive deadline on May 11, 2016, both parties shall have until July 14, 2017 to file dispositive motions based on the Third Amended Complaint.

6. **Discovery** limited to the issues raised in the Third Amended Complaint shall be **extended** to June 30, 2017.

Dated this 16th day of May, 2017.

                                                       */s/ Cindy K. Jorgenson*
                                                       Cindy K. Jorgenson
                                                       United States District Judge