**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, SB#019502
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Ferrara Clark,<br><br>       Plaintiff,<br><br>vs.<br><br>City of Tucson,<br><br>       Defendant. | Case No.  4:14-CV-02543-TUC-CKJ<br><br>**PROPOSED JOINT<br>PRETRIAL ORDER** |

Pursuant to the Scheduling Order entered on May 22, 2015, following is the Joint Proposed Final Pretrial Order to be considered at the pretrial conference.

**A.     COUNSEL FOR THE PARTIES**

Plaintiff: Jeffrey Jacobson, Jacobson Law Firm.

Defendant: Principal City Attorneys Michelle Saavedra and Renee Waters, City of Tucson.

**B.     STATEMENT OF JURISDICTION**

Defendant is an employer within the meaning of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §§ 2000e et seq. (Title VII), and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1). The Tucson Fire Department employs more than 700 people. Plaintiff is an employee of the City of Tucson Fire Department (TFD) within the meaning of 42 U.S.C. § 2000e(f) and 29 U.S.C. § 203(e)(1). Jurisdiction is not disputed.

1

**C.    NATURE OF ACTION**

This is a civil lawsuit alleging that since October 27, 2012, the City of Tucson Fire Department (TFD) subjected Plaintiff Carrie Clark to a pattern of unlawful conduct that constitutes sex discrimination and retaliation under the Fair Labor Standards Act (FLSA) and Title VII of the Civil Rights Act of 1964 (Title VII). Specifically, Plaintiff alleges that Defendant failed to provide legally-mandated lactation facilities for Mrs. Clark to express breastmilk for her newborn son. When she complained about it, Plaintiff alleges, Defendant retaliated against her and created a hostile work environment for Mrs. Clark. Defendant denies these allegations.

**D.    CONTENTIONS OF THE PARTIES**

Plaintiff alleges that after the birth of her first child, TFD failed to provide her appropriate accommodations for expressing breastmilk. Once she filed a complaint about the lack of facilities, this allegedly led to a series of discriminatory and retaliatory actions by TFD. Plaintiff raises four claims: (1) sex discrimination in violation of the Fair Labor Standards Act for failing to provide a legally-compliant space for Plaintiff to express milk; (2) retaliation in violation of the Fair Labor Standards Act for adversely acting against Plaintiff after she reported that TFD did not have legally-compliant space for lactating mothers; (3) sex discrimination in violation of Title VII of the Civil Rights Act of 1964; and (4) retaliation discrimination in violation of Title VII.

The City alleges Plaintiff was provided a legally compliant and appropriate lactation space at each fire station she was assigned and worked. The City alleges that Plaintiff's dissatisfaction with the work assignments was related to Plaintiff's desire to be assigned to a specific station, not due to the City's failure to provide a legally compliant space at each station to which Plaintiff was assigned.  The City denies Plaintiff's allegations that she was subjected to discriminatory or retaliatory actions due to her lactating status, her complaint regarding the lactating spaces, All actions taken regarding Plaintiff were based on non-discriminatory and non-retaliatory business reasons.

**E.    STIPULATIONS AND UNCONTESTED FACTS**

1.     Plaintiff Carrie Ferrara Clark is a resident of Pima County, Arizona.

2.      Defendant City of Tucson is a municipal corporation in Pima County, Arizona.

3.      Plaintiff is a firefighter with the City of Tucson Fire Department (TFD).

4.      Plaintiff holds a Paramedic Certification.

5.      Plaintiff has been a TFD employee since 2007.

6.      Plaintiff gave birth to her first child, Austin Clark, on July 19, 2012, and returned to work on October 27, 2012.

7.      Plaintiff was assigned to swing shift prior to her nursing needs with her first child.

8.      When Plaintiff returned to work after the birth of her first child, she returned to her assignment as a Swing Paramedic on C Shift, which means she continued to be assigned to work at different stations depending on TFD's needs.

9.      On or about November 9, 2012, Plaintiff submitted a memorandum requesting to be temporarily assigned to TFD Station 12.

10.     On or about November 12, 2012, Plaintiff met with Deputy Chief Ed Nied and Deputy Chief Rob Rodriguez at TFD Headquarters.

11.     TFD Station 6 is located at the far southeast boundary of the City on Wilmot off of I-10, and primarily responds to calls from the federal and state prisons on Wilmot.

12.     On July 31, 2013, Plaintiff filed a written charge of discrimination with the Arizona Attorney General's Office, Civil Rights Division pursuant to the Arizona Civil Rights Act, § 41-1481(A).

13.     On April 24, 2014, the Attorney General's Office issued Plaintiff a Right to Sue letter.

14.     On or about May 22, 2014, Plaintiff filed a notice of claim against the City of Tucson alleging she had experienced sex discrimination and retaliation since returning to work in late October 2012.

15.     In or around June or July 2014, Plaintiff competed for a position in the Fire Prevention Division.

16.     Plaintiff was selected for the position of Fire Inspector.

17.     TFD transferred Plaintiff to a Swing Shift Paramedic position effective May 2, 2016.

18.     Plaintiff never had to express milk in a bathroom while at work.

19.     As of November 2012, Station 20 was one of TFD's newer stations and had private bedrooms for employees.

20.     The Fair Labor Standards Act (FLSA), as amended by the Patient Protection and Affordable Care Act, 29 U.S.C. § 207(r), requires an employer to provide a suitable location and break times for the purpose of expressing breast milk for one year after a child's birth each time an employee has need to express the milk.  The location must be a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public.

## F.     CONTESTED ISSUES OF FACT AND LAW

### *Plaintiff's Contested Issues of Fact and Law:*

1.  Whether TFD provided Plaintiff with a legally compliant lactation room on a consistent basis until March 23, 2013.

2.  Whether TFD engaged in a pattern of hostile and belittling behavior toward Plaintiff, causing her serious emotional anguish.

3.  Whether TFD intentionally discriminated against Plaintiff in violation of the Fair Labor Standards Act and acted with malice or with reckless indifference to Plaintiff's federally-protected rights.

4.  Whether TFD retaliated against Plaintiff in violation of the Fair Labor Standards Act's anti-retaliation provision for her repeated and continued reports of her belief that TFD was violating federal law by not providing her with a legally-complaint lactation room on a consistent basis.

5.  Further, in reprisal for reporting the FLSA violation, TFD retaliated against her by disciplining her and relegating her to work only at Station 6.

4

6. Whether TFD maintained a pattern and practice of retaliation discrimination and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, transferred, discharged or disciplined, caused adverse and discriminatory impact upon Plaintiff.

7. Whether TFD's actions as alleged herein constitute discrimination on the basis of sex in violation of Title VII, and specifically, 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e(k).

8. Whether TFD intentionally discriminated against Plaintiff and acted with malice or with reckless indifference to Plaintiff's federally protected rights.

9. Whether the acts, policies and practices of TFD in this case violate Title VII's retaliation discrimination provisions.

10. Whether TFD willfully and intentionally discriminated against Plaintiff, as alleged above, on the basis of reprisals for her complaints about, and opposition to, TFD's discrimination against Plaintiff on the basis of her sex, and TFD's failure to enforce discrimination and harassment policies by creating a hostile work environment.

11. Whether TFD maintained a pattern and practice of retaliation discrimination and, by the use of facially neutral employment practices and on other occasions, by the use of excessively subjective standards for selection of those to be promoted, demoted, transferred, discharged or disciplined, caused adverse and discriminatory impact upon Plaintiff.

12. Whether Plaintiff is damaged by TFD's violations of Title VII and has sustained mental and emotional distress, damage to her reputation, and such other damages.

13. Whether, as a result of TFD's actions, Plaintiff suffered damages, including, without limitation, loss of wages and associated benefits, and emotional distress, for which she should be compensated.

*Defendant's Contested Issues of Fact and Law:*

1. Whether the TFD stations Plaintiff was assigned had an adequate lactation space under the FLSA guidelines.

2. If the stations were inadequate, whether Plaintiff used sick leave or vacation leave because of the inadequacy of the space available at the station she was assigned.

3. Whether the City discriminated against Plaintiff because of her lactating status.

4. Whether meeting with the City's EOPD in January 2013, constituted a protected activity, or an attempt to get an assignment that was more convenient.

5. If the meeting with EOPD in January 2013, constituted a protected activity was she assigned to Station 6 because she engaged in that protected activity.

6. Whether Plaintiff was transferred from Prevention to Operations in retaliation for her filing a wrongful conduct complaint about the work environment in Fire Prevention.

7. Whether the seniority policy put in writing on May 13, 2016, was a new policy.

8. Whether the seniority policy was applied retroactively.

9. Whether the application of the seniority policy only affected Plaintiff.

10. If the above are true, was the implementation and application of the seniority policy in retaliation for Plaintiff filing a wrongful conduct complaint about the work environment in Fire Prevention.

11. Whether Plaintiff can prove she suffered injuries or damages as a result of the alleged sex discrimination or retaliation.

**G.   LISTS OF WITNESSES**

*Plaintiff's Witnesses*

1. Carrie Clark: Plaintiff has knowledge of TFD's discrimination against her by its failure and refusal to provide her with a suitable private lactation space,

6

the hostile work environment created, and the retaliation taken against her. She will testify regarding her damages in this case.

2.   Gordon Clark: Plaintiffs husband and a Fire Caption with TFD. Clark is aware of TFD's refusal and failure to provide Plaintiff with a suitable lactation room, the hostile work environment to which Plaintiff was subjected, and the subsequent retaliation against Plaintiff. He will also testify regarding his observations of Plaintiff's emotional distress damages and its effects on their family.

**City's Objections:** Not relevant, hearsay, and not disclosed. There is no hostile work environment claim in this case, therefore the City objects to any statements, argument, or mention of any alleged hostile work environment and objects to Gordon Clark testifying about any matters already disposed of in this matter per Court Order Doc. 131. The City also objects to Gordon Clark's testimony as hearsay, and further objects to any testimony related to matters Plaintiff and Gordon asserted as spousal privilege and refused to provide testimony to during their depositions in this matter.

3.   Sloan Tamietti: On March 26, 2012, Tamietti, who is a Union representative, accompanied Plaintiff to a meeting with Deputy Chief Rodriguez, Assistant Chief Fischback and Deputy Chief Nied at which she was given a letter of reprimand for a comment she had made when she was assigned to a station that did not have a suitable lactation room

**City's Objections:** Hearsay, and/or cumulative and a waste of time.

4.   Jeff Todd: Paramedic Jeff Todd was assigned to Station 12. Paramedic Todd requested a permanent transfer to Station 20 in part to assist Plaintiff in her request to transfer to Station 12, which had a private lactation room. Paramedic Todd's transfer to Station 20 was denied, although he was allowed to transfer to a swing shift position. His position at Station 12 was then put out for bid rather than being given to Plaintiff.

5.   Veronica Munoz: Ms. Munoz is an HR assistant and witnessed the disparate treatment that Plaintiff was subjected to while assigned to light duty, including docking hours from Plaintiff's vacation time for exercising, requiring Plaintiff to produce a doctor's permission to exercise, and disallowing flex time.

**City's Objections:** Hearsay, lacks foundation.

6.   James Sieminski: Capt. Sieminski is expected to testify regarding inappropriate and disparaging comments he made to Plaintiff about her use of a room as a "nursing room."

7.   Nate Webber: Capt. Webber overheard Capt. Sieminski make inappropriate and disparaging comments in front of Plaintiff regarding her use of a room as a "nursing room."

8.   Joe Gulotta: Then-Assistant Chief Joe Gulotta was present at a meeting with Brouillette and HR Manager Acedo, amongst others, at which it decided that Plaintiff would be allowed to exercise, but only at Station 1, that she would not be allowed to flex her time and that her schedule would be 7:00 a.m. to 5:30 p.m. every day. He also has knowledge of the issues surrounding the 150 Club.

9.   Francis Kunz: Ms. Kunz is Plaintiff's mother.  Plaintiff expects Ms. Kunz to testify regarding her experience as her mother, her experience with Plaintiff's two sons (Austin and Mason), and to the emotional distress that Plaintiff has experienced since she complained to Defendant about the lack of proper lactation facilities in Tucson Fire Department.

**City's Objections:** Not relevant, and/or confuses or misleads the jury as to the issues in this matter. Ms. Kunz's experience as a mother or her experiences with Plaintiff's sons are irrelevant.

10.  Noreen Carver, R.N.: Ms. Carver is a Registered Nurse and holds the IBCLC (International Board Certified Lactation Consultant) Certification. An IBCLC is certified by the International Board of Lactation Consultant Examiners®,

Inc. under the direction of the US National Commission for Certifying Agencies. As a clinical expert in the management of breastfeeding and human lactation, Plaintiff anticipates Ms. Carver's testimony will include, but not be limited to, breastfeeding and expressing breast milk (either by hand or with a pump), the frequency and duration of expressing breast milk, difficulties and high-risk situations that can arise during breastfeeding, the effects of not regularly expressing breast milk when breastfeeding, prevention and management of breast pain and engorgement, and the effects of stress on the mother's production of and ability to express breast milk.

11.     Scott Radomsky, M.D.: Austin Clark's Pediatrician. He is expected to testify regarding his treatment of Austin, his observations of Austin's health during Austin's first year of life, his assessments, and his directions to Plaintiff regarding her feeding of Austin.

City's Objections: Not relevant, confuses or misleads the jury as to this issues in this matter. There is no evidence anyone at TFD knew or should of known of any medical treatment Austin received, his health condition(s), or any directions Plaintiff was allegedly given regarding the feeding of Austin. Regardless, this evidence is irrelevant to the legal issues and/or alleged damages in this matter.

12.     Josue Camarena: Paramedic Josue Camarena is expected to testify to his experience at work after being convicted of driving under the influence, his assignments, and any administrative action that was taken as a result.

**City's Objections:** Not relevant, not disclosed, confuses or misleads the jury as to the issues in this matter. Mr. Camarena is not a similarly situated employee treated more favorably than Plaintiff. The facts surrounding Mr. Camarena's alleged DUI conviction, his assignments, and any administrative action allegedly taken as a result has not been disclosed in this matter and are irrelevant to this issues in this case.

13.   John Valenzuela: Captain John Valenzuela is expected to testify regarding his various matters involving the judicial system and its effect on his employment, assignments, and duties. He is expected to testify regarding his appeal to the City of Tucson Civil Service Commission and relevant matters thereto. Captain Valenzuela also worked with Captain Gordon Clark when Captain Clark was a probationary Battalion Chief and will testify as to his experience regarding the same.

**City's Objections:** Not relevant, not disclosed, confuses or misleads the jury as to the issues in this matter. Mr. Valenzuela is not a similarly situated employee treated more favorably than Plaintiff. The facts surrounding Mr. Valenzuela's matters or his appeal to the Civil Service Commission were not disclosed. Further, all claims related to Gordon Clark and/or his failure of probation as a Battalion Chief are no longer issues in this case. The City was granted summary judgment regarding those matters as set forth in the Court's Order Doc. 131.

1.   Diana Benson: former Tucson Fire Department Captain and interim Tucson Fire Department Human Resources Manager. Ms. Benson will testify to her experience working with TFD administration on policy matters and her experience with Plaintiff while she was on light duty.

**City's Objections:** Not relevant, lacks foundation. Ms. Benson had no personal involvement or knowledge of any actions related to Plaintiff's allegations against the City, nor was she working as the interim Tucson Fire Department Human Resources Manager at the time Plaintiff's alleged claims arose.

Josh Campbell: Captain Josh Campbell is the President of the Tucson Fire Fighters Association Local 479. He has direct knowledge of, and is expected to testify to, many of the allegations in Plaintiff's Third Amended Complaint including, but not limited to, his knowledge of the Paramedic Pay issue,

Plaintiff's light duty assignment, Defendant's decision to require Plaintiff to take leave to be deposed by the Defendant.

**City's Objections:** Not relevant, vague/ambiguous, and lack of foundation. Several claims from Plaintiff's Third Amended Complaint are already disposed of under Court Order Doc. 131, therefore any testimony pertaining to those issues should be precluded as not relevant, to include any allegation of wrongdoing related to Gordon Clark's transfer to Operations from Fire Prevention and/or his failure of probation. Mr. Campbell lacks foundation to testify regarding the City's leave policies when an employee takes time for depositions considered to be related to personal matters.

14.   Chris Conger: Deputy Chief Chris Conger is the former Vice President of the Tucson Fire Fighters Association Local 479. Deputy Chief Conger has knowledge of and is expected to testify to many of the allegations in Plaintiff's Third Amended Complaint including, but not limited to, his knowledge of and involvement in: Plaintiff's experience at Station 6, Plaintiff's experience with her light duty assignment in 2014, Plaintiff's experience with her light duty assignment in 2016, and the issues related to Plaintiff's Paramedic Pay.

**City's Objections:** Not relevant, hearsay, lack of foundation. Mr. Conger was not personally involved with any actions related to any of Plaintiff's allegations contained in her Third Amended Complaint. All of his testimony would be based upon hearsay.

15.   Martin "Harvey" Brown: Plans Examiner Brown will testify regarding Plaintiff's light duty assignment in 2014 as well as his experience working in Fire Prevention and relevant issues thereto.

**City Objections:** Hearsay, cumulative, not relevant, and/or confuses or misleads the jury. Any testimony Mr. Brown would provide regarding Plaintiff's experiences would be based upon hearsay and cumulative. Mr. Brown's testimony regarding his experience in Fire Prevention should be

11

limited to issues still pending and any testimony pertaining to issues already disposed of under the Court's Order Doc. 131, should be precluded.

16.    Jon North: Captain North is the current Vice President of the Tucson Fire Fighters Association Local 479. Captain North has knowledge of and is expected to testify to many of the allegations in Plaintiff's Third Amended Complaint including, but not limited to, his knowledge of and involvement in issues in Fire Prevention, Defendant's decision to reassign Plaintiff from Fire Prevention into Operations, and represented Plaintiff as her Union Representative during multiple interviews conducted by various members of Tucson Fire Department administration

**City's Objections:** Not relevant, vague/ambiguous, hearsay. Several claims from Plaintiff's Third Amended Complaint are already disposed of under Court Order Doc. 131, therefore any testimony pertaining to those issues should be precluded as not relevant. Mr. North was not personally involved in the City's or TFD's decision to assign Plaintiff from Fire Prevention to Operations, therefore any  testimony relating to this decision would be hearsay.

17.    Brad DeCastro: Mr. DeCastro is expected to testify regarding the investigation into allegations that he was driving under the influence of alcohol on or about July 26, 2012, and any subsequent employment and/or administrative actions as a result.

**City's Objections:** Not relevant, not disclosed, confuses or misleads the jury as to the issues in this matter. Mr. Castro is not a similarly situated employee treated more favorably than Plaintiff. The facts surrounding Mr. Castro's alleged DUI and any alleged subsequent employment  and/or administrative actions as a result were not disclosed and are irrelevant to this issues in this case.

18.    Roger Tamietti: retired Tucson Fire Department Captain and former President of the Tucson Fire Fighters Association Local 479. Captain Tamietti is

expected to testify regarding the Union's representation of Plaintiff in the various matters alleged in Plaintiff's Third Amended Complaint between approximately March 2013 and December 2015.

**City's Objections:** Not relevant, vague/ambiguous, hearsay. Several claims from Plaintiff's Third Amended Complaint are already disposed of under Court Order Doc. 131, therefore any testimony pertaining to those issues should be precluded as not relevant.

19.     Robert Barton: Mr. Barton was the Program Manager for the City of Tucson's Office of Equal Opportunity. He was involved with then-Fire Chief Critchley regarding the EOPD's investigation of fire station compliance with FLSA regulations regarding lactation space.

20.     Mike Garcia: Then-Assistant Chief Mike Garcia will testify regarding his involvement in the seniority and rank memorandum which was back-dated two weeks.

21.     Mary McDonald: Plaintiff anticipates that Ms. McDonald will testify that she saw Plaintiff crying in her car in August 2014 when Plaintiff was on light duty.

22.     Matt Larsen: Mr. Larsen was a former Lead Civilian Investigator for Defendant's Equal Opportunity Programs Division. Plaintiff anticipates Mr. Larsen will testify regarding his experience investigating Plaintiff's Wrongful Conduct complaints and any other relevant information regarding his knowledge of this litigation.

23.     Patricia Haynes PhD: Associate Professor, University of Arizona College of Public Health. Dr. Haynes is Plaintiff's psychologist and is expected to testify, based on her training and experience, regarding her treatment and diagnostic impressions of Plaintiff from their therapy sessions.

24.     Custodian of Records or Hospitalist, Banner Pediatric Gastroenterology Clinic

Plaintiff reserves the right to object to the testimony of any of Defendant's witnesses below based on relevance, materiality, foundation, or other appropriate objections based on the Federal Rules of Evidence. Further, Plaintiff anticipates filing Motions in Limine regarding several witnesses listed below and/or the content of their proffered testimony.

***Defendant's Witnesses:***

1.     Carrie Clark

Plaintiff is expected to testify about the allegations of the Third Amended Complaint, any damages she allegedly sustained and consistent with her audio interviews/conversations with OEOP Martina Macias and testimony she provided at her deposition.

2.     JoAnn Acosta

JoAnn Acosta ("Acedo") is a Human Resources Manager for the Tucson Fire Department.   She is expected to testify about her knowledge of the circumstances surrounding the allegations in the Third Amended Complaint, to include the Tucson Fire Department's (TFD) nepotism policy, her involvement and knowledge of the inspection of TFD's stations, including the photograph she took at Station 9, and TFD's policy regarding seniority. She is expected to testify consist with her deposition in this matter.

3.     Battalion Chief Tim Nofs

Tim Nofs is a Battalion Chief (BC) with the Tucson Fire Department and was in Plaintiff's chain of command from March 20, 3013 until she went on light duty on or about June 16, 2014. He is expected to testify about a Memorandum Plaintiff sent to him on or about July 27, 2013, wherein she requested to remain at Station 6 and any knowledge or involvement he had with allowing Plaintiff to temporarily remain at Station 6. He is also expected to testify about a Memorandum Plaintiff sent to him on or about September 18, 2013, and his involvement and knowledge about addressing Plaintiff's claim of being mocked for the nursing policy. BC Nofs reviewed and signed off on Plaintiff's annual evaluation provided to her on or about December 23, 2013, and is expected to testify consist with the contents of said evaluation. BC Nofs is expected to testify about a drill that took

14

place at a park on May 22, 2014, and his knowledge and involvement with addressing Plaintiff's behavior and complaints regarding the drill.

4.     Retired Chief Jim Critchley

Jim Critchley was the Chief for the Tucson Fire Department when the alleged incidents occurred and is expected to testify about his knowledge of and involvement with the "Wrongful Conduct Complaint" Plaintiff filed with EOPD on March 9, 2016. He is also expected to testify about his decision to transfer Plaintiff from Fire Prevention back out to Operations, and consistent with his deposition in this matter..

5.     Captain Ted McDonough

Ted McDonough is a Captain with the Tucson Fire Department and was in Plaintiff's chain of command from March 20, 3013 until she went on light duty on or about June 16, 2014. He is expected to testify about Plaintiff's temporary assignment at Station 6 and his knowledge of and involvement with Engine 6 response to a commercial garbage truck fire and Plaintiff's performance during the call. He is also expected to testify about a drill he facilitated on May 22, 2014, and Plaintiff's conduct during the drill.

6     Assistant Chief Brad Olson

Brad Olson is an Assistant Chief with the Tucson Fire Department and is expected to testify about his knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint, including his recollection of the email JoAnn Acosta (Acedo) sent him on or about July 19, 2013, and the email he sent  on August 1, 2013.

7.     Deputy Chief Ed Nied

Ed Nied is a Deputy Chief with the Tucson Fire Department and was responsible for for the stations generally east of Alvernon, which includes Station 12. He is expected to testify about his knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint, including his involvement in the meeting he and DC Rob Rodriguez had with Plaintiff on November 13, 2012. He is also expected to testify about the discussion he had with DC Rodriguez regarding Plaintiff's request to switch positions with Jeff Todd in November 2012, and concerns Paramedic Scott Billings

raised regarding his bid to Paramedic 12C and the possibility that Plaintiff may "bump" him from that spot.

8.     Deputy Chief Rob Rodriguez

Rob Rodriguez is a Deputy Chief with the Tucson Fire Department and was responsible for the stations generally west of Alvernon, which includes Station 20. He is expected to testify about his knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint, as set forth in his Declaration dated May 5, 2017, and consistent with the documentation and notes contained in the supervisory file he maintained while Plaintiff was in his chain-of-command. He is expected to testify about his involvement in the meeting he and DC Nied had with Plaintiff on November 13, 2012. He is also expected to testify about the discussion he had with DC Nied regarding Plaintiff's request to switch positions with Jeff Todd in November 2012, and his knowledge about the discussions and decisions made regarding her assignments up until March 2013. He will also testify about the telephone conversations with Plaintiff on March 20, 2013, and the discipline she received as a result of her actions during those calls. He will testify about his discussion with DC Fischback after the telephone calls and the decision to temporarily assign Plaintiff to Station 6. He will testify about the meeting with Plaintiff on August 2, 2013, regarding her claim she was being mocked about the nursing policy, and Plaintiff's request to remain at Station 6 longer, which she made in November 2013 and his concurrence with her positive work evaluation in December 2013.

9.     Battalion Chief Brian Stevens

Brian Stevens is a Battalion Chief with the Tucson Fire Department and is expected to testify about his knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint, including his knowledge about Jeff Todd's request to switch assignments with Plaintiff in October 2012. He is expected to testify about Jeff Todd's performance issues at the time and the bases for the decision made to move Jeff Todd to another station at that time.

10.   Captain Rick L'Heuruex

Rick L'Heuruex is a Captain with the Tucson Fire Department and is expected to testify about his knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint, including Plaintiff's request for stations she wanted to be placed upon her return to work in October 2012, and consistent with his OEOP interview with Bob Barton on March 22, 2013. He is also expected to testify about how he worked with Plaintiff to assign her to stations she preferred to the best of his ability and in consideration of what TFD's needs were. He is expected to testify that he cannot recall a time where Plaintiff was assigned to a station she did not want or one without proper facilities up until March 20, 2013. He will also testify about the text messages sent between him and Plaintiff from November 2011 through November 2013.

11.   Deputy Chief Mike Fischback

Mike Fischback is a Deputy Chief with the Tucson Fire Department and is expected to testify about his knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint, including his participation in the telephone calls on March 20, 2013, the decision to temporarily assign Plaintiff to Station 6, and Plaintiff's discipline for her remark(s) and actions during those calls.

12.   Assistant Chief Laura Baker

Laura Baker is an Assistant Chief with Tucson Fire Department and is expected to testify about her knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint, to include her investigation into Plaintiff's "Wrongful Conduct Complaint" filed on March 9, 2016, and her finding that Plaintiff's complaints were unfounded. She will also testify about Plaintiff's educational counseling on March 24, 2016. She is also expected to testify about the ongoing problems Plaintiff caused in Fire Prevention, and the improvement in morale and efficiency after Plaintiff was transferred back into Operations.

13.   Deputy Chief Michael Carsten

Michael Carsten is a Deputy Chief with Tucson Fire Department and is expected to testify about his knowledge of and involvement with the circumstances relating to the

allegations of the Third Amended Complaint, to include his participation in the investigation into Plaintiff's "Wrongful Conduct Complaint" filed on March 9, 2016, and Plaintiff's conduct at Fire Prevention.

14.   Ariane Phaneuf

Ariane Phaneuf is a Paramedic with the Tucson Fire Department and has been since 1995. She is expected to testify about her personal experience and ability to express milk while on-duty after her pregnancies. She is expected to testify that she never experienced any issues. Ms. Phanuef was assigned to Station 12 when Mrs. Clark returned to work after the birth of her first child and Ms. Phanuef was expressing milk for one of her children at that time. She is expected to testify about her personal knowledge regarding Mrs. Clark's request to be at Station 12.

15.   Nikki Sprenger

Nikki Sprenger is a Fire Inspector with the Tucson Fire Department. Ms. Sprenger is expected to testify regarding her personal experience with Plaintiff, Plaintiff's disruption of the workplace and the environment in Fire Prevention during the time Plaintiff was assigned to that division.

Plaintiff's Objection: The "environment in Fire Prevention during the time Plaintiff was assigned to that division" is not relevant or material to the issues in this case. Unless Defendant intends on claiming that Plaintiff was transferred out of Fire Prevention based on a specific complaint filed or brought by Inspector Sprenger, her testimony is not relevant.

16.   Ken Brouilette

Ken Brouilette is expected to testify about his knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint.  He is also expected to testify regarding his supervision of Plaintiff, including her performance, attitude and Educational Counseling while assigned to Fire Prevention.

17.    Joyce Garland

Joyce Garland is the Assistant City Manager and is expected to testify about her knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint.  She is also expected to testify regarding her memorandum to

Martina Macias regarding Wrongful Conduct complaint number 16-06-001, and her finding that Plaintiff's complaints did not meet the City of Tucson's criteria for retaliation.

18.    Stephanie Lundell, M.D.

Dr. Lundell is expected to testify about her knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint.  She is also expected to testify regarding Plaintiff's allegation that she diagnosed Plaintiff with a hernia.

19.    Wayne F. Peate, M.D.

Dr. Peate is expected to testify, if needed, about his knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint.  Dr. Peate is one of the doctors the Tucson Fire Department uses in evaluating its personnel for fitness for duty. He is also the custodian of records for Well America and is expected to testify about Plaintiff's medical records, if necessary.  .

Plaintiff's Objections: Although Dr. Peate is mentioned in Defendant's 11th Supplemental Disclosure, Defendant did not specifically list him as a witness. Dr. Peate is also duplicative as Dr. Lundell treated Plaintiff and diagnosed her hernia condition, and is qualified to testify regarding Plaintiff's medical records.

20.    John Vincent

John Vincent is a Fire Inspector with the Tucson Fire Department and is expected to testify about what he witnessed occur between Plaintiff and Nikki Sprenger prior to Plaintiff's transfer back to Operations. He is expected to testify consist with his documentation of the incident authored shortly thereafter.

Plaintiff's Objection: For the same reasons as discussed above regarding Inspector Sprenger, Inspector Vincent's testimony is not relevant or material to the issues in this case. Either way, his testimony is duplicative and cumulative.

21.    Captain Paul McDonough

Paul McDonough is a Captain with the Tucson Fire Department and is expected to testify about his discussion(s) with Plaintiff about her specific request to work at stations with private rooms preferably to the eastside of town, with 12 as the most ideal. He is

expected to testify consistent with the Memorandum he authored that memorializes the conversation(s) with Plaintiff.

22.   Captain Jeff Langejans

Jeff Langejans is a Captain with Tucson Fire Department. Subject to this Court's ruling on motions in limine to be filed at a later date, Captain Langejans may be called to testify about his knowledge of and involvement with the circumstances relating to the allegations of the Third Amended Complaint, to include Plaintiff's claims regarding her time in Fire Prevention.

Plaintiff's Objection: Captain Langejans' testimony is not relevant or material to the issues in this case.

## H.   LIST OF EXHIBITS

### *Plaintiff's Exhibit List*

| Exhibit No. | Description | Bates No. (if available) |
|---|---|---|
| 1. | City of Tucson Office of Equal Opportunity Programs and Independent Police Review Memorandum dated March 22, 2013 | COT 000449-450 |
| 2. | Emails in response to Plaintiff's public records request | |
| 3. | City of Tucson Administrative Directive | |
| 4. | Tucson Fire Fighters Association and City of Tucson Labor Agreement Effective July 1, 2010 | |
| 5. | Materials relating to filing a complaint pursuant to City of Tucson Code Chapter 17 | |
| 6. | City of Tucson Civil Service Commission Rules and Regulations | |
| 7. | Excerpts of the Tucson City Charter Chapter XXII and Tucson City Code Chapter 10 Pertinent to Civil Service | |
| 8. | City of Tucson Code of Ethics and Rules of Conduct | |
| 9. | Agreement between City of Tucson and IAFF Local 479 Effective July 1, 2009 thru June 30, 2012 | |
| 10. | Agreement between City of Tucson and IAFF Local 479 Effective July 1, 2006 thru June 30, 2009 | |

| 11. | Excerpts from Tucson Fire Department Manual of Operations | |
|---|---|---|
| 12. | News articles and blog posts regarding plaintiff's lawsuit | |
| 13. | Expert Witness Noreen Carver | |
| 14. | Various emails regarding leave time/payroll<br>Defendant's objection: Hearsay and relevance. | CLARK000745 – 000809 |
| 15. | News articles related to Plaintiff's lawsuit<br>Defendant's objections: Hearsay and relevance | CLARK000810 – 000815 |
| 16. | Subpoena to Verizon Wireless including phone records<br>Defendant's objection: Defendant reserves the right to object to specific entries based on lack of foundation or lack of relevance. | CLARK000816 – 000834 |
| 17. | Various bid winners and Telestaff records | CLARK000835 – 000891 |
| 18. | 10-27-08 Master Memo from Jerry Bates to all personnel | CLARK000892 – 000894 |
| 19. | 11-2004 City of Tucson Code of Ethics and Rules of Conduct | CLARK000895 – 000903 |
| 20. | 2014 Power Point from Chief Certification Regarding Human Recourses Training | CLARK000904 – 000915 |
| 21. | Various Telestaff calendars and Plaintiff's Telestaff history | CLARK000916 – 000923 |
| 22. | Newspaper articles regarding Plaintiff's lawsuit and comments<br>Defendant's objection: Hearsay and relevance. | CLARK000924 – 000933 |
| 23. | 3-24-16 Educational Counseling from Ken Brouillette to Plaintiff | CLARK000975 – 000976 |
| 24. | 4-27-16 Memo from Chief Critchley to Plaintiff | CLARK000978 |
| 25. | Master Memo from Mike Garcia to all personnel | CLARK000979 – 000984 |
| 26. | 6-13-16 Memo from Joyce Garland to Martina Macias | CLARK000985 |
| 27. | 4-4-16 Master Memo from Joanne Acosta to all personnel | CLARK000986 – 000988 |
| 28. | 5-11-16 Email from Joanne Acosta to Plaintiff | CLARK000989 |
| 29. | Light Duty forms | CLARK000990 – 000991 |
| 30. | Emails regarding demotion and 150 club pay<br>Defendant's objection: Defendant reserves the right to object to specific entries based on lack of foundation or lack of relevance. | CLARK000992 – 001010 |
| 31. | Email assigning Plaintiff to Chief Baker for Light Duty | CLARK001020 |
| 32. | Portion of union contract regarding trades; | CLARK001021 |

21

| | | |
|---|---|---|
| | vacation pay policy for holidays. | |
| 33. | Austin Clark's medical records<br>Defendant's objection: relevance, hearsay, and lack of foundation. | CLARK001117 – 001209 |
| 34. | Plaintiff's medical records<br>Defendant's objection: Defendant reserves the right to object based on relevance and to object to specific portions | CLARK001210 – 001448 |
| 35. | Plaintiff's handwritten notes<br>Defendant's objection: Defendant reserves the right to object based on relevance and to object to specific portions | CLARK001449 – 001490 |
| 36. | News articles including made up Facebook profile Delores McGowen authored by Rebecca Parisi – GF or wife of a TFD Captain<br>Defendant's objection: Hearsay | CLARK001491 - 001504 |
| 37. | 5-23-17 Master Memo from Mike Garcia to all personnel<br>Defendant's objection: Relevance | CLARK001505 |
| 38. | Fire prevention overtime hours | CLARK001506 – 001507 |
| 39. | Feb./March 2016 Emails from Plaintiff to Ken Brouillette | CLARK001508 – 001509 |
| 40. | 4-2-14 Emails between Gordon and Chief Baker<br>Defendant's objection: Relevance | CLARK001510 – 001514 |
| 41. | City of Tucson Power Point on appropriate workplace behavior<br>Defendant's objection: Relevance | CLARK001515 – 001572 |
| 42. | 5-9-17 Memo from Rebecca Hill to Mike Ortega<br>Defendant's objection: Relevance | CLARK001573 – 001578 |
| | | |
| 43. | Manual of Operations Section 219 Pregnancy Policy | CLARK001702 – 001703 |
| 44. | 11-20-12 Emails from Plaintiff to Chief McDonough | CLARK001704 - 001706 |
| 45. | Plaintiff Telestaff Calendars | CLARK001707 – 001712 |
| 46. | Master Memo indexes from 2012 – 6/2017<br>Defendant's objection: Relevance | CLARK001713 – 001722 |
| 47. | Daily Bulletin Index 1/2014 – 6/2017<br>Defendant's objection: Relevance | CLARK001723 – 001795 |
| 48. | Plaintiff's Telestaff records 2012 – 3/2013 | CLARK001796 – 001865 |
| 49. | Daily Bulletin Index 2012 - 2013<br>Defendant's objection: Relevance | CLARK001866 – 001914 |
| 50. | Brad DeCastro DUI Report | CLARK001915 – 001943 |

| | | |
|---|---|---|
| | Defendant's objection: Hearsay, relevance | |
| 51. | 4/2016 Award Recipients<br>Defendant's objection: Hearsay, relevance | CLARK001944 – 001948 |
| 52. | Deposition of James E. Critchley, Jr. | |
| 53. | Deposition of Laura Baker | |
| 54. | Deposition of JoAnn Acedo-Acosta | |
| 55. | Deposition of Michael Fischback | |
| 56. | Transcript of Audio Recording of OEOP interview of Richard L'Hereux | |
| 57. | Emails regarding Retaliation Complaint | COT002823 - 002831 |
| 58. | 2012-2016 TFD Three Platoon Working Schedules | COT003081 - 003085 |
| 59. | 2017 TFD Three Platoon Working Schedule | |
| 60. | Telestaff Personnel History 10/31/2013 through 6/16/2014 for Plaintiff | COT003098 - 003099 |
| 61. | TFD Battalion/Station Grid Map (color) | COT003643 |
| 62. | TFD Fire Stations Map (color) | COT003644 |
| 63. | TFD Seniority List Commission May 2016 | COT003950 - 003965 |

In addition to the specific objections listed above, Defendant reserves the right to object to any exhibit or witness for lack of foundation or relevance via motions in limine and/or at trial.

In addition to the objections below, Plaintiff reserves the right to object to the admissibility of any of Defendant's exhibits below based on relevance, materiality, foundation, or other appropriate objections based on the Federal Rules of Evidence. Further, Plaintiff anticipates filing Motions in Limine regarding several exhibits listed below and/or the reason proffered by Defendant for their use at trial.

### *Defendant's Exhibits*

1.   DB#: 815 regarding Bid Cycle beginning 12/15/2011
     (bates-stamped COT003946)

2.   DB #830 regarding Bid Winners 12/25/2011
     (bates-stamped COT003947)

3.   Rick L'Heureux text messages with Carrie Clark from November 19, 2011, through November 4, 2013
     (bates-stamped COT003100-003113)

  
PLAINTIFF'S OBJECTION: The existence of these documents was disclosed by Defendant, but the documents themselves have never been provided to Plaintiff.

4.      Jeff Todd and Scott Billings PUFS effective dates 11/5/12 and 12/5/12
        (bates-stamped COT003087-003089)

5.      Chronological Station History of Carrie Clark from October 27, 2012
        through October 31, 2013
        (bates-stamped COT002355-002359)

6.      Station 9 dormitory room photo
        (bates-stamped COT003640)

7.      Mapquest from Plaintiff's mother's home to Station 6
        (bates-stamped COT003655-COT003656)

8.      Mapquest from Plaintiff's mother's home to Station 9
        (bates-stamped COT003657-COT003658)

9.      Mapquest from Plaintiff's mother's home to Station 12
        (bates-stamped COT003659-COT003660)

10.     Mapquest from Plaintiff's mother's home to Station 16
        (bates-stamped COT003661-COT003662)

11.     Mapquest from Plaintiff's mother's home to Station 20
        (bates-stamped COT003663-COT003665)

12.     Mapquest from Plaintiff's home to Station 6
        (bates-stamped COT003666-COT003668)

13.     Mapquest from Plaintiff's home to Station 9
        (bates-stamped as COT003669-COT003670)

14.     Mapquest from Plaintiff's home to Station 12
        (bates-stamped COT003671-COT003672)

15.     Mapquest from Plaintiff's home to Station 16
        (bates-stamped COT003673-COT003674)

16.     Mapquest from Plaintiff's home to Station 20
        (bates-stamped COT003675-COT003676)

17.     Mapquest from Plaintiff's home to Station 23 – Raytheon
        (bates-stamped COT003677-COT003679)

18.   Any relevant documents from COT OEOP file (January 2013 through March 2013)
(bates-stamped COT000441-000488)

19.   January 7, 2013, Martina Macias OEOP interview with Carrie Clark audio
(bates-stamped COT004354)

20.   Transcript of January 7, 2013, Martina Macias OEOP interview with Carrie Clark
(bates-stamped COT004386-004422)

21.   January 16, 2013, Martina Macias OEOP conversation with Carrie Clark audio
(bates-stamped COT004355)

22.   Transcript of January 16, 2013, Martina Macias OEOP interview with Carrie Clark
(bates-stamped COT004423-004465)

23.   March 8, 2013, Martina Macias OEOP telephone conversation with Carrie Clark
(bates-stamped COT004356)

24.   Transcript of March 8, 2013, Martina Macias OEOP telephone conversation with Carrie Clark
(bates-stamped COT004466-004481)

25.   March 12, 2013, Martina Macias OEOP telephone conversation with Carrie Clark
(bates-stamped COT004357)

26.   Transcript of March 12, 2013, Martina Macias OEOP telephone conversation with Carrie Clark
(bates-stamped COT004482-004500)

27.   March 22, 2013, Bob Barton OEOP interview with Rick L'Heuruex audio (including Chris Conger and JoAnn Acedo)
(bates-stamped as COT004358)

28.   Transcript of audio recording of OEOP interview of Rick L'Heureux taken   on March 22, 2013
(bates-stamped COT004359-COT004385)

29.    Email and incoming call search of Assistant Chief Mike Fischback's work/office telephone for March 20, 2013
       (bates-stamped COT003096-003097)

30.    Any relevant documents from Rob Rodriguez Supervisory File
       (bates-stamped COT002839 – 003041)

31.    Privilege Log re COT002839-003041
       (bates-stamped COT003114)

       OBJECTION: Plaintiff objects to the use of any privileged documents which have never been disclosed.

32.    Door lock work orders (start date 4/8/13 and completion dates 4/15/13 and 4/19/13)
       (bates-stamped COT003064-003080)

33.    Any relevant documents form ACRD case files (Charge of Discrimination filed July, 31, 2013)
       (bates-stamped COT000001-000438)

34.    Carrie Clark voicemail left with Captain Travis Elam on September 10, 2013
       (bates-stamped COT002738)

35.    Carrie Clark voicemail left with Captain Travis Elam on September 10, 2013 screenshot
       (bates-stamped COT002739)

36.    Carrie Clark voicemail left with Captain Travis Elam on September 16, 2013
       (bates-stamped COT002740)

37.    Carrie Clark voicemail left with Captain Travis Elam on September 16, 2013 screenshot
       (bates-stamped COT002741)

38.    Gordon Clark email to AC Laura Baker dated April 2, 2014, retained from City Computer
       (bates-stamped COT003611-COT003612)
       and the retain document Properties
       (bates-stamped COT003683)

39.    Fire Captain Ted McDonough's Drill at the Park Memo dated May 22, 2014 (COT002220-COT002221) and the screen shot of document properties showing date created

(bates-stamped COT003641)

40.     Fire Captain Ted McDonough's Commercial Garbage Truck Fire Memo dated May 22, 2014 (COT002219) and the screen shot of document properties showing date created
(bates-stamped COT003642)

41.     Memorandum authored by Carrie Clark dated June 19, 2014
(bates stamped COT000439-000440)

42.     Carrie Clark Engine 6 Fire Memo retained from Gordon Clark's City Computer (bates-stamped COT003594) and the retain document properties
(bates-stamped COT003682)

43.     Carrie Clark educational counseling form by Ted McDonough regarding May 22, 2014, fire drill
(bates-stamped COT003043)

44.     Telestaff record of Carrie Clark in Response to Plaintiff's Request for Admission No. 2
(bates-stamped COT002352-002354)

45.     Telestaff record of Carrie Clark from November, 2013, through June, 2014
(bates-stamped COT003098-003099)

46.     Email from JoAnn Acosta to Carrie Clark regarding assistance dated July 24, 2014 retained from Gordon Clark's City Computer
(bates-stamped COT003631)
retain document properties
(bates-stamped COT003681)

47.     Gordon Clark correspondence to Assistant Chief Joe Gulotta regarding donated leave retained from City Computer
(bates-stamped COT003613)
retain document properties
(bates-stamped COT003684)

48.     Arizona Daily Star Comments regarding a Tucson.Com article dated August 2, 2014
(bates-stamped COT003478-COT003484)

49.     Gordon Michael Clark v. Carrie Ann Ferrara Clark Petition for Dissolution of Marriage, Pima County Superior Court Case No. D20143219 filed September 23, 2014

27

(bates-stamped COT003603-COT003607)

50.     Any relevant documents from Carrie Clark Human Resources Personnel File
        disclosed May 26, 2015
        (bates-stamped COT000507-000583)

51.     Any relevant documents from Carrie Clark Tucson Fire Department
        Personnel File disclosed May 26, 2015
        (bates-stamped COT000584-000691)

52.     Any relevant documents from Carrie Clark Tucson Fire Department Medical
        File disclosed May 26, 2015
        (bates-stamped COT000692-000791)

53.     Any relevant documents from Carrie Clark Human Resources Medical File
        disclosed May 26, 2015
        (bates-stamped COT000792-000965)

54.     Memorandum from Battalion Chief Paul McDonough dated August 9, 2015,
        regarding a response to Plaintiff's Request for Admission No. 8
        (bates-stamped COT003639)

55.     Documentation regarding PEPP class (September 2015)
        (bates-stamped COT002836-002838)

56.     Tucson Fire Department Human Resource File of Carrie Clark supplied
        from JoAnn Acedo-Acosta disclosed October 21, 2015
        (bates-stamped COT001954-002338)

57.     Privilege Log re COT001954-002338 disclosed October 21, 2015
        (bates-stamped COT002339-002340)

OBJECTION: Plaintiff objects to the use of any privileged documents which have never
been disclosed.

58.     Carrie Clark Wrongful Conduct Complaint dated March 9, 2016
        (bates-stamped COT002794-002822)

59.     Carrie Clark Memorandum regarding a March 10, 2016 incident with Nikki
        Sprnger retained from City Computer
        (bates-stamped COT003485)
        retain document properties
        (bates-stamped COT003680)

OBJECTION: Plaintiff objects as incidents regarding Nikki Springer occurred during their time at Fire Prevention, which this court has ruled is not relevant.

60.     Emails between John Vincent and Ken Brouillette regarding a March, 2016 incident involving Nikki Sprenger retained from City Computer
(bates-stamped COT003637-COT003638)
retain document properties
(bates-stamped COT003685)

61.     If necessary, any relevant document from Jeff Langejans Complaint - Violation of City of Tucson Policies, submitted on March 16, 2016, TFD investigation and response SUBJECT TO THE COURT'S      AMENDED PROCECTIVE ORDER ISSUED JANUARY 11, 2017 (DOC. 61)
(bates-stamped as COT003901-3945)

OBJECTION: Plaintiff objects as incidents regarding Jeff Langejans occurred during their time at Fire Prevention, which this court has ruled is not relevant.

62.     Carrie Clark education counseling March 24, 2016
(bates-stamped COT002742-002744)

63.     Laura Baker Memorandum and Notes dated April 13, 2016, regarding EOPD Complaint dated March 9, 2016
(bates-stamped pages COT002745-002793)

64.     Privilege Log re COT002745-002793
(bates-stamped COT003114)

OBJECTION: Plaintiff objects to the use of any privileged documents which have never been disclosed.

65.     Memorandum authored by Mike Carsten dated April 14, 2016
(bates-stamped COT003749)

66.     Carrie Clark Reassignment documentation (April 27, 2016)
(bates-stamped COT002832-002835)

67.     Mike Garcia Emails (April 27, 2016 and May 5, 2016)
(bates-stamped COT003042)

68.     JoAnn Acosta's Emails to Plaintiff regarding light duty request dated May 2, 2016 and May 9, 2016
(bates-stamped COT003632-COT003634)

69.     Carrie Clark light duty documents dates May 2, 2016 through May 11, 2016
        (bates-stamped COT003750 – COT003758)

70.     Any relevant documents from Carrie Clark updated Tucson Fire Department
        Personnel File as of May 17, 2016
        (bates-stamped COT003486-COT003593)

71.     Emails between Assistant Chief Mike Garcia and Plaintiff regarding
        Paramedic Promotion dated October 12, 2016 through October 17, 2016
        (bates-stamped COT003608-COT003610)

72.     Work Status Verification Form dated September 15, 2016
        (bates-stamped COT003759)

73.     Any relevant documents from Carrie Clark's updated Tucson Fire
        Department Personnel File as of January 13, 2017
        (bates-stamped COT003393-COT003459 and COT003460-COT003477)

74.     Any relevant documents retained from Carrie Clark's City Computer
        (bates-stamped COT003115-COT003163)

75.     Any relevant documents retained from Gordon Clark's City Computer
        (bates-stamped COT003164-COT003380)

76.     Tucson Fire Department Shift Calendars, years 2012 – 2017
        (bates-stamped COT003081-003085)

77.     Tucson Fire Department Station Map
        (bates-stamped COT003086)

78.     Tucson Fire Department Manual of Operations, Table of Contents and
        Section 200
        (bates-stamped COT000966-001145)

79.     Wrongful Conduct, Anti-Retaliation Administrative Directive effective
        February 10, 2015
        (bates-stamped COT000489-000497)

80.     Discrimination/Harassment Administrative Directive effective
        February 8, 2012
        (bates-stamped COT000498-000506)

81.     Tucson Fire Department Battalion Grid Map as of January 2008
        (bates-stamped COT003061)

82.     Tucson Fie Department Organizational Chart revised 07/02/2012
        (bates-stamped COT003652)

83.     Tucson Fire Department Organizational Chart 2013
        (bates-stamped COT003653)

84.     Tucson Fire Department Organizational Chart 2014
        (bates-stamped COT003654)

85.     Tucson Fire Department Organizational Chart 2015/2016
        (bates-stamped COT003651)

86.     Tucson Fire Department Organizational Chart Rev. 3/3/16
        (bates-stamped COT003645-COT003648)

87.     Tucson Fire Department Calls Chart by Battalion from Fiscal Year 2015
        Annual Report
        (bates-stamped COT003649)

88.     Tucson Fire Department Calls Chart by Battalion from Fiscal Year 2016
        Annual Report
        (bates-stamped COT003650)

89.     Master Memo dated May 13, 2016 regarding 2016 Seniority within Rank
        Report
        (bates-stamped COT003948-COT 003949)

90.     Attachment to Mater Memo dated May 13, 2016: Seniority List
        Commissioned May 2016
        (bates-stamped COT003950-COT003965)

91.     Amended Master Memo dated May 16, 2016 regarding 2016 Seniority
        within Rank Report (Amended)
        (bates-stamped COT003966)

92.     Carrie Clark Wrongful Conduct Complaint filed June 7, 2016
        (bates-stamped COT003760-3812)

93.     Carrie Clark's updated City of Tucson Human Resources medical file
        disclosed on June 26, 2017
        (bates-stamped COT003967-COT003977)

94.     Well America Medical Records SUBJECT TO THE COURT'S AMENDED
        PROCECTIVE ORDER ISSUED JANUARY 11, 2017 (DOC. 61) (date range

May 2007 through May 2017)
(bates-stamped COT003978-COT004308)

95.       Michael D. Purkis, M.D., Tanque Verde Family Practice medical records
          SUBJECT     TO THE COURT'S AMENDED PROCECTIVE ORDER
          ISSUED JANUARY 11, 2017 (DOC. 61)
          (bates-stamped COT004336-COT004353)

96.       Any exhibits Plaintiff disclosed or provided in response to discovery, which
          the City does not otherwise object to.

97.       Deposition Transcripts of Carrie Clark.
98.       Deposition Transcripts of Gordon Clark.

99.       Declaration of Carrie Clark dated August 17, 2017.

100.      Declaration of Gordon Clark dated August 16, 2017.

101.      Supplemental Declaration of Carrie Clark dated September 18, 2017.

102.      Supplemental Declaration of Gordon Clark dated September 18, 2017.

**I.     LIST OF ANY PENDING MOTIONS**

There are no motions pending.

**J.     PROBABLE LENGTH OF TRIAL**

Two weeks.

**K.     CERTIFICATION**

Undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

1.       All discovery has been completed.

2.       The identity of each witness has been disclosed to opposing counsel.

3.       Each exhibit listed herein: (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

**L.     ADOPTION**

The Court may adopt this proposed Joint Pretrial Order at the Pre-Trial Conference or subsequent hearing.

1    DATED this 25th day of September, 2018.

2

3    APPROVED AS TO FORM AND CONTENT

4    **JACOBSON LAW FIRM**                **TUCSON CITY ATTORNEY**

5    _s/Jeffrey H. Jacobson_                   _s/ Renee Waters_

6    Jeffrey H. Jacobson                       Renee Waters
     *Attorney for Plaintiff*                  *Attorney for Defendant*

7

8
     Filed via the CM/ECF system and copy electronically
9    provided this 25th day of September, 2018, to:

10   Michelle Saavedra
11   Renee Waters
     Principal Assistant City Attorneys
12   Office of the City Attorney, Civil Division
     255 West Alameda, 7th Floor
13   Tucson, Arizona 85701

14

15

16

17

18

19

20

21

22

23

24

25

26