**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, SB#019502
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>　　　　Defendant. | Case No. 4:14-CV-02543-TUC-CKJ<br><br>**STIPULATION REGARDING EVIDENTIARY MATTERS**<br><br>Hon. Cindy K. Jorgenson |

　　　　The parties having conferred pursuant to L.R.Civ. 7.2(l), stipulate to the following evidentiary matters. Plaintiff Carrie Ferrara Clark and defendant City of Tucson, and its counsel will not refer to, comment upon, interrogate any witness concerning, or introduce any testimony, evidence or argument regarding the following matters at trial:

　　　　1. <u>Plaintiff's Initial Performance at the Fire Academy</u>

　　　　Plaintiff first attempted to join Tucson Fire Department (TFD) in 2005. She did not, however, graduate from the academy. She reapplied in 2007 and passed the academy in 2007. The parties will not reference her performance during her first attempt at graduating from the fire academy.

　　　　2. <u>Plaintiff's Cosmetic Surgery</u>

　　　　The parties agree not to reference Plaintiff's cosmetic surgery (breast augmentation) that she had as a young woman.

//
//

### 3. Plaintiff's Involvement in Prior Lawsuits

During discovery, Defendant disclosed documents indicating that Plaintiff has been named as a party in several lawsuits. The parties have agreed not to reference these prior lawsuits.

### 4. Roosevelt Lake Incident

The parties have agreed not to introduce any evidence of an incident between Plaintiff and her husband Gordon Clark, which had been characterized as a "domestic altercation," at Roosevelt Lake. This issue was briefed to the Court during litigation over marital communication privilege issues. *See* Docs. 66, 69, 70.

### 5. Reassigning/Transferring Gordon Clark to Operations and his Battalion Chief Probationary Period

Plaintiff's Third Amended Complaint alleged that Defendant retaliated against her when it transferred Gordon Clark out of Fire Prevention and later determined that Gordon Clark had failed to pass his probationary period as a Battalion Chief. Doc. 87 p. 21. Both of these matters were reviewed and resolved by this Court on summary judgment. Doc. 131 p. 18-21. The parties agree not to offer any evidence or make any reference to these matters.

### 6. ATF Contact with Gordon Clark

On or about November 22, 2016, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent AJ Gibes met with Gordon Clark at work for an informal, voluntary interview regarding an ATF investigation. Defendant had also raised ATF's meeting with Gordon Clark as part of its justification for determining that he had not passed his Battalion Chief probationary period. The parties have agreed not to reference ATF's contact with Gordon Clark.

### 7. Damages Caps

Neither the court nor the parties should be informing the jury, or even mentioning, any caps on damages. *See In re Exxon Valdez*, 229 F.3d 790, 799 (9th Cir. 2000).

### 8. Hostile Work Environment

The parties agree that Plaintiff shall not reference or make any claims that a hostile work environment existed in Fire Prevention while she worked there. Doc. 131 p. 22-24.

9. <u>References to Overtime</u>

The parties agree that there shall be no reference that Plaintiff had to work additional hours which would have been construed as overtime. Doc. 131 p. 11.

10. <u>Overtime and Trades</u>

The parties agree not to make any claim that Plaintiff lost overtime or was denied shift trades while she was assigned to Station 6. Doc. 131 p. 15-16.

11. <u>Noreen Carver, R.N.</u>

Plaintiff withdraws Noreen Carver, R.N., as a witness in this case.

DATED this 7th day of January, 2019.

| | |
|---|---|
| **MICHAEL G. RANKIN**<br>City Attorney | **JACOBSON LAW FIRM** |
| *s/ Michelle Saavedra*<br>Michelle Saavedra<br>Principal Assistant City Attorney | *s/Jeffrey H. Jacobson*<br>Jeffrey H. Jacobson<br>Attorney for Plaintiff |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michelle Saavedra
Renee Waters
Principal Assistant City Attorneys
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, Arizona 85701
*Attorneys for Defendant*