**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, SB#019502
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>  Defendant. | Case No. 4:14-CV-02543-TUC-CKJ<br><br>**MOTION TO STRIKE PORTIONS OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE FOR A WRITTEN JUROR QUESTIONNAIRE IN ADVANCE OF *VOIR DIRE*** <br><br>Hon. Cindy K. Jorgenson |

Plaintiff Carrie Ferrara Clark, pursuant to L.R.Civ. 7.2(i) and (m), respectfully moves to strike portions of Defendant's response to her motion in limine seeking approval for a written juror questionnaire in advance of *voir dire*.[1] For the reasons discussed below, Defendant's proposed juror questionnaire (Doc. 156-1) should be denied.

**A. Defendant's Proposed Juror Questionnaire Should be Stricken in Violation of L.R.Civ. 7.2(l)**

In its response to Plaintiff's motion in limine for a written juror questionnaire in advance of *voir* (Doc. 154), Defendant submitted "a prototype questionnaire that might be useful in this case" (Doc. 156-1) without following the well-established procedure outlined in L.R.Civ. 7.2(l) ("No opposed motion in limine will be considered or decided unless moving counsel certifies therein that the movant has in good faith conferred or attempted to

---

[1] Normally, Plaintiff would have included its objection and request to strike in a Reply memorandum supporting her underlying Motion in Limine. *See* L.R.Civ. 7.2(m)(2). However, Local Rule 7.2(l) prohibits reply memoranda in support of motions in limine. Therefore, Plaintiff files this as a separate Motion to Strike.

1

confer with the opposing party or counsel in an effort to resolve disputed evidentiary issues that are the subject of the motion. . . .") In other words, if Defendant wanted to submit its own proposed juror questionnaire, it should have conferred with counsel for Plaintiff and filed a Motion in Limine by January 7, 2019. Having failed to do so, Defendant's proposed questionnaire should not be considered by this court.

Given that Defendant has not objected to the use of a jury questionnaire to *supplement* the jury selection process (not as a replacement for *voir dire*), which is precisely what Plaintiff requested, Defendant's attempt to circumvent the rules of this court by submitting its own juror questionnaire (which should have been presented as a Motion in Limine) without first notifying and conferring with Plaintiff first should be rejected.

**B. Defendant's Response Lacks any Substantive Rationale for its Proposed Juror Questions**

If Defendant had objections to any of the Plaintiff's proposed juror questions, it should have articulated its objections on a question-by-question basis. In other words, a proper response would have addressed individual objections and articulated factual or legal reasons why the particular question posed by Plaintiff either should not be used or should be reworded. Instead, Defendant submitted its own juror questionnaire without notifying the court or counsel that it intended to do so in violation of well-established local rules. Assuming, arguendo, the court does not find Defendant's proposed juror questionnaire should be denied, Plaintiff replies substantively to each proposed question below.

Defendant's proposed juror questionnaire omits, without explanation, Plaintiff's proposed questions 1, 2, and 9. All of these questions, however, are pertinent in this case. As to questions 1 and 2, Plaintiff's lawsuit has been a common topic of conversation in the Tucson Fire Department (TFD). It follows that the social conversations of those associated with TFD - including wives, husbands and friends of firefighters - is relevant and material to the case at bar. Therefore, Plaintiff requests that questions 1 and 2 from its proposed juror questionnaire should be asked in advance of *voir dire*.

As to Plaintiff's proposed question 9, research conducted by members of the American Society of Trial Consultants has determined this is one of the most useful questions to determine fairness to female workplace victims. The analysis of the research

indicates that males who do not watch women's sports do not consider females equal to men, thus they tend to find against women in workplace claims. Therefore, Plaintiff's proposed question 9 should be included in the juror questionnaire in advance of voir dire.

As to Plaintiff's proposed questions 3, 4, 5, 6, 7, 8, and 10, Defendant has simply re-worded Plaintiff's questions. Defendant's language changes do not make a difference in the information sought. Given that Defendant has not articulated any justification for its proposed language, nor any reason why its format should be used, Plaintiff's proposed questions 3 through 8 and 10 should be asked of the venire panel in advance of *voir dire*.

Next, Plaintiff's proposed question 11 is the Defendant's proposed question 12. Defendant, however, for some unstated reason, removed the word "partner" from the question. This omission may cause a juror who believes that marriage is unnecessary to feel a sense of rejection or be offended. Therefore, to be inclusive and complete, Plaintiff objects to Defendant's strategic rewording of her proposed question 11.

Defendant's proposed question 13 is new and has no bearing on this case whatsoever. Whether or not a prospective juror has ever been a midwife is irrelevant and not reasonably related to the issues presented in Plaintiff's complaint. Plaintiff objects to Defendant's question 13. Finally, defendant's questions 14 and 15 are also new; nevertheless, the questions proposed are fair, relevant, and material to the issues presented in this case. If the court is inclined to allow Defendant's proposed juror questionnaire to be considered, Plaintiff does not object to defendant's proposed juror questions 14 and 15.

**C. Conclusion**

For the reasons discussed above, Defendant's proposed juror questionnaire should not be considered by this Court. Otherwise, Plaintiff respectfully requests that her proposed juror questionnaire be asked in full, without modification, and does not object to the inclusion of defendant's proposed juror questions 14 and 15.

DATED this 21st day of January, 2019.

**JACOBSON LAW FIRM**

 *s/Jeffrey H. Jacobson*
Jeffrey H. Jacobson
*Attorney for Plaintiff*

3

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michelle Saavedra
Renee Waters
Principal Assistant City Attorneys
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, Arizona 85701
*Attorneys for Defendant*

4830-0531-3158, v. 1