**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, SB#019502
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>Defendant. | Case No. 4:14-CV-02543-TUC-CKJ<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE* 6 AND 7**<br><br>Hon. Cindy K. Jorgenson |

Plaintiff Carrie Ferrara Clark responds and objects to Defendant's *Motions in Limine* 6 and 7 (Doc. 149). For the reasons discussed below, Defendant's *Motions in Limine* 6 and 7 should be denied.

**VI.   Plaintiff's Testimony Regarding Retaliation Against Captain Gordon Clark**

While Plaintiff's husband, Captain Gordon Clark, is not a party in this case, retaliation against him would be retaliation against Plaintiff Clark, his wife. *Thompson v. North American Stainless, LP,* 562 U.S. 170 (2011). Nevertheless, after briefing and evaluation, the Court dismissed Count 4 of Plaintiff's Third Amended Complaint alleging Title VII retaliation involving Captain Clark. Further, before filing its motions *in limine*, counsel conferred pursuant to L.R.Civ. 7.2(l). During the meet-and-confer period, on or about December 4, 2018, Defendant indicated that it intended to seek to preclude testimony regarding retaliation against Captain Clark. Specifically, Defendant wrote:

> Preclude inference, argument, or testimony that TFD did anything improper when it transferred Gordon out of Prevention or when TFD failed him on

1

probation as a Battalion Chief. The Court dismissed these claims in its Order Doc. 131.

On January 2, 2019, Plaintiff agreed with Defendant's in limine motion regarding Captain Clark. To that end, on January 7, 2019, the parties executed and filed a stipulation that included counsel's agreement as to Captain Clark. Doc 153, p. 2 ¶ 5. Therefore, Defendant's Motion *in Limine* number six should be disregarded as moot and unnecessarily filed.

## VII. Plaintiff's Testimony Regarding Captain Langejans

As to Defendant's *in limine* objections to Captain Langejans' testimony, Plaintiff concurs that she cannot and will not allege that Captain Langejans created a hostile work environment. Plaintiff intends on following the Court's Order (Doc 131), regarding evidence and argument involving Captain Langejans. For example, the Court did not dismiss or preclude Plaintiff's claim that Defendant retaliated against her when it ordered an education counseling for inappropriate conduct because it occurred close in time to a complaint she made against Captain Langejans. Doc 131 at p. 24. Therefore, Plaintiff intends on testifying to matters which are consistent with the Court's Order.

## VIII. Conclusion

For the reasons discussed above, Defendant's motion *in limine* number six should be denied as moot. The court should also deny, as moot, Defendant's motion in limine number seven and instruct the parties to follow its Order adjudicating the cross-summary judgment motions in this case.

DATED this 22nd day of January, 2019.

**JACOBSON LAW FIRM**

  s/Jeffrey H. Jacobson
Jeffrey H. Jacobson
*Attorney for Plaintiff*

2

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michelle Saavedra
Renee Waters
Principal Assistant City Attorneys
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, Arizona 85701
*Attorneys for Defendant*