**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, SB#019502
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK, | Case No. 4:14-CV-02543-TUC-CKJ |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* NUMBER 8** |
| CITY OF TUCSON, | |
| Defendant. | Hon. Cindy K. Jorgenson |

Plaintiff Carrie Ferrara Clark responds and objects to Defendant's *Motion in Limine* 8 (Doc. 150). For the reasons discussed below, Defendant's *Motion in Limine* 8 should be denied.

**VIII.  Spousal Communication Privilege**

Plaintiff agrees to follow the terms of this Court's Order (Doc. 75) regarding the application of the spousal communication privilege after briefing (Docs. 66, 69, 70). Defendant's motion *in limine*, however, is too broad.

Defendant claims that "the Clarks invoked spousal privilege throughout the discovery process, preventing the City from obtaining otherwise relevant information. . . ." Doc. 150 p. 2. The spousal communication privilege issue came before the Court as a discovery dispute. Defendant's brief on this matter (Doc. 66) articulates issues related only to depositions. The allegation that Plaintiff invoked the spousal communication privilege "throughout the discovery process" is not only an exaggeration, but Defendant offers no other document or evidence that these matters arose outside the deposition context. Further,

1

even assuming, arguendo, Defendant's assertion is accurate, invoking the spousal communication privilege on irrelevant issues did not impair Defendant's ability to conduct discovery or prejudice it in any way. Further, because Defendant did not raise a discovery dispute over other spousal communication privilege issues outside the deposition context, it has waived its right to do so now.

As a practical matter, "Orders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Further, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 2014 U.S. Dist. LEXIS 197541, *6 (internal citation omitted.) "This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id*. (internal citation omitted.) Consequently, and because of the nature of the Court's Order, it would be premature for this Court to order a blanket prohibition on spousal communication.

## IX.   Conclusion

Other than the matters already instructed by this Court regarding spousal communication, and other than deposition questions where Plaintiff invoked the privilege, Defendant's motion *in limine* is overbroad, unreasonable, and should be denied. Otherwise, Plaintiff intends on following this Court's rulings and directives as outlined in its prior Orders.

DATED this 22nd day of January, 2019.

**JACOBSON LAW FIRM**

  s/Jeffrey H. Jacobson
Jeffrey H. Jacobson
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michelle Saavedra
Renee Waters
Principal Assistant City Attorneys
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, Arizona 85701
*Attorneys for Defendant*