IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Ferrara Clark,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Tucson,<br><br>　　　　　Defendant. | No. CV-14-02543-TUC-CKJ<br><br>**ORDER** |

　　　　Pending before the Court are Defendant's Motions in Limine No. 1, 3, and 9. (Docs. 147 and 151).

　　　　Defendant's Motion in Limine No. 1 seeks to preclude Plaintiff from making "any inference, argument, and/or testimony that would lead the jury to believe there was a legal requirement for a policy and/or procedure" pertaining to nursing mothers. (Doc. 147, pg. 2). While the fact that there was no specific policy or procedure for nursing mothers may be disclosed, Plaintiff may not argue that the lack of a specific policy or procedure for nursing mothers was a violation of law. Defendant's Motion in Limine No. 1 is granted.

　　　　Defendant's Motion in Limine No. 3 seeks to preclude Plaintiff's mother from testifying regarding: her experience as Plaintiff's mother, her experience with Plaintiff's sons, and her observations regarding the emotional distress Plaintiff has endured. Plaintiff's mother's testimony is relevant, particularly as it relates to the emotional distress Plaintiff has suffered. Defendant's Motion in Limine No. 3 is denied.

…

Defendant's Motion in Limine No. 9 includes a variety of potential witnesses Defendant seeks to preclude. Although the Court ruled on the admissibility of some of those witnesses during the February 4, 2019 hearing (Doc. 166), a few remain.

Defendant's Motion in Limine No. 9 seeks, in part, to preclude testimony from Josue Camarena, John Valenzuela, and Brad DeCastro. The Court will deny Defendant's Motion in Limine No. 9 to the extent that it relates to testimony from those three individuals.

Defendant's Motion in Limine No. 9 also seeks, in part, to preclude testimony from Sloan Tamietti, Jon North, and Roger Tamietti. The Court will deny Defendant's Motion in Limine No. 9 to the extent that it relates to testimony from those three individuals. Their testimony, however, is subject to the relevant evidentiary rules relating to hearsay.

Defendant's Motion in Limine No. 9 also seeks, in part, to preclude testimony from Josh Campbell, Chris Conger, and Martin "Harvey" Brown. The Court will deny Defendant's Motion in Limine No. 9 to the extent that it relates to testimony from those three individuals. Their testimony, however, is subject to the relevant evidentiary rules relating to hearsay.

Accordingly, IT IS ORDERED:

1. Defendant's Motion in Limine No. 1 is **granted**.
2. Defendant's Motion in Limine No. 3 is **denied**.
3. Defendant's Motion in Limine No. 9 is **denied** as to Josue Camarena, John Valenzuela, Brad DeCastro, Sloan Tamietti, Jon North, Roger Tamietti, Josh Campbell, Chris Conger, and Martin "Harvey" Brown.
4. To the extent counsel agree that additional depositions are required, discovery may be re-opened. *See* (Doc. 166).

Dated this 6th day of March, 2019.

Honorable Cindy K. Jorgenson
United States District Judge