**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, SB#019502
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>             Defendant. | Case No.  4:14-CV-02543-TUC-CKJ<br><br>**STIPULATION REGARDING JURY INSTRUCTIONS**<br><br>Hon. Cindy K. Jorgenson |

Counsel for the parties, having met and conferred, and submit the attached stipulated Jury Instructions to be used at trial:

9th Circuit Model Jury Instructions:

| | |
|---|---|
| 1.1 through 1.6 | 3.1 – 3.3 |
| 1.9 through 1.21 | 3.5 |
| 2.2 | 4.1 – 4.2 |
| 2.5 | 5.1 – 5.2 |
| 2.11 – 2.12 | 10.9 – 10.11 |
| 2.14 – 2.15 | |

In addition, the parties stipulate to the use of 9th Circuit Model Jury Instructions 10.1 through 10.3, and 10.8, but have agreed to submit separate versions of these for consideration.

1

Finally, the parties have stipulated to the attached non-Model Jury Instruction regarding Count One of Plaintiff's Third Amended Complaint, Sex Discrimination in Violation of the Fair Labor Standards Act, 29 U.S.C. § 207(r).

Both parties have reserved the right to submit separate non-Model Jury Instructions regarding matters not covered above.

DATED this 13th day of March, 2019.

**MICHAEL G. RANKIN**
City Attorney

*s/ Renee Waters*
Renee Waters
Principal Assistant City Attorney

JACOBSON LAW FIRM

*s/Jeffrey H. Jacobson*
Jeffrey H. Jacobson
Attorney for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michelle Saavedra
Renee Waters
Principal Assistant City Attorneys
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, Arizona 85701
*Attorneys for Defendant*

# STIPULATED MODEL 9TH CIRCUIT

# JURY INSTRUCTIONS

**1.1  COVER SHEET**

IN THE UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____


_____,                )
                                 )
        Plaintiff,               )
                                 )
        v.                       )
                                 )
                                 )        No. _____
                                 )
_____,                )
                                 )
        Defendant                )
                                 )
_____)


**JURY INSTRUCTIONS**

        DATED: _____


        _____
        UNITED STATES [DISTRICT] [MAGISTRATE] JUDGE

## 1.2  DUTY OF JURY (COURT READS AND
## PROVIDES WRITTEN INSTRUCTIONS AT THE BEGINNING OF TRIAL)

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

### Comment

This instruction may be used as a preliminary instruction if the court decides to provide a written set of preliminary instructions at the beginning of the trial that the jurors are permitted to keep with them.  In the final set of instructions, the court should substitute Instruction 1.3.

### 1.3  DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Comment**

This instruction may be used as an oral instruction if the court elects to read its preliminary instructions to the jury but not to provide the jury with a copy of the instructions.

5

## 1.4  DUTY OF JURY (COURT READS AND PROVIDES
## WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent to the jury room for you to consult during your deliberations.]

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

### Comment

This instruction should be used with the written final set of the instructions to be sent to the jury.  Bracketed material should be selected to cover whether single or multiple sets of written instructions are provided.

6

## 1.5  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that [*plaintiff's claims*].  The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [*defendant's counterclaims and/or affirmative defenses*]].  [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*]]

[The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]

7

### 1.6  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## 1.9  WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] [have instructed] you to accept as proved.

## 1.10  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### Comment

With regard to the bracketed material in paragraph 3, select the appropriate bracket depending on whether the instruction is given at the beginning or at the end of the case.  *See also* Instruction 1.11 (Evidence for Limited Purpose).

## 1.11  EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and not for any other purpose.]

### Comment

As a rule, limiting instructions need only be given when requested and need not be given *sua sponte* by the court.  *United States v. McLennan*, 563 F.2d 943, 947-48 (9th Cir. 1977).

*See United States v. Marsh*, 144 F.3d 1229, 1238 (9th Cir. 1998) (when trial court fails to instruct jury in its final instructions regarding receipt of evidence for limited purpose, Ninth Circuit examines trial court's preliminary instructions to determine if court instructed jury on this issue).

*See also* Instructions 1.10 (What is Not Evidence) and 2.9 (Impeachment Evidence—Witness).

## 1.12  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### Comment

It may be helpful to include an illustrative example in the instruction:

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

## 1.13  RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## 1.14  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## 1.15  CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications,

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**Comment**

This instruction has been updated specifically to instruct jurors against accessing electronic sources of information and communicating electronically about the case, as well as to inform jurors of the potential consequences if a juror violates this instruction.  An abbreviated instruction should be repeated before the first recess, and as needed before other recesses.

The practice in federal court of instructing jurors not to discuss the case until deliberations is widespread.  *See, e.g., United States v. Pino-Noriega*, 189 F.3d 1089, 1096 (9th Cir. 1999).

State court practice in some jurisdictions does allow discussion.

If the court decides to allow discussion, the third sentence of the fourth paragraph of the instruction should be modified accordingly, and the following language may be included:

You may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion.  You are to keep an open mind throughout the case until you have fully deliberated.

## 1.16  PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

### Comment

This instruction may be useful in cases involving significant media coverage and may be given more than once at appropriate times during the trial.  *See United States v. Waters*, 627 F.3d 345, 364 (9th Cir. 2010) (reversing criminal conviction due to court's insufficient questioning of jury regarding negative publicity during jury deliberations); *see also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 2.2 (2013).

### 1.17  NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

### Comment

The court may wish to modify this instruction for use at the end of the trial.

## 1.18  TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

### Comment

It is well settled in this circuit that the trial judge has discretion to allow jurors to take notes.  *United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir. 1993).  *See also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES, § 3.4 (2013).

## 1.19  QUESTIONS TO WITNESSES BY JURORS

### Comment

Whether to allow jurors to ask questions is a subject debated among judges.  There are risks involved in allowing jurors to ask questions of witnesses.  *See DeBenedetto v. Goodyear Tire & Rubber Co.*, 754 F.2d 512, 517 (4th Cir. 1985) (discussing risks of juror questioning).  If a judge decides to allow questions, the following instruction and procedures may be helpful.

### INSTRUCTION

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you  propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

### PROCEDURES

In the event the judge allows jurors to submit questions for witnesses, the judge may consider may consider taking the following precautions and using the following procedures:

1.     The preliminary instructions should describe the court's policy on juror-submitted questions, including an explanation of why some questions may not be asked.  All juror-submitted questions should be retained by the

clerk as part of the court record whether or not the questions are asked.

2.      At the conclusion of each witness's testimony, if a juror has a written question it is brought to the judge.

3       Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written question between counsel and the court during a side-bar conference or by excusing jurors to the jury room.

4.      Counsel or the judge asks the question of the witness.

5.      Counsel are permitted to ask appropriate follow-up questions.

6.      The written questions are made part of the record.

## 1.20  BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

24

## 1.21  OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## 2.2  STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You must therefore treat these facts as having been proved.

### Comment

When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved, and the jury may be so instructed.  *United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir. 1999) (citing *United States v. Houston*, 547 F.2d 104, 107 (9th Cir. 1976)), *amended by* 180 F.3d 1091 (9th Cir. 1999).

## 2.5  TRANSCRIPT OF RECORDING IN ENGLISH

You [are about to [hear] [watch]] [have heard] [watched]] a recording that has been received in evidence.  [Please listen to it very carefully.] Each of you [has been] [was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you [hear] [heard] something different from what [appears] [appeared] in the transcript, what you heard is controlling. [After] [Now that] the recording has been played, the transcript will be taken from you.

### Comment

*See United States v. Delgado*, 357 F.3d 1061, 1070 (9th Cir. 2004), *abrogated on other grounds by United States v. Katakis*, 800 F.3d 1017, 1028 (9th Cir. 2015) (holding that district court properly instructed jury that transcripts were only aids to understanding and that recordings themselves were evidence); *United States v. Franco*, 136 F.3d 622, 626 (9th Cir. 1998) (noting that recording itself is evidence to be considered; transcript is merely aid); *see also* Instructions 2.6 (Transcript of Recording in Foreign Language), 2.7 (Disputed Transcript of Recording in Foreign Language), and 2.8 (Foreign Language Testimony).

The Committee recommends that this instruction be given immediately before a recording is played so that the jurors are alerted to the fact that what they hear is controlling. It need not be repeated if more than one recording is played.

31

## 2.11  USE OF INTERROGATORIES

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

### Comment

Use this oral instruction before interrogatories and answers are read to the jury; it may also be included in the concluding written instructions to the jury.  The attorney should warn the judge ahead of time and give the judge an opportunity to give this oral instruction.  This oral instruction is not appropriate if answers to interrogatories are being used for impeachment only.

Do not use this instruction for requests for admission under Fed. R. Civ. P. 36.  The effect of requests for admission under the rule is not the same as the introduction of evidence through interrogatories.  *See* Instruction 2.12 (Use of Requests for Admission).

37

## 2.12  USE OF REQUESTS FOR ADMISSION

Evidence [will now be] [was] presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

### Comment

*See* Fed. R. Civ. P. 36 ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").  A court may properly exclude evidence at trial that is inconsistent with a Rule 36 admission.  *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985).

Use this oral instruction before admissions are read to the jury; it may also be included in the concluding written instructions to the jury.  The attorney should warn the judge ahead of time and give the judge an opportunity to give this oral instruction.

Do not use this instruction for interrogatories.  The effect of requests for admission is not the same as the introduction of evidence through interrogatories.  *See* Instruction 2.11 (Use of Interrogatories).

## 2.14  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Comment

This instruction applies only when the charts and summaries are not admitted into evidence and are used for demonstrative purposes.  Demonstrative materials used only as testimonial aids should not be permitted in the jury room or otherwise used by the jury during deliberations.  *See United States v. Wood*, 943 F.2d 1048, 1053-54 (9th Cir. 1991) (citing *United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984)); *see also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10.A (2013).

## 2.15  CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

### Comment

This instruction applies when the charts and summaries are received into evidence.  *See United States v. Anekwu*, 695 F.3d 967, 981 (9th Cir. 2012) ("[T]he proponent of a summary must demonstrate the admissibility of the underlying writings or records summarized, as a condition precedent to introduction of the summary into evidence under [Fed. R. Evid. Evid.] 1006.") (quoting *United States v. Johnson*, 594 F.2d 1253, 1257 (9th Cir. 1979)); *United States v. Rizk*, 660 F.3d 1125, 1130-31 (9th Cir. 2011); *see also* Fed. R. Evid. 1006; JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10.A (2013). This instruction may be unnecessary if there is no dispute as to the accuracy of the chart or summary.

41

## 3.1  DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### Comment

A jury verdict in a federal civil case must be unanimous, unless the parties stipulate otherwise.  *Murray v. Laborers Union Local No. 324*, 55 F.3d 1445, 1451 (9th Cir. 1995) (citing *Johnson v. Louisiana*, 406 U.S. 356, 369-70 n.5 (1972)); *see also* Fed. R. Civ. P. 48(b). A federal civil jury must also unanimously reject any affirmative defenses before it may find a defendant liable and proceed to determine damages.  *Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 985 (9th Cir. 2002).

### 3.2  CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

47

### 3.3  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

### Comment

For guidance on the general procedures regarding jury questions during deliberations, *see* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 5.1.A (2013).

### 3.5  RETURN OF VERDICT

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

### Comment

The judge may also wish to explain to the jury the particular form of verdict being used.

## 4.1  CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

## 4.2  LIABILITY OF CORPORATIONS—SCOPE OF
## AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## 5.1  DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff [on the plaintiff's [_specify type of claim_] claim], you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

[_Insert types of damages.  See Instruction 5.2 (Measures of Types of Damages)_]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### Comment

If liability is not disputed, this instruction should be modified accordingly.

## 5.2  MEASURES OF TYPES OF DAMAGES

In determining the measure of damages, you should consider:

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and that with reasonable probability will be experienced in the future];]

[The [mental,] [physical,] [emotional] pain and suffering experienced [and that with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries [employment] [business opportunities] [employment opportunities] lost up to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries [employment] [business opportunities] [employment opportunities] that with reasonable probability will be lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] required up to the present time;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] that with reasonable probability will be required in the future;]

[The reasonable value of necessary repairs to any property that was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]

[The lesser of the following:

1.     the reasonable cost of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or

2.     the difference between the fair market value of the property immediately before

the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

## Comment

Insert only the appropriate bracketed items from this instruction into Instruction 5.1 (Damages—Proof). Additional paragraphs may have to be drafted to fit other types of damages. Particular claims may have special rules on damages. *See, e.g.*, Instructions 7.11 (Maintenance and Cure—Elements and Burden of Proof), 11.13 (Age Discrimination—Damages—Back Pay—Mitigation), and 11.14 (Age Discrimination—Damages—Willful Discrimination—Liquidated Damages).

Punitive and compensatory damages are subject to caps in Title VII cases. *See* 42 U.S.C. 1981a(b)(3). Regarding the amount of damages available under Title VII, *see Gotthardt v. Nat'l R.R. Passenger Corp.*, 191 F.3d 1148 (9th Cir. 1999). The cap does not apply to front pay and back pay. *See Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 848 (2001). *See also Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir. 2000) (defining front pay and back pay); Introductory Comment to Chapter 10.

In Title VII and ADA cases, the court, not the jury, determines the amount of back pay. *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415-16 (1975). Under the Family Medical Leave Act, the court, not the jury, determines the amount of front pay. *Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1011-14 (9th Cir. 2010).

## 10.9  CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" DEFINED

### Comment

The definition of "adverse employment action" in the context of a retaliation claim is different from that in a disparate treatment claim.  Whereas an adverse employment action for purposes of a disparate treatment claim must materially affect the terms and conditions of a person's employment, an adverse action in the context of a retaliation claim need not materially affect the terms and conditions of employment so long as a reasonable employee would have found the action materially adverse, which means it might have "dissuaded a reasonable worker from making or supporting a charge of discrimination."  *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *see also Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011) (applying *Burlington* standard).

**10.10  CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES**

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

**Comment**

In *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006), the Supreme Court settled the definition of what is an adverse employment action in the retaliation context.  This definition introduces the objective standard of a "reasonable employee" but includes the concept of "materially adverse."

Actions such as firing and demoting are adverse employment actions for purposes of a retaliation claim.  In addition, other actions that do not rise to the level of ultimate employment actions, such as a lateral transfer, an unfavorable reference that had no effect on a prospective employer's hiring decision, and the imposition of a more burdensome work schedule, may also be considered adverse employment actions in this context.  These actions may dissuade a reasonable worker from making or supporting a charge of discrimination.  *See White*, 548 U.S. at 68; *Ray v. Henderson*, 217 F.3d 1234, 1242-43 (9th Cir. 2000)*.*

Adverse employment actions take many forms.  *See, e.g.*, *Dahlia v. Rodriguez*, 735 F.3d 1060, 1078 (9th Cir. 2013) (en banc) (involving employee's placement on administrative leave, deprivation of ability to take promotional exam, and loss of pay and opportunities for investigative or other job experience); *Manatt v. Bank of Am., NA,* 339 F.3d 792, 802 (9th Cir. 2003) (involving denial of transfer); *Little v. Windermere Relocation, Inc.,* 301 F.3d 958, 970 (9th Cir. 2002) (involving cut in monthly base salary); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 500-01, 506 (9th Cir. 2000) (involving low rating on job performance review, decreased job responsibilities, and failure to receive promotions); *Hashimoto v. Dalton*, 118 F.3d 671, 674 (9th Cir. 1997) (involving negative job reference); *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 505 (9th Cir. 1989) (involving layoff); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (involving transfer of job duties and "undeserved" performance ratings); *Ruggles v. Cal. Poly. State Univ.*, 797 F.2d 782, 785 (9th Cir. 1986) (involving failure to hire); *E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1012 (9th Cir. 1983) (involving four-month disciplinary suspension).

Other conduct, however, may not constitute an adverse employment action. *See, e.g., Lyons v. England,* 307 F.3d 1092, 1118 (9th Cir. 2002) (involving "mediocre" performance evaluation not made available to other potential employers and unaccompanied by any meaningful change in work assignments); *Brooks v. City of San Mateo*, 229 F.3d 917, 929 (9th Cir. 2000) (involving ostracism by co-workers); *McAlindin v. County of San Diego*, 192 F.3d 1226, 1238-39 (9th Cir. 1999) (involving refusal to hold job open beyond period dictated by company's leave policy), *amended by* 201 F.3d 1211; *Nunez v. City of Los Angeles*, 147 F.3d

867, 875 (9th Cir. 1998) (involving "badmouthing" of employee); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 919 (9th Cir. 1996) (involving transfer with no effect on salary).

## 10.11  CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" IN DISPARATE TREATMENT CASES

An action is an adverse employment action if it materially affects the compensation, terms, conditions, or privileges of employment.

### Comment

*See* Comment at 10.9 (Civil Rights—Title VII—"Adverse Employment Action" Defined) and Comment to Instruction 10.10 ("Adverse Employment Action" in Retaliation Cases).

The definition of "adverse employment action" for purposes of a disparate treatment claim comes from *Chuang v. University of California Davis, Board of Trustees*, 225 F.3d 1115, 1126 (9th Cir. 2000) (finding that "[t]he removal of or substantial interference with work facilities important to the performance of the job constitutes a material change in the terms and conditions of a person's employment" and therefore qualifies as an adverse employment action, but that the employer's failure to respond to grievances did not amount to an adverse employment action because "it did not materially affect the compensation, terms, conditions, or privileges of the [plaintiffs'] employment"). *See also Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (stating definition); *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818-19 (9th Cir. 2002) (holding that plaintiff established prima facie case of disparate treatment when defendant subjected plaintiff "to a number of adverse employment conditions, including severe verbal and physical abuse, discriminatory overtime, and termination, that constituted 'a material change in the terms and conditions' of [plaintiff's] employment").

An "adverse employment action" is not necessarily the same as a "tangible employment action."  Although many tangible employment actions may also be adverse employment actions, a tangible employment action need not be adverse, such as when a supervisor coerces an employee into engaging in sexual acts by threats of discharge.  In such a case, an employee need not actually suffer discharge or other adverse employment action to demonstrate a tangible employment action.  *See Holly D. v. Cal. Inst. of Tech.*, 339 F.3d 1158, 1169 (9th Cir. 2003) ("[D]etermining not to fire an employee who has been threatened with discharge constitutes a 'tangible employment action,' at least where the reason for the change in the employment decision is that the employee has submitted to coercive sexual demands."); *see also* Instruction 10.12 (Civil Rights—Title VII—"Tangible Employment Action" Defined).

# STIPULATED NON-MODEL 9TH CIRCUIT JURY INSTRUCTION

**Federal Labor Standards Act ("FLSA") (29 U.S.C. § 207 (r)) -**
**Place to Express Breast Milk**

Employers are required, under Federal law, to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

To establish a claim under this statute, Plaintiff must prove by a preponderance of the evidence that:

a.   Defendant failed to provide Plaintiff with a place, other than a bathroom;

b.   that was shielded from view and free from intrusion from coworkers and the public;

c.   which Plaintiff could use to express breast milk.

Plaintiff claims that Defendant failed to provide her with a place, other than a bathroom, shielded from view and free from intrusion from coworkers and the public which she could use to express her breast milk. Defendant denies Plaintiff's claim(s).