**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, SB#019502
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>Defendant. | Case No. 4:14-CV-02543-TUC-CKJ<br><br>**STIPULATION REGARDING PRELIMINARY JURY INSTRUCTIONS**<br><br>Hon. Cindy K. Jorgenson |

Counsel for the parties, having met and conferred, in addition to the preliminary jury instructions reviewed at the Pretrial Conference on March 19, 2019, submit the attached stipulated Preliminary Jury Instructions to be used at trial.

DATED this 28th day of March, 2019.

| | |
|---|---|
| **MICHAEL G. RANKIN**<br>City Attorney<br><br>*s/ Renee Waters*<br>Renee Waters<br>Principal Assistant City Attorney | **JACOBSON LAW FIRM**<br><br>*s/Jeffrey H. Jacobson*<br>Jeffrey H. Jacobson<br>Attorney for Plaintiff |

1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michelle Saavedra
Renee Waters
Principal Assistant City Attorneys
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, Arizona 85701
*Attorneys for Defendant*

# MODEL NINTH CIRCUIT INSTRUCTIONS

**10.1 CIVIL RIGHTS - TITLE VII - DISPARATE TREATMENT - WHEN EVIDENCE SUPPORTS "SOLE REASON" OR "MOTIVATING FACTOR"**

Plaintiff has brought a claim of employment discrimination against the Defendant. Plaintiff claims that her sex was either the sole reason or a motivating factor for the Defendant's decision to take an adverse employment action against her.

Defendant denies that Plaintiff's sex was either the sole reason or a motivating factor for any of its actions and further claims the Defendant's actions were based on lawful reasons.

### 10.2  CIVIL RIGHTS - TITLE VII - DISPARATE TREATMENT - "SOLE REASON" - ELEMENTS AND BURDEN OF PROOF

As to the Plaintiff's claim that her sex was the sole reason for the any of the Defendant's adverse employment actions, Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. Plaintiff was subject to an adverse employment action by the defendant; and

2. the Plaintiff was subjected to an adverse employment action solely because of the Plaintiff's sex.

If you find that the Plaintiff has proved both of these elements, your verdict should be for the Plaintiff.  If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict should be for the Defendant.

**10.3 CIVIL RIGHTS - TITLE VII - DISPARATE TREATMENT - "MOTIVATING FACTOR" - ELEMENTS AND BURDEN OF PROOF**

As to Plaintiff's claim that her sex was a motivating factor for Defendant's adverse employment actions, Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. Plaintiff was subject to an adverse employment action by the defendant; and

2. Plaintiff's sex was a motivating factor in Defendant's adverse employment action against the Plaintiff.

If you find that Plaintiff has failed to prove either of these elements, your verdict should be for Defendant. If the Plaintiff has proved both of these elements, the Plaintiff is entitled to your verdict, even if you find that the Defendant's conduct was also motivated by a lawful reason. If, however, the Defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the Plaintiff's sex had played no role in the employment decision, your verdict should be for the Defendant.

**10.8 CIVIL RIGHTS - TITLE VII – RETALIATION - ELEMENTS AND BURDEN OF PROOF**

The Plaintiff seeks damages against the defendant for retaliation. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. The Plaintiff:

    participated in an activity protected under federal law

    *or*

    opposed an unlawful employment practice; and

2. Defendant subjected Plaintiff to an adverse employment action; and

3. Plaintiff was subjected to the adverse employment action because of her participation in a protected activity and/or opposition to an unlawful employment practice.

A Plaintiff is "subjected to an adverse employment action" because of her participation in a protected activity and/or opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that participation and/or opposition.

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.

# NON-PATTERN JURY INSTRUCTIONS

**Title VII - Pregnancy and Related Medical Conditions**

Under federal law, the term "sex" includes, but is not limited to, pregnancy, childbirth, and medical conditions related to pregnancy and childbirth, such as breast feeding. The law also provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes as other persons not so affected but similar in their ability or inability to work."

**Fair Labor Standards Act (FLSA) – Retaliation – 29 U.S.C. § 215**

In this case, Plaintiff claims that Defendant retaliated against her because she took steps to enforce her lawful rights under the Fair Labor Standards Act (FLSA) which requires Defendant to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which could be used by her to express breast milk.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has participated in an activity protected under federal law, that is asserting rights or making discrimination complaints, or by opposing an unlawful employment practice, that is, failing to provide a space, that complies with federal law, to express her breast milk.

An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for Plaintiff merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

To succeed on her claims, Plaintiff must prove each of the following facts by a preponderance of evidence:

1. Plaintiff participated in an activity protected under federal law, that is, asserting her rights or filing a discrimination complaint

   *or*

   Plaintiff opposed an unlawful employment practice, that is, failing to provide a space to express her breast milk that complied with federal law; and

2. Defendant then subjected Plaintiff to an adverse employment action; and

3. Defendant took the adverse employment action because of Plaintiff's participation in a protected activity or opposition to an unlawful employment practice.

**Protected Activity – Participation – Defined**

An action is "protected activity" if it was based on Plaintiff's good-faith, reasonable belief that the Defendant discriminated against her because of her sex. Plaintiff had a "good faith" belief if she honestly believed that the Defendant discriminated against her because of her sex.

Protected activities include making a charge of discrimination or retaliation, or testifying, assisting or otherwise participating in any manner in her own charge of discrimination or retaliation, investigation, proceeding, or hearing under Title VII.

Plaintiff had a "reasonable" belief if a reasonable person would, under the circumstances, believe that the City of Tucson discriminated against her because of her sex. Plaintiff does not have to prove that the City of Tucson actually discriminated against her because of her sex. But she must prove that she had a good-faith, reasonable belief that the City of Tucson did so.

**Protected Activity – Opposition (Mistaken but Reasonable Good Faith Belief)**

Plaintiff Carrie Clark's activity in opposing a practice she believed to be unlawful under either Title VII or the FLSA is protected activity even if it is based on a mistaken but reasonable good faith belief that the City of Tucson discriminated against her on the basis of sex and retaliated against her.

In this case, Plaintiff asserts that she opposed a practice she believed unlawful when she repeatedly opposed being assigned to stations that did not have a lactation space, shielded from view and free from intrusion.

**Motivating Factor – Defined**

Plaintiff is not required to prove that her sex was the sole or exclusive motivating factor for the Defendant's decisions or even the primary motivation for the Defendant's decisions. Plaintiff is also not required to prove that all of the Defendant's stated reasons for the decisions were false. Plaintiff must prove that her sex was a motivating factor. That is, Plaintiff's sex was a factor that made a difference in the Defendant's actions and decisions involving Plaintiff's employment.

In determining whether Plaintiff's sex was a "motivating factor" in the Defendant's actions and decisions involving Plaintiff's employment, you may consider any statements made or acts done or admitted by the Defendant, and all other facts and circumstances in evidence indicating state of mind. An improper motive, if it exists, is seldom directly admitted and may or may not be inferred from the existence of other facts.

**Mixed Motive**

You have heard evidence that the Defendant's treatment of Plaintiff may have been motivated by a desire to discriminate against her, and also by other lawful reasons. If you find that discrimination was a motivating factor in the Defendant's employment actions and decisions, as determined by direct or circumstantial evidence, then Plaintiff is entitled to your verdict even if you find that the decision was also motivated by a non-discriminatory reason.

However, if you find that the Defendant was motivated by both discriminatory and non-discriminatory reasons, you must decide whether Plaintiff is entitled to damages. Plaintiff is entitled to damages unless the Defendant proves by a preponderance of evidence that it would have treated Plaintiff the same even if discrimination had played no role in the Defendant's employment actions and decisions.

**Retaliation – Statute Involved (Title VII)**

Plaintiff claims that the Defendant retaliated against her in violation of Title VII. The purpose of Title VII is to protect the rights of individuals to be free from workplace discrimination and harassment based on race, color, religion, sex (including pregnancy, gender identity, and sexual orientation), national origin, age (40 or older), disability or genetic information. The anti-retaliation protection in Title VII provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices or because she has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing governed by Title VII.

**Retaliation – Statue Involved (FLSA)**

Plaintiff claims that the Defendant retaliated against her in violation of the Fair Labor Standards Act (FLSA). The anti-retaliation protection in the FLSA provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices or because she has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing governed by the FLSA.