Michelle R. Saavedra
Renee J. Waters
Principal Assistant City Attorneys for
MICHAEL G. RANKIN
City Attorney
P.O. Box 27210
Tucson, AZ 85726-7210
Michelle.Saavedra@tucsonaz.gov
State Bar No. 25728
Renee.Waters@tucsonaz.gov
State Bar Computer No. 031691
Telephone: (520) 791-4221
Fax: (520) 623-9803
*Attorneys for Defendant City of Tucson*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Carrie Ferrara Clark,<br><br>           Plaintiff,<br>vs.<br><br>City of Tucson,<br><br>           Defendant. | No.  4:14-CV-02543-TUC-CKJ<br><br>**STIPULATION REGARDING WITNESSES AND TESTIMONY**<br><br>(Hon. Cindy Jorgenson) |

The parties, by and through counsel undersigned, hereby stipulate to the following:

**STIPULATION OF FACT[1]**

Mary McDonald, a contract employee who works in Fire Central, encountered Plaintiff in the parking garage underneath Fire Central one day in August, 2014. Ms. McDonald knew Plaintiff and recognized her when Ms. McDonald saw Plaintiff sitting alone in a car, crying and eating her lunch. Ms. McDonald asked Plaintiff whether she was okay. Ms. McDonald does not know or recall why Plaintiff was crying or what, if anything, Plaintiff told her that day.

**STIPULATION REGARDING COMPARATORS[2]**

---

[1] This is a stipulation of fact offered in lieu of live witness testimony and may be read to the jury.

[2] This stipulation is for the benefit of the Court and the parties and may not be read to the jury.

1  The parties have conferred and hereby stipulate that inquiry into the details of the three "comparators" criminal matters are not appropriate. The three comparators are Brad DeCastro, John Valenzuela, and Josue Camarena.

The following details are potentially relevant and the parties agree that testimony limited to the following is appropriate. Messrs. DeCastro and Camarena were both arrested for DUI. As a result, their driving privileges were temporarily revoked. The parties agree that Defendant's actions regarding their employment as a result of the arrest and conviction (if any), are relevant and material. Mr. Valenzuela was arrested. The parties agree that the nature of his arrest, however, is more prejudicial than probative. The parties agree that Defendant's actions regarding Mr. Valenzuela's employment as a result of the arrest is relevant and material. The process by which the three "comparators" were re-assigned is relevant.

The parties further stipulate that the following details are not relevant: the nature of Mr. Valenzuela's arrest(s) and the circumstances underlying Messrs. DeCastro's and Camerena's DUI arrests.

If counsel for either party intends to ask about details not specifically identified here as being relevant, s/he will first address his/her intention to go into those details with opposing counsel and the court and not ask about those details until granted permission to do so.

DATED April 3, 2019.                                    DATED April 3, 2019.

MICHAEL G. RANKIN                                       JACOBSON LAW FIRM
City Attorney

By      s/ Renee J. Waters                              By      s/ Jeffrey H. Jacobson
        Michelle R. Saavedra                                    Jeffrey H. Jacobson
        Renee J. Waters                                         Attorney for Plaintiff
        Principal Assistant City Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECR System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECR registrants:

Jeffrey H. Jacobson
JACOBSON LAW FIRM
2730 East Broadway Blvd., Suite 160
Tucson, AZ 85716
   *Attorney for Plaintiff*

By E. Acosta/bys