**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jhj-law.com
Jeffrey H. Jacobson, SB#019502
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>       Defendant. | Case No.  4:14-CV-02543-TUC-CKJ<br><br>**PLAINTIFF'S PROPOSED FORM OF VERDICT**<br><br>Hon. Cindy K. Jorgenson |

Plaintiff Carrie Ferrara Clark submits the following proposed form of verdict.

**A.**   **Title VII Disparate Treatment**

Has Carrie Clark proved by a preponderance of the evidence that the Defendant, City of Tucson, discriminated against her because of or on the basis of pregnancy, childbirth, or related medical conditions (including breast feeding) when it:

1.     Treated Carrie Clark differently than male employees by failing to use Management Rights when assigning Plaintiff to fire stations between January 1, 2013, and March 26, 2013, that did not have a space which complied with federal law for expressing breast milk.

_____ Yes     _____ No

2.     Required Carrie Clark to meet, at fire department headquarters, with three male managers, who asked her inappropriate questions?

_____ Yes     _____ No

1

3.      Singled out Carrie Clark to perform firefighting drills on May 22, 2014?

_____ Yes      _____ No

4.      Targeted Carrie Clark for excessive inspections by checking the fit of her turnouts on May 29, 2014?

_____ Yes      _____ No

*If your answer to any one of Questions No. 1 through 4 is "YES," proceed to the next questions. If your answer to all of Questions No. 1 through 4 is "NO," do not respond to any other questions in Part A of this verdict form.*

5.      Having found in favor of Carrie Clark as to one or more of her claims against Defendant, we the jury award her the following amount in compensatory damages.

Compensatory damages: $ _____

6.      Having found in favor of Carrie Clark as to one or more of her claims against Defendant, we the jury award her the following amount (if any) in punitive damages.

Punitive damages: $ _____

2

**B.**     <u>**Title VII Retaliation**</u>

1.     Did Carrie Clark engage in a protected activity, that is, asserting her rights or filing a discrimination complaint?

\_\_\_\_\_ Yes          \_\_\_\_\_ No

*If your answer to Question No. 1 is "YES," proceed to Question No. 2. If your answer is "NO," do not respond to any other questions in Part B of this verdict form.*

2.     For each alleged adverse action below, please answer YES or NO:

a.     Did Defendant subject Carrie Clark to an adverse employment action when it disciplined her for her conduct during the March 20, 2013, telephone call with Assistant Chief Fischback, Deputy Chief Rodriguez, and Human Resources Manager JoAnn Acosta?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

b.     Did Defendant subject Carrie Clark to an adverse employment action when it deprived Carrie Clark of 3 hours of vacation time on June 19, 2014?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

c.     Did Defendant subject Carrie Clark to an adverse employment action when it precluded Carrie from a 6:00 a.m. start time while on light duty from June 19, 2014, through August 24, 2014?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

d.     Did Defendant subject Carrie Clark to an adverse employment action when it restricted her to exercising at only headquarters while on light duty from June 19, 2014, through August 24, 2014?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

e.     Did Defendant subject Carrie Clark to an adverse employment action when it required her to obtain a doctor's note on June 19, 2014, in order to exercise while she was on light duty from June 19, 2014, through August 24, 2014?

\_\_\_\_\_ Yes     \_\_\_\_\_ No

3

f.      Did Defendant subject Carrie Clark to an adverse employment action when it gave her an Educational Counseling for her conduct during the May 22, 2014, drill(s)?

_____ Yes   _____ No

g.      Did Defendant subject Carrie Clark to an adverse employment action when it gave her an Educational Counseling for not being in harmony with others on March 24, 2016?

_____ Yes   _____ No

h.      Did Defendant subject Carrie Clark to an adverse employment action when it transferred her involuntarily from Fire Prevention into Operations effective May 1, 2016?

_____ Yes   _____ No

i.      Did Defendant subject Carrie Clark to an adverse employment action when it deprived her of seniority based on the retroactive application of the new Seniority Policy to May 1, 2016?

_____ Yes   _____ No

j.      Did Defendant subject Carrie Clark to an adverse employment action when it deprived her of compensation for being deposed on May 25, 2016, October 27, 2016, January 10, 2017, and June 15, 2017?

_____ Yes   _____ No

k.      Did Defendant subject Carrie Clark to an adverse employment action when it deprived her of Paramedic Specialty Pay for one pay period in the amount of $69.23?

_____ Yes   _____ No

*If your answer to any one of (a) through (k), are is "YES," proceed to Question No. 3. If your answer to all of (a) through (k), are "NO," do not respond to any other questions in Part B of this verdict form.*

3.      Was Carrie Clark subjected to an adverse employment action because of her participation in a protected activity?

_____ Yes   _____ No

4

*If your answer to Question No. 3 is "YES," proceed to the next questions. If your answer is "NO," do not respond to any other questions in Part B of this verdict form.*

4.      Having found in favor of Carrie Clark as to one or more of her claims against Defendant, we the jury award her the following amount in compensatory damages.

Compensatory damages: $ _____

5.      Having found in favor of Carrie Clark as to one or more of her claims against Defendant, we the jury award her the following amount (if any) in punitive damages.

Punitive damages: $ _____

**C.     <u>Fair Labor Standards Act</u>**

Did the Defendant fail to provide Carrie Clark with a place, other than a bathroom, shielded from view and free from intrusion from coworkers and the public, which she could use to express breast milk?

_____ Yes            _____ No

*If your answer is "YES," proceed to the next questions. If your answer is "NO," do not respond to any other questions in Part C of this verdict form.*

Having found in favor of Carrie Clark as to one or more of her claims against Defendant, we the jury award her the following amount in compensatory damages.

Compensatory damages: $ _____

Having found in favor of Carrie Clark as to one or more of her claims against Defendant, we the jury award her the following amount (if any) in punitive damages.

Punitive damages: $ _____

6

**D.** **Fair Labor Standards Act Retaliation**

1.      Did Carrie Clark oppose an unlawful employment practice, that is, Defendant's failure to provide a space to express her breast milk that complied with federal law

_____ Yes            _____ No

*If your answer to Question No. 1 is "YES," proceed to Question No. 2. If your answer is "NO," do not respond to any other questions in Part D of this verdict form.*

2.      For each alleged adverse action below, please answer YES or NO:

a.      Did Defendant subject Carrie Clark to an adverse employment action when it disciplined her for her conduct during the March 20, 2013, telephone call with Assistant Chief Fischback, Deputy Chief Rodriguez, and Human Resources Manager JoAnn Acosta?

_____ Yes    _____ No

b.      Did Defendant subject Carrie Clark to an adverse employment action when it deprived Carrie Clark of 3 hours of vacation time on June 19, 2014?

_____ Yes    _____ No

c.      Did Defendant subject Carrie Clark to an adverse employment action when it precluded Carrie from a 6:00 a.m. start time while on light duty from June 19, 2014, through August 24, 2014?

_____ Yes    _____ No

d.      Did Defendant subject Carrie Clark to an adverse employment action when it restricted her to exercising at only headquarters while on light duty from June 19, 2014, through August 24, 2014?

_____ Yes    _____ No

e.      Did Defendant subject Carrie Clark to an adverse employment action when it required her to obtain a doctor's note on June 19, 2014, in order to exercise while she was on light duty from June 19, 2014, through August 24, 2014?

_____ Yes    _____ No

7

      f.      Did Defendant subject Carrie Clark to an adverse employment action when it gave her an Educational Counseling for her conduct during the May 22, 2014, drill(s)?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

      g.     Did Defendant subject Carrie Clark to an adverse employment action when it gave her an Educational Counseling for not being in harmony with others on March 24, 2016?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

      h.     Did Defendant subject Carrie Clark to an adverse employment action when it transferred her involuntarily from Fire Prevention into Operations effective May 1, 2016?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

      i.      Did Defendant subject Carrie Clark to an adverse employment action when it deprived her of seniority based on the retroactive application of the new Seniority Policy to May 1, 2016?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

      j.      Did Defendant subject Carrie Clark to an adverse employment action when it deprived her of compensation for being deposed on May 25, 2016, October 27, 2016, January 10, 2017, and June 15, 2017?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

      k.     Did Defendant subject Carrie Clark to an adverse employment action when it deprived her of Paramedic Specialty Pay for one pay period in the amount of $69.23?

\_\_\_\_\_ Yes    \_\_\_\_\_ No

*If your answer to any one of (a) through (k), is "YES," proceed to Question No. 3. If your answer to all of (a) through (k), are "NO," do not respond to any other questions in Part D of this verdict form.*

3.      Was Carrie Clark subjected to an adverse employment action because of her participation in a protected activity?

_____ Yes      _____ No

*If your answer to Question No. 3 is "YES," proceed to the next questions. If your answer is "NO," do not respond to any other questions in Part D of this verdict form.*

4.      Having found in favor of Carrie Clark as to one or more of her claims against Defendant, we the jury award her the following amount in compensatory damages.

Compensatory damages: $ _____

5.      Having found in favor of Carrie Clark as to one or more of her claims against Defendant, we the jury award her the following amount (if any) in punitive damages.

Punitive damages: $ _____

DATED this 10th day of April, 2019.

**JACOBSON LAW FIRM**

*s/Jeffrey H. Jacobson*
Jeffrey H. Jacobson
Attorney for Plaintiff

9

1

**CERTIFICATE OF SERVICE**

2

3

4

I hereby certify that on April 10, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6

7

8

9

Michelle Saavedra
Renee Waters
Principal Assistant City Attorneys
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, Arizona 85701
*Attorneys for Defendant*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26