FILED _____ LODGED
RECEIVED _____ COPY

APR 1 2 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9  Carrie Ferrara Clark,                     No. CV-14-02543-TUC-CKJ

10             Plaintiff,                    **ORDER**

11  v.

12  City of Tucson, et al.,

13             Defendant.

14
15
16
17

# PRELIMINARY
# JURY INSTRUCTIONS

18
19
20
21
22
23
24
25
26
27
28

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

1.2

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff asserts that Defendant failed to provide adequate lactation facilities, as required by federal law, for her to express breastmilk for her newborn son. She also asserts that she was discriminated against based on her sex and when she complained about her working conditions, the Defendant retaliated against her. The Plaintiff has the burden of proving these claims.

The Defendant denies it failed to provide adequate facilities and denies discriminating and retaliating against Plaintiff.

1.5 modified

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1.6

Clark v. City of Tucson
CV-14-2543
Page **5** of **30**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

1.9

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)     Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1.10

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1.11

1

2

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

4   such as testimony by a witness about what that witness personally saw or heard or did.

5   Circumstantial evidence is proof of one or more facts from which you could find another

6   fact.  You should consider both kinds of evidence.  The law makes no distinction between

7   the weight to be given to either direct or circumstantial evidence.  It is for you to decide

8   how much weight to give to any evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   1.12

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

1.13

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case, if any;
(5) the witness's bias or prejudice, if any;
(6) whether other evidence contradicted the witness's testimony;
(7) the reasonableness of the witness's testimony in light of all the evidence; and
(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1.14

1

2

3    Under federal law, the term "sex" includes, but is not limited to, pregnancy,

4 childbirth, and medical conditions related to pregnancy and childbirth, such as breast

5 feeding. The law also provides that "women affected by pregnancy, childbirth, or related

6 medical conditions shall be treated the same for all employment-related purposes as other

7 persons not so affected but similar in their ability or inability to work."

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    (non-model)

1

2

3   Employers are required, under Federal law, to provide a place, other than a

4   bathroom, that is shielded from view and free from intrusion from coworkers and the

5   public, which may be used by an employee to express breast milk.

6   To establish a claim under this statute, Plaintiff must prove by a preponderance of

7   the evidence that:

8   a.   Defendant failed to provide Plaintiff with a place, other than a bathroom;

9   b.   that was shielded from view and free from intrusion from coworkers and the

10   public;

11   c.   which Plaintiff could use to express breast milk.

12   Plaintiff claims that Defendant failed to provide her with a place, other than a

13   bathroom, shielded from view and free from intrusion from coworkers and the public which

14   she could use to express her breast milk. Defendant denies Plaintiff's claim(s).

15

16

17

18

19

20

21

22

23

24

25

26

27

28   (non-model)

1

2

3    Plaintiff has brought a claim of employment discrimination against the Defendant.

4 Plaintiff claims that her sex was either the sole reason or a motivating factor for the

5 Defendant's decision to take an adverse employment action against her.

6    Defendant denies that Plaintiff's sex was either the sole reason or a motivating factor

7 for any of its actions and further claims the Defendant's actions were based on lawful

8 reasons.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    10.1

As to the Plaintiff's claim that her sex was the sole reason for the any of the Defendant's adverse employment actions, Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. Plaintiff was subject to an adverse employment action by the Defendant; and
2. the Plaintiff was subjected to an adverse employment action solely because of the Plaintiff's sex.

If you find that the Plaintiff has proved both of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict should be for the Defendant.

10.2

Plaintiff claims that the Defendant retaliated against her in violation of Title VII. The purpose of Title VII is to protect the rights of individuals to be free from workplace discrimination and harassment based on race, color, religion, sex (including pregnancy, gender identity, and sexual orientation), national origin, age (40 or older), disability or genetic information. The anti-retaliation protection in Title VII provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices or because she has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing governed by Title VII.

(non-model)

Plaintiff claims that the Defendant retaliated against her in violation of the Fair Labor Standards Act (FLSA). The anti-retaliation protection in the FLSA provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices or because she has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing governed by the FLSA.

(non-model)

Clark v. City of Tucson
CV-14-2543
Page **17** of **30**

As to Plaintiff's claim that her sex was a motivating factor for Defendant's adverse employment actions, Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. Plaintiff was subject to an adverse employment action by the Defendant; and
2. Plaintiff's sex was a motivating factor in Defendant's adverse employment action against the Plaintiff.

If you find that Plaintiff has failed to prove either of these elements, your verdict should be for Defendant. If the Plaintiff has proved both of these elements, the Plaintiff is entitled to your verdict, even if you find that the Defendant's conduct was also motivated by a lawful reason. If, however, the Defendant proves by a preponderance of the evidence that the Defendant would have made the same decision even if the Plaintiff's sex had played no role in the employment decision, your verdict should be for the Defendant.

10.3

The Plaintiff seeks damages against the Defendant for retaliation. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. The Plaintiff:

   participated in an activity protected under federal law

   *or*

   opposed an unlawful employment practice; and

2. Defendant subjected Plaintiff to an adverse employment action; and

3. Plaintiff was subjected to the adverse employment action because of her participation in a protected activity and/or opposition to an unlawful employment practice.

A Plaintiff is "subjected to an adverse employment action" because of her participation in a protected activity and/or opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that participation and/or opposition.

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.

10.8

In this case, Plaintiff claims that Defendant retaliated against her because she took steps to enforce her lawful rights under the Fair Labor Standards Act (FLSA) which requires Defendant to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which could be used by her to express breast milk.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has participated in an activity protected under federal law, that is asserting rights or making discrimination complaints, or by opposing an unlawful employment practice, that is, failing to provide a space, that complies with federal law, to express her breast milk.

An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for Plaintiff merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

…

…

…

…

…

…

(continued on next page)

To succeed on her claims, Plaintiff must prove each of the following facts by a preponderance of evidence:

1. Plaintiff participated in an activity protected under federal law, that is, asserting her rights or filing a discrimination complaint

   *or*

   Plaintiff opposed an unlawful employment practice, that is, failing to provide a space to express her breast milk that complied with federal law; and

2. Defendant then subjected Plaintiff to an adverse employment action; and

3. Defendant took the adverse employment action because of Plaintiff's participation in a protected activity or opposition to an unlawful employment practice.

(non-model)

An action is "protected activity" if it was based on Plaintiff's good-faith, reasonable belief that the Defendant discriminated against her because of her sex. Plaintiff had a "good faith" belief if she honestly believed that the Defendant discriminated against her because of her sex.

Protected activities include making a charge of discrimination or retaliation, or testifying, assisting or otherwise participating in any manner in her own charge of discrimination or retaliation, investigation, proceeding, or hearing under Title VII.

Plaintiff had a "reasonable" belief if a reasonable person would, under the circumstances, believe that the City of Tucson discriminated against her because of her sex. Plaintiff does not have to prove that the City of Tucson actually discriminated against her because of her sex. But she must prove that she had a good-faith, reasonable belief that the City of Tucson did so.

(non-model)

1

2

3      Plaintiff Carrie Clark's activity in opposing a practice she believed to be unlawful

4   under either Title VII or the FLSA is protected activity even if it is based on a mistaken

5   but reasonable good faith belief that the City of Tucson discriminated against her on the

6   basis of sex and retaliated against her.

7      In this case, Plaintiff asserts that she opposed a practice she believed unlawful when

8   she repeatedly opposed being assigned to stations that did not have a lactation space,

9   shielded from view and free from intrusion.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   (non-model)

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1.15

1

2

3    If there is any news media account or commentary about the case or anything to do

4   with it, you must ignore it.  You must not read, watch or listen to any news media account

5   or commentary about the case or anything to do with it.  The case must be decided by you

6   solely and exclusively on the evidence that will be received in the case and on my

7   instructions as to the law that applies.  If any juror is exposed to any outside information,

8   please notify me immediately.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   1.16

I urge you to pay close attention to the trial testimony as it is given.   During deliberations you will not have a transcript of the trial testimony.

1.17

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

1.18

1
2

Clark v. City of Tucson
CV-14-2543
Page **28** of **30**

3      While it is not customary for a juror to ask a question of a witness, if you wish to do

4    so, put the question in writing and hand it to the clerk.

5      The court and counsel will review your question.  Sometimes, the rules of evidence

6    or other rules of law may prevent some questions from being asked.  Do not be concerned

7    if the question is not asked.

8      Do not discuss your question with anyone, including the clerk.  Remember that you

9    are not to discuss the case with other jurors until it is submitted for your decision.

28    1.19 (modified)

Clark v. City of Tucson
CV-14-2543
Page **29** of **30**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the juryis present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

1.20

Clark v. City of Tucson
CV-14-2543
Page **30** of **30**

Trials proceed in the following way:   First, each side may make an opening statement.   An opening statement is not evidence.   It is simply an outline to help you understand what that party expects the evidence will show.   A party is not required to make an opening statement.

The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine.   Then the Defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1.21