FILED _____ LODGED
RECEIVED _____ COPY

APR 1 2 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Carrie Ferrara Clark,

       Plaintiff,

v.

City of Tucson, et al.,

       Defendant.

No. CV-14-02543-TUC-CKJ

# JURY INSTRUCTIONS

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1.4

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1.6

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

1.9

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1.10

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1.12

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

1.13

The parties have agreed to certain facts that have been read to you. You must therefore treat these facts as having been proved.

2.2

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;
(2)    the witness's memory;
(3)    the witness's manner while testifying;
(4)    the witness's interest in the outcome of the case, if any;
(5)    the witness's bias or prejudice, if any;
(6)    whether other evidence contradicted the witness's testimony;
(7)    the reasonableness of the witness's testimony in light of all the evidence; and
(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.   You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1.14

Under federal law, the term "sex" includes, but is not limited to, pregnancy, childbirth, and medical conditions related to pregnancy and childbirth, such as breast feeding. The law also provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes as other persons not so affected but similar in their ability or inability to work."

(non-model)

Clark v. City of Tucson
CV-14-2543
Page **11** of **32**

Employers are required, under the Fair Labor Standards Act (FLSA), to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.

To establish a claim under this statute, Plaintiff must prove by a preponderance of the evidence that:

    a.  Defendant failed to provide Plaintiff with a place, other than a bathroom;

    b.  that was shielded from view and free from intrusion from coworkers and the public;

    c.  which Plaintiff could use to express breast milk.

Plaintiff claims that Defendant failed to provide her with a place, other than a bathroom, shielded from view and free from intrusion from coworkers and the public which she could use to express her breast milk. Defendant denies Plaintiff's claim(s).

(non-model)

Plaintiff has brought a claim of employment discrimination under Title VII alleging disparate treatment against the Defendant. Plaintiff claims that her sex was the sole reason for the Defendant's decision to take any of the following alleged adverse employment actions against her:

1.  Treating Plaintiff differently than male employees by failing to use Management Rights when assigning Plaintiff to fire stations between January 1, 2013, and March 26, 2013, that did not have a space which complied with federal law for expressing breast milk.
2.  Requiring Plaintiff to meet, at fire department headquarters, with three male managers who asked Plaintiff inappropriate questions on November 13, 2012.
3.  Singling out Plaintiff to perform firefighting drills on May 22, 2014.
4.  Targeting Plaintiff for excessive inspections by checking the fit of her turnouts on May 29, 2014.

Defendant denies that Plaintiff's sex was the sole reason for all of its actions above and further claims the Defendant's actions were based on lawful reasons.

10.1 (modified)

For purposes of Plaintiff's Title VII disparate treatment claim, an action is an adverse employment action if it materially affects the compensation, terms, conditions, or privileges of employment.

10.11

Plaintiff has brought a claim under Title VII for disparate treatment. As to the Plaintiff's claim that her sex was the sole reason for any of the Defendant's adverse employment actions, Plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.  Plaintiff was subject to an adverse employment action by the Defendant; and
2.  the Plaintiff was subjected to an adverse employment action solely because of the Plaintiff's sex.

If you find that the Plaintiff has proved both of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove either of these elements, your verdict should be for the Defendant.

10.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Clark v. City of Tucson
CV-14-2543
Page **15** of **32**

Plaintiff claims that the Defendant retaliated against her in violation of Title VII. The purpose of Title VII is to protect the rights of individuals to be free from workplace discrimination and harassment based on race, color, religion, sex (including pregnancy, gender identity, and sexual orientation), national origin, age (40 or older), disability or genetic information. The anti-retaliation protection in Title VII provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices or because she has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing governed by Title VII.

(non-model)

The Plaintiff seeks damages against the Defendant for retaliation under Title VII. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

    a. The Plaintiff participated in an activity protected under federal law, that is, asserting her rights or filing a discrimination complaint; and

    b. Defendant subjected Plaintiff to an adverse employment action, that is, any of the following:

        1. Disciplined Plaintiff for her conduct during the March 20, 2013, telephone call with Assistant Chief Fischback, Deputy Chief Rodriguez, and Human Resources Manager JoAnn Acosta.

        2. Deprived Plaintiff of 3 hours of vacation time on June 19, 2014

        3. Precluded Plaintiff from 6:00 a.m. start time while on light duty from June 19, 2014, through August 24, 2014.

        4. Restricted Plaintiff to exercising at only headquarters while on light duty from June 19, 2014, through August 24, 2014.

        5. Required Plaintiff to obtain a doctor's note on June 19, 2014, in order to exercise while she was on light duty from June 19, 2014, through August 24, 2014.

        6. Gave Plaintiff an Educational Counseling for her conduct during the May 22, 2014, drill(s).

        7. Gave Plaintiff an Educational Counseling for not being in harmony with others on March 24, 2016.

        8. Transferred Plaintiff involuntarily from Fire Prevention to Operations effective May 1, 2016.

9. Deprived Plaintiff of seniority based on the retroactive application of the new Seniority Policy to May 1, 2016.

10. Deprived Plaintiff of compensation for being deposed on May 25, 2016, October 27, 2016, January 10, 2017, and June 15, 2017.

11. Deprived Plaintiff of Paramedic Specialty Pay for one pay period ending on July 9, 2016 in the amount of $69.23, and

c. Plaintiff was subjected to the adverse employment action because of her participation in a protected activity.

A Plaintiff is "subjected to an adverse employment action" because of her participation in a protected if the adverse employment action would not have occurred but for that participation.

If you find that the Plaintiff proved any of the 11 actions listed in element b above were adverse employment actions, you must find that Plaintiff proved element b. If, on the other hand, Plaintiff has failed to prove that any of the 11 employment actions under element b above were adverse, then you must find that Plaintiff did not prove element b.

If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.

10.8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff claims that the Defendant retaliated against her in violation of the Fair Labor Standards Act (FLSA). The anti-retaliation protection in the FLSA provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices or because she has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing governed by the FLSA.

(non-model)

In this case, Plaintiff claims that Defendant retaliated against her because she took steps to enforce her lawful rights under the Fair Labor Standards Act (FLSA) which requires Defendant to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which could be used by her to express breast milk.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has participated in an activity protected under federal law, that is asserting rights or making discrimination complaints, or by opposing an unlawful employment practice, that is, failing to provide a space, that complies with federal law, to express her breast milk.

An employee may make a discrimination complaint as a means to enforce what she believed in good faith to be her lawful rights. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights. To establish "good faith," however, it is insufficient for Plaintiff merely to allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

(non-model)

In this case, Plaintiff claims that Defendant retaliated against her because she took steps to enforce her lawful rights under the Fair Labor Standards Act (FLSA) which requires Defendant to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which could be used by her to express breast milk.

Plaintiff claims that Defendant retaliated against her when it took any of the following adverse employment actions:

1.    Disciplined Plaintiff for her conduct during the March 20, 2013, telephone call with Assistant Chief Fischback, Deputy Chief Rodriguez, and Human Resources Manager JoAnn Acosta.

2.    Deprived Plaintiff of 3 hours of vacation time on June 19, 2014

3.    Precluded Plaintiff from 6:00 a.m. start time while on light duty from June 19, 2014, through August 24, 2014.

4.    Restricted Plaintiff to exercising at only headquarters while on light duty from June 19, 2014, through August 24, 2014.

5.    Required Plaintiff to obtain a doctor's note on June 19, 2014, in order to exercise while she was on light duty from June 19, 2014, through August 24, 2014.

6.    Gave Plaintiff an Educational Counseling for her conduct during the May 22, 2014, drills.

7.    Gave Plaintiff an Educational Counseling for not being in harmony with others on March 24, 2016.

8.    Transferred Plaintiff involuntarily from Fire Prevention to Operations effective May 1, 2016.

9.     Deprived Plaintiff of seniority based on retroactive application of new Seniority Policy to May 1, 2016.

10.    Deprived Plaintiff of compensation for being deposed on May 25, 2016, October 27, 2016, January 10, 2017, and June 15, 2017.

11.    Deprived Plaintiff of Paramedic Specialty Pay for one pay period ending on July 9, 2016 in the amount of $69.23, and

Defendant denies Plaintiff's claims.

To succeed on her claim for retaliation under the FLSA, Plaintiff must prove each of the following elements by a preponderance of evidence:

1.    Plaintiff opposed an unlawful employment practice, that is, Defendant's failure to provide a space to express her breast milk that complied with federal law; and

2.    Defendant then subjected Plaintiff to an adverse employment action; and

3.    Defendant took the adverse employment action because of Plaintiff's opposition to an unlawful employment practice.

A Plaintiff is "subjected to an adverse employment action" because of her opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that opposition.

If you find that the Plaintiff proved any of the 11 employment actions listed above were adverse employment actions, you must find that Plaintiff proved element 2. If, on the other, Plaintiff has failed to prove any of the adverse employment actions above, then you

must find that Plaintiff did not prove element 2.

  If you find that the Plaintiff has proved all three of these elements, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any of these elements, your verdict should be for the Defendant.

(non-model)

An action is "protected activity" if the activity was based on Plaintiff's good-faith, reasonable belief that the Defendant discriminated against her because of her sex. Plaintiff had a "good faith" belief if she honestly believed that the Defendant discriminated against her because of her sex.

In this case, Plaintiff asserts that she participated in the following protected activities:

a.  Reported the lack of proper lactation space to the Defendant's Office of Equal Opportunity Programs on January 7, 2013.

a.  Filed a written charge of discrimination on July 31, 2013, with the Arizona Attorney General's Office, Civil Rights Division.

Plaintiff had a "reasonable" belief if a reasonable person would, under the circumstances, believe that the City of Tucson discriminated against her because of her sex. Plaintiff does not have to prove that the City of Tucson actually discriminated against her because of her sex for her report and written charge of discrimination to constitute a "protected activity."   Even if Plaintiff's belief was mistaken but reasonable, Plaintiff's activity in opposing the discrimination or retaliation is a protected activity. But she must prove that she had a good-faith, reasonable belief that the City of Tucson did so.

(non-model)

For purposes of Plaintiff's retaliation claims under Title VII and the FLSA, an action is an "adverse employment action" if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

10.10

1

2

3

4        Some of you have taken notes during the trial. Whether or not you took notes, you

5   should rely on your own memory of what was said. Notes are only to assist your memory.

6   You should not be overly influenced by your notes or those of your fellow jurors.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   CR 7.3

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

2.14

Clark v. City of Tucson
CV-14-2543
Page **27** of **32**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

1.  The nature and extent of the injuries;

2.  The reasonable value of lost benefits up to the present time; and

3.  The mental, physical, and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

5.1/5.2 modified

Clark v. City of Tucson
CV-14-2543
Page **28** of **32**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

3.1

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

…

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

3.2

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

3.3

Verdict forms have been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict forms according to your deliberations, sign and date them, and advise the clerk that you are ready to return to the courtroom.

3.5