**JACOBSON LAW FIRM**
2730 EAST BROADWAY BLVD., SUITE 160
TUCSON, ARIZONA 85716
TELEPHONE (520) 885-2518
FACSIMILE (520) 844-1011
jeff@jacobsonlawfirm.net
Jeffrey H. Jacobson, SB#019502
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARRIE FERRARA CLARK,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF TUCSON,<br><br>Defendant. | Case No.  4:14-CV-02543-TUC-CKJ<br><br>**CITATION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S ALTERNATIVE MOTION FOR JUDGMENT AS A MATTER OF LAW (RENEWED), NEW TRIAL, OR REMITTITUR [DOC. 304]**<br><br>Hon. Cindy K. Jorgenson |

Plaintiff, through counsel, cites the following Ninth Circuit decision published *after* Plaintiff filed her Opposition to Defendant's Alternative Motion for Judgment as a Matter of Law (Renewed), New Trial, or Remittitur [Doc. 304] on August 28, 2019. *Kaffaga v. Estate of Thomas Steinbeck*, 2019 U.S. App. LEXIS 27106, ___F.3d___ (9th Cir. September 9, 2019) is squarely on point with:

    1.    Defendant's argument the jury's verdicts for Plaintiff's Title VII retaliation and FLSA retaliation claims are duplicative. See [Doc. 281] at p. 30-31 (Section II(C)(3)); and

    2.    Plaintiff's response that the verdicts are based on separate facts, and the jury instructions are not duplicative. See [Doc. 304] at p. 32 ln. 14 – p. 35 ln. 4 (Section III(A)).

The following portions of the Ninth Circuit's holding in Kaffaga are relevant and material:

1

> We must avoid reversing a jury verdict for lack of evidence or alleged double recovery if the verdict is capable of a "correct interpretation" that is not illegal, and if the verdict is not "hopelessly ambiguous." *Roby v. McKesson Corp.*, 47 Cal.4th 686, 101 Cal.Rptr.3d 773, 219 P.3d 749, 760 (2009), *modified*, (Feb. 10, 2010); *Flores v. City of Westminster*, 873 F.3d 739, 751–52 (9th Cir. 2017), *cert. denied sub nom. Hall v. Flores*, ––– U.S. ––––, 138 S. Ct. 1551, 200 L.Ed.2d 742 (2018).

*Id*. at p. 14.

> We affirm the jury's compensatory damages award on all causes of action in the clearly written and fully answered special verdict form because they are supported by substantial evidence. *See In re Exxon Valdez*, 270 F.3d at 1247–48. The evidence of damages attributed by the jury to each cause of action was sufficiently separate and non-duplicative under California law. *Roby*, 101 Cal.Rptr.3d 773, 219 P.3d at 760; *see also Flores*, 873 F.3d at 752 (holding there was not impermissible double recovery from multiple defendants and affirming the jury verdict where substantial evidence permitted "a correct interpretation" of the jury's verdict that avoided finding double recovery). And we presume that the jury followed the district court's thorough and clear instructions to avoid double recovery. *See United States v. Johnson*, 767 F.3d 815, 824 (9th Cir. 2014).
>
> Defendants point to circumstantial evidence that the verdict is reversible as double recovery under *Khoury v. Maly's of Cal., Inc. See* 14 Cal.App.4th 612, 17 Cal. Rptr. 2d 708, 712 (1993) (rejecting tortious interference and breach of contract as separate causes of action that would lead to double recovery for the same harm). It is true that because the district court granted summary judgment on Plaintiff's breach of contract and slander of title causes of action here, the jury was only asked specific factual questions about tortious interference and reached $2.65 million in total tortious interference damages. The special verdict form then asked more generally about damages for breach and slander because the court had granted summary judgment on those claims. **The jury answered by giving identical sums of $1.3 million to each. The fact that the jury gave $1.3 million for both slander and breach and, when combined, now nearly equal the $2.65 million awarded for tortious interference is indeed suspicious.**
>
> **But suspicion of double recovery is not enough to reverse a jury's verdict, and this case is distinguishable from *Khoury*.** *See id.* at 711 ("*sole alleged* [tortious] conduct of [the defendant] was the breach of contract" (emphasis added)); *see also Walker v. Signal Cos., Inc.*, 84 Cal.App.3d 982, 149 Cal. Rptr. 119, 125 (1978) (impermissible double recovery where *no separate evidence* supported distinct awards for damages in contract and tort). As an

2

initial matter, *Khoury* was at the motion to dismiss stage; it did not overturn a jury verdict. Moreover, Kaffaga presented evidence of tactics or actions that violated the 1983 Agreement that were not independently tortious, like Gail's attempting to negotiate separately for her own piece of option deals. And the jury heard evidence of Defendants' separate, tortious conduct such as lying, meddling, slandering, and threatening litigation to harm Kaffaga and Elaine's estate. *Cf. Roby*, 101 Cal.Rptr.3d 773, 219 P.3d at 759–60 (new trial required because even the plaintiff's proposed approach to interpreting the verdict so as to avoid double recovery created "an inconsistency" in the amounts actually awarded, and the plaintiff admitted there was "no *evidence* of an act of discrimination that [wa]s separate from her failure-to-accommodate and wrongful-termination claims").

The district court here carefully cited the facts it believed supported breach of contract "and/or" slander of title to the jury, such as Gail's statements (1) to the Executive Vice President of Business Affairs at DreamWorks that he "should read this attachment very carefully before you decide to make a deal with the Scott family alone" because "the two-thirds owners of that copyright want to make a deal with you" and "give you the chain of title you need"; (2) that the adaptation of *The Pearl* is one of "a few current projects for which we control the underlying rights"; and (3) to a third party concerning an *East of Eden* movie deal that Kaffaga's agent did not represent Gail and Thom "on a copyright termination because it created a brand new set of rights," that someone at the studio needed to call her in relation to "who is out there marketing the brand and 'new set of rights' because somebody could get in trouble," and she and Thom "don't want that to happen."

Therefore, the record contains substantial evidence to support the awards on each cause of action independently, especially giving deference to the jury's verdict. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 955 (9th Cir. 2011); *see also Tavaglione v. Billings*, 4 Cal.4th 1150, 17 Cal.Rptr.2d 608, 847 P.2d 574, 580 (1993) (in bank) ("[W]here separate items of compensable damage are shown by distinct and independent evidence, the plaintiff is entitled to recover the entire amount of his damages, whether that amount is expressed by the jury in a single verdict or multiple verdicts referring to different claims or legal theories.")

*Id*. at p. 16-19 (emphasis added.)

                          DATED this 17th day of September, 2019.

                                          **JACOBSON LAW FIRM**
                                          *s/Jeffrey H. Jacobson*
                                          Jeffrey H. Jacobson
                                          Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michelle Saavedra
Renee Waters
Principal Assistant City Attorneys
Office of the City Attorney, Civil Division
255 West Alameda, 7th Floor
Tucson, Arizona 85701
*Attorneys for Defendant*

Ali J. Farhang
Roberto C. Garcia
Farhang & Medcoff
4801 E. Broadway Boulevard, Suite 311
Tucson, Arizona 85711
*Attorneys for Defendant*