**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie Ferrara Clark,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>City of Tucson,<br><br>　　　　　Defendant. | No. CV-14-02543-TUC-CKJ<br><br>**ORDER** |

Before the Court are Plaintiff's Motion for Amended Judgment (Doc. 332) and Plaintiff's Motion to Vacate Order filed February 26, 2020 (Doc. 323) (Doc. 339). For the reasons that follow, Plaintiff's motions are denied. This case remains closed.

## PROCEDURAL HISTORY

On April 12, 2019, a jury found in favor of Plaintiff Carrie Clark on all four of her claims against Defendant City of Tucson and awarded her $3,800,000 in damages. (Doc. 234) Six days later, the Clerk of Court entered Judgment in a Civil Case. (Doc. 242) The Judgment stated, in part:

> **IT IS ORDERED AND ADJUDGED**, pursuant to the jury verdict on April 12, 2019, judgment is entered in favor of the plaintiff and against the defendant. The plaintiff is awarded $3,800,000.00. This case is now closed.

*Id.*

On July 2, 2019, after filing two stipulated motions for extensions of time, both of which were granted, Defendant filed an alternative renewed motion for judgment as a matter of law, new trial, or remittitur under Federal Rules of Civil Procedure 50(b) and 59(e). (Doc. 281)

On February 26, 2020, the Court granted in part and denied in part Defendant's alternative motion. (Doc. 323) In its Order, the Court ruled that Defendant was entitled to judgment as a matter of law on two of Plaintiff's claims. *Id.* at 23-25. The Court also determined that the jury's damages award on the remaining claims was duplicative and excessive and should be reduced. *Id.* at 31-35. As such, the Court ordered a remittitur,[1] giving Plaintiff the option of accepting a reduced award or retrying the damages portion of her surviving claims. *Id.* at 33-34.

On March 23, 2020, Plaintiff accepted the Court's remittitur and chose to forego a new trial on her remaining claims by accepting a reduced award. (Doc. 327) The following month, the parties filed a stipulation for entry of award of attorneys' fees and non-taxable costs. (Doc. 330) On April 21, 2020, the Court issued an Order granting the stipulation. (Doc. 331) The Order stated, in part:

> IT IS ORDERED granting the parties' Stipulation and awarding Plaintiff Carrie Ferrara Clark her reasonable attorneys' fees incurred in this matter in the amount of $265,000.00, and non-taxable costs in the amount of $18,026.30. IT IS FURTHER ORDERED that, pursuant to LRCiv 58.1(b) and 28 U.S.C. § 1961(a), interest shall accrue from the date of entry of this Order at the federal rate of .21 % on all amounts included in this Order.

*Id.*

On May 8, 2020, Plaintiff filed her Motion for Amended Judgment requesting that the Court amend the Judgment entered on April 18, 2019. (Doc. 332) On May 12, 2020, Defendant filed its Response to Plaintiff's Motion for Amended Judgment (Doc. 333); and on May 15, 2020, Plaintiff filed her Reply in Support of Motion for Amended Judgment

---

[1] An order awarding a new trial, or a damages amount lower than that awarded by the jury, and requiring the plaintiff to choose between those alternatives, *Black's Law Dictionary* (4th Pocket ed. 2011).

(Doc. 334).

On June 26, 2020, Plaintiff filed her Motion to Vacate Order filed February 26, 2020 (Doc. 323). (Doc. 339)  On June 30, 2020, Defendant filed its Response to Plaintiff's Motion to Vacate Order Filed February 26, 2020 (Doc. 323) (Doc. 340); and on July 13, 2020, Plaintiff filed her Reply to Response to Motion to Vacate Order Filed February 26, 2020 (Doc. 323) (Doc. 343).  This Order follows.

I.      **Plaintiff's Motion for Amended Judgment**

Plaintiff brings her motion for amended judgment, under Federal Rules of Civil Procedure 58(a) and 59(e) and LRCiv 58.1, asking the Court amend its April 18, 2019 Judgment to reflect: (i) the Court's Order on Defendant's alternative motion for renewed judgment as a matter of law, new trial, or remittitur; (ii) Plaintiff's subsequent acceptance of remittitur; (iii) the applicable interest rate and date from which interest should accrue on the reduced award; and (iv) the Court's Order granting the parties' stipulation for entry of award of attorneys' fees and non-taxable costs. (Doc. 332)  Notably, Plaintiff's motion is four sentences long, lacks any supporting arguments, and fails to include any citation to circuit authority.[2]  *Id*.  In response to Plaintiff's motion, Defendant argues that the motion is unnecessary, has the potential to reopen the time for appeal, and is untimely.  (Doc. 333 at 2)

Before addressing the merits of Plaintiff's motion, the Court notes that the motion is untimely.  The Federal Rules of Civil Procedure instruct that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment," Fed. R. Civ. P. 59(e), and that "[a] court must not extend the time to act under Rule[59(e)]." Fed. R. Civ. P. 6(b)(2).

Judgment in this case was entered on April 18, 2019.  Plaintiff filed her motion on May 8, 2020, approximately 357 days after the deadline to file a motion to amend

---

[2] Courts have refused to entertain issues that were not raised in an opening brief, discussed only in footnotes, or argued without citation to authority. *See Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983); *United States v. Ford Motor Co.*, 463 F.3d 1267, 1276-77 (Fed. Cir. 2006); *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998).

judgment. (Doc. 334) Only in her reply does Plaintiff offer the unsupported assertion that the Court failed to issue a final judgment in this case, and that if a final judgment were issued, it would have been the Court's April 21, 2020 Order accepting the parties' stipulation for entry of attorney's fees and costs. *Id.* at 3. Moreover, Plaintiff's timeliness argument is only offered in the context of whether she filed a timely notice of appeal. *Id.* at 4-5. That ancillary issue is not before the Court. Notwithstanding Plaintiff's assertion to the contrary, the Court finds that even if Plaintiff's motion was timely, it fails to raise grounds upon which a motion to amend judgment may be granted.

In *Turner v. Burlington Northern Santa Fe Railroad Co.*, the U.S. Court of Appeals for the Ninth Circuit observed that "[a] district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." 338 F.3d 1058, 1063 (9th Cir. 2003). The court also included the grounds upon which a motion to amend judgment may be granted. *Id.* It observed that the motion must be "necessary to correct manifest errors of law or fact upon which the judgment is based;" the movant must present "newly discovered or previously unavailable evidence;" the motion must be necessary to "prevent manifest injustice;" or there must be an "intervening change in controlling law." *Id.*

Plaintiff's motion fails to raise any of the aforementioned grounds for relief and her requests are either unnecessary or stand in contravention to the Federal Rules.

Federal Rule 58 instructs that:

> Every judgment and amended judgment must be set out in a separate document, *but a separate document is not required for an order disposing of a motion*: (1) for judgment under Rule 50(b); (2) to amend or make additional findings under Rule 52(b); (3) for attorney's fees under Rule 54; (4) for a new trial, or to alter or amend the judgment, under Rule 59; or (5) for relief under Rule 60.

Fed. R. Civ. P. 58(a) (emphasis added).

Plaintiff's request for an amended judgment which reflects the Court's Order on Defendant's alternative motion for judgment as a matter of law, new trial, or remittitur falls under the first and fourth exceptions to Rule 58. Plaintiff's request for an amended

- 4 -

judgment which reflects Plaintiff's acceptance of remittitur is unnecessary and duplicative of Plaintiff's Notice of Remittitur Acceptance, entered on March 23, 2020. *See* Doc. 327. Plaintiff's request for an amended judgment which includes the applicable interest rate and accrual date of the reduced award falls under the fifth exception to Rule 58. And her final request for an amended judgment which reflects the Court's Order granting the parties' stipulation for entry of award of attorneys' fees and non-taxable costs not only falls under the third exception to Rule 58, it is also duplicative of the enforceable Order the Court already issued on the matter. *See* Doc. 331. Accordingly, Plaintiff's motion for amended judgment is denied.

To the extent that Plaintiff's request for the applicable interest rate and accrual date of her reduced award is disputed,[3] the Court outlines that information here.

In *Barnard v. Theobald*, the Ninth Circuit addressed a similar issue concerning the appropriate interest rate and accrual date of a remitted award. 649 F. App'x 414 (9th Cir. 2016). The court concluded, in pertinent part:

> The federal interest rate to be utilized in determining post-judgment interest is the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] *the date of the judgment.* [*Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) ] and § 1961 explain how to determine the accrual date of post-judgment interest in the first instance. *Kaiser Aluminum* stands for the proposition that 28 U.S.C. § 1961 requires that postjudgment interest be calculated from a judgment in which damages are sufficiently ascertained. Further, we must consider whether equitable principles favor calculating the interest in a manner that more fully compensates the prevailing party.

*Id.* at 416 (alterations in original) (quotation marks and citations omitted).

The Court finds the reasoning in *Barnard* persuasive and determines that the appropriate interest rate and date from which interest accrued, calculated in a manner that

---

[3] Plaintiff includes a footnote in her Reply in Support of Motion for Amended Judgment which states: "Plaintiff notes that Defendant has issued checks to satisfy the corpus of the judgment, though it is still unclear as to what interest rate should accrue on the remitted amount, and when interest begins to accrue on both the remitted award and the stipulated amount of attorneys' fees." (Doc. 334 at 3)

fully compensates Plaintiff, is 1.48%[4] calculated from February 26, 2020, the date on which an Order was issued outlining justification for the reduced award.[5] *See* Doc. 323. To the extent the parties need further clarification on this portion of the Order, they are free to file an appropriate inquiry with the Court.

**II.     Plaintiff's Motion to Vacate Order**

Plaintiff brings her motion to vacate order under Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6) arguing that the Court should vacate its February 26, 2020 Order, which granted in part and denied in part Defendant's alternative motion for judgment as a matter of law, new trial, or remittitur because Defendant's motion was untimely. (Doc. 339) In support of her untimeliness argument, Plaintiff asserts that the Court lacked jurisdiction over Defendant's motion since the motion was filed more than 28 days after judgement was entered. *Id*. at 3-7.

In response, Defendant argues that the Court retained jurisdiction to enter its February 20, 2020 Order, as Plaintiff forfeited any timeliness objection under the Federal Rules by stipulating to both of Defendant's requests for additional time to file post-trial motions. *Id*. at 4-6. Defendant raises other, less persuasive arguments, to defeat Plaintiff's motion to vacate order, but since its forfeiture argument is dispositive of the issue, the Court declines to address them.

The issue for the Court to decide is whether a timeliness objection to a renewed motion for judgment as a matter of law can be forfeited.[6] The Court finds it can and denies

---

[4] Post Judgment Interest Rates, https://www.azd.uscourts.gov/efiling/post-judgment-interest-rates (last visited Mar. 25, 2021).

[5] *See Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 836 (1990) ("Where the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment.").

[6] *See Kontrick v. Ryan*, 540 U.S. 443, 458 (2004) (emphasis added) (quotation marks omitted) ("Although jurists often use the words interchangeably, forfeiture is the failure to make the timely assertion of a right[;] waiver is the intentional relinquishment or

- 6 -

Plaintiff's motion to vacate its February 20, 2020 Order.

Federal Rule of Civil Procedure 50 states, in part:

*No later than 28 days after the entry of judgment* . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law.

Fed. R. Civ. P. 50(b) (emphasis added). Additionally, Federal Rule of Civil Procedure 6 instructs that "[a] court *must not extend the time to act* under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b) (emphasis added).

In interpreting these time limitations, the Ninth Circuit has reiterated that "time constraints arising only from Court-prescribed, albeit congressionally authorized, procedural rules are not jurisdictional." *United States v. Sadler*, 480 F.3d 932, 938 (9th Cir. 2007) (citing *Kontrick v. Ryan*, 540 U.S. 443, 453 (2004)). Building off its endorsement that procedural rules are not jurisdictional, the court also declared that "[b]ecause Rule 50(b)'s . . . filing deadline is a non-jurisdictional claim-processing rule, it can be waived or forfeited." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1141 (9th Cir. 2009). In the same decision, the Ninth Circuit also concluded that the time constraints outlined in Rule 6(b) are non-jurisdictional and subject to forfeiture. *Id.* at 1143. Finally, in an unpublished decision, whose reasoning the Court finds persuasive, the court determined that since it held "that Rule 6(b), the rule governing time limits for Rule 59(e) motions, is a claim-processing rule subject to forfeiture" that the defendants forfeited their untimeliness argument because they failed to raise the argument until after the district court had considered the merits of a Rule 59(e) motion. *Am. Indep. Mines and Minerals Co. v. U.S. Dep't of Agric.*, 494 F. App'x 724, 726 (9th Cir. 2012).

Plaintiff waited until June 26, 2020, to bring her timeliness objection to Defendant's

---

abandonment of a known right.").

- 7 -

alternative renewed motion for judgment as a matter of law, new trial, or remittitur. Plaintiff also stipulated to both of Defendant's requests for additional time to file its alternative motion. *See* Docs. 264, 271. Plaintiff's timeliness objection to Defendant's alternative motion, raised 414 days too late,[7] has been forfeited. None of the outdated or out-of-circuit decisions Plaintiff includes in her motion persuade the Court otherwise. Accordingly, Plaintiff's motion to vacate order is denied.

**IT IS ORDERED:**

1. Plaintiff's Motion for Amended Judgment (Doc. 332) is DENIED.

2. Plaintiff's Motion to Vacate Order filed February 26, 2020 (Doc. 323) (Doc. 339) is DENIED.

3. This case remains CLOSED.

Dated this 30th day of March, 2021.

_____
Honorable Cindy K. Jorgenson
United States District Judge

---

[7] Judgment was entered on April 18, 2019. (Doc. 242) The parties filed their second Joint Motion to Extend Time to File Post-Trial Motions on May 9, 2019. (Doc. 264) For the purpose of this Order, the Court omits inclusion of Defendant's Motion to Extend Time to File Post-Trial Motions (Doc. 236), as the motion was submitted prior to entry of Judgment.